# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| KELLIE CARDER, et al. individually, and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>   v.<br><br>GRACO CHILDREN'S PRODUCTS, INC. and NEWELL BRANDS DTC, INC.,<br><br><br>       Defendants. | Civil Action File No.:<br>2:20-CV-00137-LMM |
| JENNIFER MURPHY, individually, and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>   v.<br><br><br>GRACO CHILDREN'S PRODUCTS, INC. and NEWELL BRANDS DTC, INC.,<br>       Defendants. | Civil Action File No.:<br>1:20-cv-03030-LMM |
| ELIZABETH DAVIS-BERG, individually, and on behalf of all others similarly situated,<br><br>       Plaintiff,<br><br>   v.<br><br><br>GRACO CHILDREN'S PRODUCTS, INC. and NEWELL BRANDS DTC, INC.,<br>       Defendants. | Civil Action File No.:<br>1:20-cv-03095-LMM |

| | |
|---|---|
| REJENNA CHAVEZ, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GRACO CHILDREN'S PRODUCTS, INC. and NEWELL BRANDS DTC, INC.,<br><br>Defendants. | Civil Action File No.:<br>1:20-cv-03302-LMM |
| CHERYL VARLARO, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>GRACO CHILDREN'S PRODUCTS, INC. and NEWELL BRANDS DTC, INC.,<br><br>Defendants. | Civil Action File No.:<br>1:20-cv-03482-LMM |

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO CONSOLIDATE CASES

David J. Worley
James M. Evangelista
**EVANGELISTA WORLEY, LLC**
500 Sugar Mill Road
Suite 245A
Atlanta, GA 30350
Tel: (404) 205-8400
david@ewlawllc.com
jim@ewlawllc.com

ii

*[Additional Counsel Listed On Signature Page]*

**Counsel for Plaintiffs**

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ………………………..………………….. 1

II.   LEGAL STANDARD…………………………..………………..4

III.  ARGUMENT SUPPORTING CONSOLIDATION……………..5

    A. These Consumer Cases Involve Common Questions of Law
       or Fact ………………………………………….…….…….…5

    B. Consumer Cases Alleged to Arise From the Same Underlying
       Fraudulent Misrepresentations and Breach of Warranty
       Routinely Have Been Consolidated……………..………….6

    C. Any Risk of Prejudice Is Outweighed by The Benefits
       of Judicial Efficiency and Economy…….………………….7

IV.   CONCLUSION……………………………………………..……9

# <u>TABLE OF AUTHORITIES</u>

**<u>Cases</u>**                                                                                    **<u>Page</u>**

*Ahern v. Gaussoin*,
    611 F. Supp. 1465 (D. Or. 1985) …………….……………........……..8

*Arnold v. E. Air Lines, Inc.*,
    681 F.2d 186 (4th Cir. 1982) .………………….……………........…4, 7

*Bennett v. Ocwen Loan Servicing LLC*,
    2016 WL 4267629 (N.D. Ga. June 13, 2016) ……..……….......................4

*Campbell v. Hall*,
    408CV257, 2009 WL 1009854 (S.D. Ga. Apr. 13, 2009) …….…..................4

*Colbert v. F.B.I.*,
    275 F.R.D. 30 (D.D.C. 2011) .………………….……………...............6

*Hendrix v. Raybestos-Manhattan, Inc.*,
    776 F.2d 1492 (11th Cir. 1985)…………………………….…………4, 5, 7

*Phelps v. Tyner*,
    Nos. 07–cv–0289–MJR, 07–cv–0290–MJR, 07–cv–0307–MJR, 2010 WL
    749883 (S.D. Ill. Feb. 25, 2010).…………………………………….......6

*Sec. Investor Protection Corp. v. Poirier*,
    653 F. Supp. 63 (D. Or. 1986)..………………………………....…...8

*United States v. Lloyd*,
    49 F.R.D. 200 (N.D. Tex. 1970).…………………………………......5

*Young v. City of Augusta, Ga. Through DeVaney,*
   59 F.3d 1160 (11th Cir. 1995) ………………….……..……….......4

## **Statutes**

Fed.R. Civ. P. 42(a)…………………………………...……….…………1, 4

Plaintiffs in the above-styled actions, *Kellie Carder v. Graco Children's Products, Inc. and Newell Brands DTC, Inc.,* Civil Action No. 2:20-cv-00137-LMM ("*Carder*")*, Jennifer Murphy v. Graco Children's Products, Inc. and Newell Brands DTC, Inc.,* Civil Action No. 1:20-cv-03030-LMM ("*Murphy*"), *Elizabeth Davis-Berg v. Graco Children's Products, Inc. and Newell Brands DTC, Inc.,* Civil Action No. 1:20-cv-03095-LMM ("*Davis-Berg*"), *Rejenna Chavez v. Graco Children's Products, Inc. and Newell Brands DTC, Inc.,* Civil Action No. 1:20-cv-03302-LMM ("*Chavez*") and *Cheryl Varlaro v. Graco Children's Products, Inc. and Newell Brands DTC, Inc.,* Civil Action No. 1:20-cv-03482-LMM ("Varlaro"), (also referred to as the "Actions") hereby jointly move under Fed. R. Civ. P. 42(a)(2) to consolidate these cases and in support, show this Court as follows:

## I.   <u>INTRODUCTION</u>

Each of the above-captioned Actions arises out of a deceptive marketing campaign by Graco Children's Products, Inc. and Newell Brands DTC, Inc. (collectively, "Defendants" or "Graco") for Graco's TurboBooster Highback Car Seat and Graco's AFFIX Youth Booster Seat (together "Booster Seats"). The Actions allege that Graco marketed the Booster Seats as safe for children who weigh

as little as 30 pounds, and as providing substantial side-impact safety in accordance with claimed "rigorous" side-impact testing.  Both claims are false and materially misleading.

First, as all the Actions allege, Graco has known since as early as 2002 that the Booster Seats are not safe for any child weighing less than 40 pounds.  Canada has not allowed the sale of booster seats for children under 40 pounds for decades. Similarly, the National Highway Traffic Safety Administration ("NHTSA") has long warned that booster seats can endanger children weighing less than 40 pounds, and that parents instead should continue to use child seats that have an internal five-point harness. Nonetheless, Graco marketed its Booster Seats as safe for children under 40 pounds, despite scientific and crash test evidence demonstrating the extreme risk to those children.

Second, each of the Actions alleges that Graco knew its Booster Seats provide no appreciable side-impact protection and indeed failed to meet any kind of uniform side impact testing standards, because no such standards exist. Graco misled consumers by failing to disclose that the Booster Seats merely "passed" whatever arbitrary and undisclosed internal tests Graco conjured for itself.

Third, as all the Actions allege, a recent investigation by ProPublica, a non-profit organization engaging in investigative journalism, shed light on how

2

inadequately Graco's Booster Seats protect children from side impacts, as well as for children, generally, who weigh less than 40 pounds. ProPublica's side impact testing on Graco's Booster Seats demonstrated that such impacts could lead to serious injuries—and even death—in the event of a side-impact crash.

The Actions assert claims for consumer fraud, breach of warranty, and unjust enrichment, arising out of Defendants' misleading marketing and sale of mislabeled, and defective booster seats to the Plaintiffs and other unsuspecting consumers. Each of the complaints alleges that Defendants have engaged in an extensive, uniform marketing campaign touting the safety of their booster seat for children.

The parties now move to consolidate the *Carder, Chavez, Murphy*, *Davis-Berg and Varlaro cases* that are pending before this Court, with the low-numbered case (*Carder*) serving as the "lead" case going forward. The parties further ask that the Court order that the caption of the consolidated action read:

> *In re Graco Children's Products, Inc. Marketing*
> *Sales Practices and Products Liability Litigation*

> Civ. Action No. 2:20-cv-00137

If the Court consolidates these related consumer Actions, the Plaintiffs will request a post-consolidation conference for the Court to enter a master scheduling order that will provide for the preparation and filing of a single consolidated complaint and the preparation and filing of a single answer or motion in response.

## II.   <u>LEGAL STANDARD</u>

Rule 42 of the Federal Rules of Civil Procedure grants this Court the discretion to consolidate actions involving common questions of law or fact. Fed. R. Civ. P. 42(a). This rule "codifies a district court's inherent managerial power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Young v. City of Augusta, Ga. Through DeVaney*, 59 F.3d 1160, 1168 (11th Cir. 1995) (citing *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985)). Although the district court's decision is "purely discretionary," the Court of Appeals for the Eleventh Circuit "ha[s] encouraged trial judges to make good use of Rule 42(a) ... in order to expedite the trial and eliminate unnecessary repetition and confusion." *Hendrix*, 776 F.2d at 1495 (citation and internal punctuation omitted). The critical question for the district court is:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Id*. (quoting *Arnold v. E. Air Lines, Inc.,* 681 F.2d 186, 193 (4th Cir. 1982));

4

*see also, Bennett v. Ocwen Loan Servicing LLC,* 2016 WL 4267629 at *3 (N.D. Ga. June 13, 2016); *Campbell v. Hall*, 408CV257, 2009 WL 1009854, at *1 (S.D. Ga. Apr. 13, 2009).

## III.   ARGUMENT SUPPORTING CONSOLIDATION

### A. These Consumer Cases Involve Common Questions of Law and Fact.

Plaintiffs in *Carder*, *Murphy, Chavez, Davis-Berg* and *Varlaro* all allege that Graco has engaged in a false and materially misleading campaign to market its Booster Seats to Plaintiffs and other unsuspecting consumers as being safe for children who weigh as little as 30 pounds and as satisfying rigorous side-impact safety testing . Plaintiffs seek nationwide class certification as to their claims for fraudulent misrepresentation and breach of warranty (as well as, in each case, a state-wide subclass for alleged violation of a state consumer protection statute). In such circumstances, factual and legal questions involved in the Actions more than satisfy the burden of being "common" and consolidation is appropriate. *Hendrix,* 776 F.2d at 1495 n.6 (consolidation of asbestosis cases held reasonable where common questions of law and fact existed). *See also, United States v. Lloyd*, 49 F.R.D. 200, 201(N.D. Tex. 1970) (common question of law served as basis for consolidation of five actions by United States to

enforce summonses issued against parties who had information relating to taxpayer under investigation).

### B. Consumer Cases Alleged to Arise From the Same Underlying Fraudulent Misrepresentations and Breach of Warranty Routinely Have Been Consolidated.

Although a common question of *law* is sufficient for consolidation, these Actions also share common questions of *fact*. Where suits against different defendants stem from similar allegations, courts have held common questions of fact existed so as to justify consolidation. *See, e.g., Colbert v. F.B.I.*, 275 F.R.D. 30, 32 (D.D.C. 2011) (holding that three actions against various governmental entities and agents alleging interference with plaintiff's mail were ripe for consolidation since substantially identical allegations were made that involved common questions of law and fact); *Phelps v. Tyner*, Nos. 07–cv–0289–MJR, 07–cv–0290–MJR, 07–cv–0307–MJR, 2010 WL 749883, at *1 (S.D. Ill. Feb. 25, 2010) (consolidation of three actions against defendant correctional officers and prison medical service providers—not all of whom were named in each action—alleging use of excessive force in three separate incidents).

Here, all the Actions arise from the same predicate facts: Graco's misrepresentations and omissions of material facts concerning its Booster Seats. More specifically, the Actions allege the same factual circumstances that (1) Graco

knowingly misled consumers with the marketing and sale of poorly-designed, mislabeled, and defective booster seats to Plaintiffs and other unsuspecting consumers; (2) Graco had a duty to disclose to Plaintiffs and other consumers the true quality and nature of the Booster Seats, that they were unsafe, and that the Booster Seats, at a minimum, pose safety concerns and are in fact dangerous to children weighing less than 40 pounds and in side-impact collisions; and (3) Graco concealed and misrepresented the true nature of the Booster Seats and the safety risks in their use. These allegations give rise to claims for breach of warranty, consumer fraud, and unjust enrichment. Thus, the Actions' substantially identical factual allegations against the Defendants invoke common questions of fact, providing an additional basis for consolidation.

### C. Any Risk of Prejudice Is Outweighed by The Benefits of Judicial Efficiency and Economy.

The Eleventh Circuit adopted a number of factors identified in the Fourth Circuit's *Arnold v. Eastern Air Lines, Inc.* decision for courts to weigh in determining whether consolidation should be denied because prejudice and confusion outweigh the benefits of judicial efficiency and economy. *Hendrix*, 776 F.2d at 1495 (quoting *Arnold*, 681 F.2d at 193). In analyzing judicial economy, a court must consider the possibility of inconsistent decisions, the time and expense required for trial, and the burden on parties, witnesses, and the court. *Id.* When

applied to the Actions, there can be no question that the judicial economy resulting from consolidating these cases into one case for pre-trial and trial purposes far outweighs any potential negligible prejudice presented to the Defendants or potential jury confusion.

Consolidation will result in one trial that will bind all plaintiffs and defendants. Should the Actions not be consolidated, separate trials would require multiple juries to analyze substantially identical evidence, from many of the same witnesses, alleging the same defendant actions, in violation of the same or similar laws. This would not only tax limited judicial resources, but also would drive up the relative expense and burden on the parties and produce a risk of inconsistent adjudications.

On the other hand, consolidation here would produce a significant savings of time and resources for both the Court and the parties. *See Ahern v. Gaussoin*, 611 F. Supp. 1465, 1496–97 (D. Or. 1985) (holding that consolidation would lead to significant savings of time where separate securities actions involved numerous overlapping legal and factual issues), *abrogated on other grounds by Sec. Investor Protection Corp. v. Poirier*, 653 F. Supp. 63, 67 (D. Or. 1986). Therefore, the efficiency and economy promoted by consolidation here more than outweighs whatever potential slight prejudice or confusion might result.

Consequently, this Court should exercise its discretion and consolidate the *Carder*, *Murphy, Chavez, Davis-Berg* and *Varlaro* cases that are pending before this Court, for all pre-trial and trial purposes. All of the actions are recently-filed and none has progressed significantly further than any other. Thus, consolidation at this time is ideal and will achieve the greatest efficiency.

## IV.   <u>CONCLUSION</u>

For all the foregoing reasons, Plaintiffs in the Actions respectfully submit that the cases should be consolidated, with the low-numbered case *(Carder)* serving as the "lead" case going forward.

DATED:  August 27, 2020                    Respectfully submitted,

*s/ David J. Worley*
David J. Worley
Georgia Bar No. 776665
James M. Evangelista
Georgia Bar No. 707807
**EVANGELISTA WORLEY, LLC**
500 Sugar Mill Road
Suite 245A
Atlanta, GA 30350
Tel: (404) 205-8400
david@ewlawllc.com
jim@ewlawllc.com

*Proposed Interim Liaison Counsel*

9

**KANTROWITZ, GOLDHAMER &
GRAIFMAN, P.C.**
Melissa R. Emert (admitted *pro hac vice)*
memert@kgglaw.com
Gary S. Graifman *(admitted pro hac vice)*
ggraifman@kgglaw.com
747 Chestnut Ridge Road
Chestnut Ridge, New York 10977
Telephone: (845) 356-2570
Facsimile: (845) 356-4335

*Co-Counsel for Plaintiff Jennifer Murphy*

**CASEY GERRY SCHENK
FRANCAVILLA BLATT & PENFIELD,
LLP**
Gayle M. Blatt (admitted *pro hac vice)*
*gmb@cglaw.com*
P. Camille Guerra (admitted *pro hac vice)*
*camille@cglaw.com*
James M. Davis (*PHV application
forthcoming)*
*jdavis@cglaw.com*
110 Laurel Street
San Diego, CA 92101
Telephone: (619) 238-1811
Facsimile: (619) 544-9232

*Co-Counsel for Plaintiff Jennifer Murphy*

**MASON LIETZ & KLINGER LLP**
Gary E. Mason (*pro hac vice)*
5101 Wisconsin Avenue NW, Suite 305
Washington, D.C. 20016
Tel: (202) 429-2290
Fax: (202) 42902294
gmason@masonllp.com

*Co-Counsel for Plaintiff Jennifer Murphy*

**GREG COLEMAN LAW PC**
Rachel L. Soffin
Gregory F. Coleman
Jonathan B. Cohen
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
Telephone: (865) 247-0080
Facsimile: (865) 522-0049
rachel@gregcolemanlaw.com
greg@gregcolemanlaw.com
jonathan@gregcolemanlaw.com

*Co-Counsel for Plaintiff Kellie Carder*

**WHITFIELD BRYSON LLP**
Daniel K. Bryson
Martha A. Geer
Patrick M. Wallace
Harper Segui
900 W. Morgan Street
Raleigh, NC 27603
T:   919-600-5000
F:   919-600-5035
dan@whitfieldbryson.com
martha@whitfieldbryson.com
pat@whitfieldbryson.com
harper@whitfieldbryson.com

*Co-Counsel for Plaintiff Kellie Carder*

**ROBINS KAPLAN LLP**
Aaron Sheanin (PHV application
forthcoming)
2440 W El Camino Real, Suite 100
Mountain View, CA 94040
Telephone: (650) 784-4040

Facsimile: (650) 784-4041
asheanin@robinskaplan.com

*Counsel for Plaintiff Rejenna Chavez*

**ROBINS KAPLAN LLP**
Stacey P. Slaughter (*PHV application forthcoming)*
Michael Pacelli (*PHV application forthcoming)*
Austin Hurt (*PHV application forthcoming)*
800 LaSalle Ave., Suite 2800
Minneapolis, Minnesota 55409
Telephone: (612) 349-8500
Facsimile: (612) 339-4181
sslaughter@robinskaplan.com
mpacelli@robinskaplan.com
ahurt@robinskaplan.com

*Counsel for Plaintiff Rejenna Chavez*

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
Mark P. Chalos (*PHV application forthcoming)*
222 2nd Avenue South, Suite 1640
Nashville, Tennessee 37201
Telephone: (615) 313-9000
Facsimile: (615) 313-9965
mchalos@lchb.com

*Counsel for Plaintiff Cheryl Varlaro*

Matthew M Guiney (*pro hac vice application forthcoming*)
**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
270 Madison Ave.

12

New York, NY 10016
Telephone: (212) 545-4600
guiney@whafh.com

*Counsel for Plaintiff Elizabeth Davis-Berg*

Carl V. Malmstrom (*pro hac vice
application forthcoming*)
**WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLC**
111 W. Jackson Blvd., Suite 1700
Chicago, IL 60604
Telephone: (312) 984-0000
malmstrom@whafh.com

*Counsel for Plaintiff Elizabeth Davis-Berg*

## <u>CERTIFICATE OF COMPLIANCE</u>

This PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO CONSOLIDATE CASES complies with Local Rule 5.1 and was prepared using a 14-point Times New Roman font.

Dated:  August 27, 2020                  *<u>s/ David J. Worley</u>*
                                        David J. Worley
                                        Georgia Bar No. 776665

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day I served the above and foregoing PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO CONSOLIDATE CASES on all parties by causing a true and correct copy to be filed with the court's electronic filing system, which should automatically send a copy to all counsel of record.

Dated:  August 27, 2020

_s/ David J. Worley_
David J. Worley
Georgia Bar No. 776665

_Proposed Interim Liaison Counsel_
