# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| KELLIE CARDER, LISA FRANCOFORTE, EMILIO PENSADO, JR., SHANNON HAGER, LETICIA RIVERA, and SILVIA TEHOMILIĆ, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> GRACO CHILDREN'S PRODUCTS, INC. and NEWELL BRANDS DTC, INC., <br><br> Defendants. | CIVIL ACTION FILE <br> NO. 2:20-cv-00137-LMM |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO CONSOLIDATE CASES

Five cases have been filed in this Court against Defendants Graco Children's Products, Inc. ("Graco") and Newell Brands DTC, Inc. ("Newell") (collectively, "Defendants").[1]  Plaintiffs in those five cases have filed a joint motion asking the

---

[1] *Kellie Carder, et al. v. Graco Children's Products, Inc. and Newell Brands DTC, Inc.*, Civil Action No. 2:20-cv-00137-LMM ("Carder"); *Jennifer Murphy v. Graco Children's Products, Inc. and Newell Brands DTC, Inc.*, Civil Action No. 1:20-cv-03030-LMM ("Murphy"); *Elizabeth Davis-Berg v. Graco Children's Products, Inc. and Newell Brands DTC, Inc.*, Civil Action No. 1:20-cv-03095-LMM ("Davis-Berg"); *Rejenna Chavez v. Graco Children's Products, Inc. and Newell Brands DTC, Inc.*, Civil Action No. 1:20-cv-03302-LMM ("Chavez"); and *Cheryl Varlaro*

Court to consolidate the cases "for all pre-trial and trial purposes" pursuant to Federal Rule of Civil Procedure 42(a)(2). (Doc. 39-1 at 9.) Plaintiffs explain that if the Court consolidates these cases, then "the Plaintiffs will request a post-consolidation conference for the Court to enter a master scheduling order that will provide for the preparation and filing of a single consolidated complaint and the preparation and filing of a single answer or motion in response." (*Id.* at 3.)

While Defendants have not seen a proposed "consolidated complaint" and therefore take no position on whether such a pleading would be proper, under Rule 42 or otherwise,[2] Defendants agree that Plaintiffs' pleading(s) must be fully conceived and finalized before Defendants can respond. Beyond a motion to dismiss and, if needed, discovery, however, Defendants do not believe that consolidation is appropriate "for *all* pre-trial and trial purposes." Defendants anticipate moving to dismiss various claims asserted by Plaintiffs, and Defendants support an orderly schedule for filing and briefing such a motion on a consolidated basis. Moreover, to the extent that any of the cases proceed beyond the pleadings

---

*v. Graco Children's Products, Inc. and Newell Brands DTC, Inc.*, Civil Action No. 1:20-cv-03482-LMM ("Varlaro"). Citations to the Plaintiffs' motion are to the filing on the *Carder* docket.

[2] It is unclear from the Plaintiffs' motion, for example, how the five "constituent cases [would] retain their separate identities" through the proposed "consolidated complaint." *See Hall v. Hall*, 138 S. Ct. 1118, 1131 (2018).

to discovery, Defendants agree that consolidated discovery would promote efficiency and avoid unnecessary cost and repetition.

However, it is premature to assess whether, for example, class certification issues could be handled on a consolidated basis, given that Plaintiffs have asserted a variety of claims under different states' unique laws on behalf of numerous divergent classes and subclasses.  And it is certainly too early to tell whether a consolidated trial could be held without creating substantial risks of prejudice and confusion.  *See, e.g.*, *City of Pompano Beach Gen. Employees' Retirement Sys. v. Synovus Finan. Corp.*, Nos. 1:09-cv-01811-JOF, 1:09-cv-03069-JOF, 2009 WL 4641804 at *2 (N.D.Ga. Dec. 1, 2009) (stating that cases would be consolidated for discovery purposes only and that the court would decide whether the cases should be consolidated for trial at a later date); *Instituto de Prevision Militar v. Lehman Bros., Inc.*, Nos. 05-22827-CIV-MOORE, 05-21169-CIV-MOORE, 2006 WL 8433248 at *2 (S.D. Fla. Jan. 19, 2006) (consolidating cases for discovery purposes, but not for trial, in part because it was too early to determine whether there were "sufficiently similar issues of law and fact among these cases to warrant consolidation for trial").

In sum, Defendants support a consolidated process for filing and briefing a motion to dismiss the claims asserted by Plaintiffs in the five cases and, if needed,

consolidated discovery in any of those cases that proceeds beyond the pleadings.[3] Defendants oppose consolidation for any other purposes, as considering further consolidation would be premature at this early stage.

Respectfully submitted this 10th day of September, 2020.[4]

*/s/ Nick Panayotopoulos*
Nicholas P. Panayotopoulos
Georgia Bar No. 560679
Jennifer A. Adler
Georgia Bar No. 585635
Weinberg, Wheeler, Hudgins, Gunn &
Dial, LLC

---

[3] In taking this position, Defendants maintain that none of these five cases can be litigated on a representative basis and no class could be certified, and Defendants do not waive any arguments against class certification in any of the cases if they proceed to that stage. In any event, consolidation under Rule 42 to achieve certain efficiencies has no bearing on class certification under Rule 23, for "Federal Rule of Civil Procedure 23(a) necessarily imposes a higher standard because absent class members will be bound by the outcome of the litigation. Unlike the certification of a class action, consolidation pursuant to Rule 42(a) "'does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another.'" *See* 9A, Wright & Miller, Federal Practice & Procedure, § 2382 (3d ed.)(quoting *Johnson v. Manhattan Ry. Co.*, 377 U.S. 289 U.S. 479, 496–97 (1933)). Rather, "the cases remain separate actions, and damages must be proven with respect to each Plaintiff. Therefore, concerns regarding the individualized nature of damages are alleviated because each Plaintiff must present his or her claims to the jury, and the jury will be instructed accordingly." *Herd v. Asarco Inc.*, No. 01-CV-891-H (C), 2003 WL 25847423, at *2 n.6 (N.D. Okla. May 28, 2003).

[4] Pursuant to Local Rule 7.1D of the United States District Court of the Northern District of Georgia, Defendants' attorneys certify that the foregoing submission to the Court is computer-processed, double-spaced between lines, and uses Times New Roman 14 font.

3344 Peachtree Road, NE, Suite 2400
Atlanta, Georgia 30326
Tel: (404) 876-2700
Fax: (404) 875-9433
npanayo@wwhgd.com
jadler@wwhgd.com
*Attorneys for Defendants*

~ 5 ~

**CERTIFICATE OF SERVICE**

I hereby certify that on September 10, 2020, I electronically filed the foregoing Defendants' Response to Plaintiffs' Motion to Consolidate Cases with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification to all parties of record as follows:

| | |
|---|---|
| Rachel L. Soffin | Daniel K. Bryson |
| Gregory F. Coleman* | Martha A. Geer* |
| Jonathan B. Cohen | Patrick M. Wallace* |
| Greg Coleman Law PC | Harper Segui |
| 800 S. Gay Street, Suite 1100 | WHITFIELD BRYSON LLP |
| Knoxville, TN 37929 | 900 W. Morgan Street |
| rachel@gregcolemanlaw.com | Raleigh, NC 27603 |
| greg@gregcolemanlaw.com | dan@whitfieldbryson.com |
| jonathan@gregcolemanlaw.com | martha@whitfieldbryson.com |
| | pat@whitfieldbryson.com |
| | harper@whitfieldbryson.com |

David J. Worley
Evangelista Worley, LLC
500 Sugar Mill Road, Suite 245A
Atlanta, GA 30350
david@ewlawllc.com

                                                      */s/ Nick Panayotopoulos*
                                                      Nicholas P. Panayotopoulos
                                                      Georgia Bar No. 560679