UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KELLIE CARDER, *et al.*, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>GRACO CHILDREN'S PRODUCTS, INC.,<br><br>　　　　　　Defendant. | Civil Action No. 2:20-cv-00137-LMM |

MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR RECONSIDERATION

This Court dismissed with prejudice Plaintiffs' claims under the Georgia Fair Business Practices Act, Ga. Code Ann. § 10-1-390, *et. seq.* ("GFBPA"), for failure to provide the mandatory pre-suit notice. While Georgia plaintiff Kellie Carder had not provided the necessary notice, Plaintiffs had, however, failed to inform the Court that Georgia plaintiff Rejenna Chavez in fact properly provided pre-suit notification. Plaintiffs, therefore, respectfully request pursuant to Local Rule 7.2(E) that the Court grant this motion for reconsideration and deny without prejudice Defendant Graco Children's Products, Inc.'s motion to dismiss the GFBPA claim asserted in Plaintiffs' first Consolidated Amended Complaint.

Statement of Facts

Plaintiffs include two citizens of Georgia seeking to represent the Georgia Subclass: Kellie Carder and Rejenna Chavez. In its Motion to Dismiss the first Consolidated Amended Complaint, Graco argued that the Court should dismiss the claims under the GFBPA for failure to provide pre-suit notice. Plaintiffs, in their opposition to the motion to dismiss, argued, as the Consolidated Amended Complaint had alleged, Dkt. No. 60 ¶ 382, that proper pre-suit notice was provided by Plaintiffs' November 5, 2020, notice letter sent prior to the filing of the Consolidated Amended Complaint. Dkt. No. 70 p. 45. This Court dismissed the GFBPA claim with prejudice, concluding that "such notice is insufficient because the Consolidated Amended Complaint did not constitute a new lawsuit; instead, it was an amendment of the original complaint, which had been filed roughly five months earlier. See Dkt. No. [1]." Dkt. No. 85 p. 53.

"Dkt. No. 1" referenced Ms. Carder's lawsuit, and Ms. Carder had failed to provide Defendant with notice of her GFBPA claim prior to filing her initial lawsuit. However, Plaintiffs have recently realized that the second Georgia plaintiff, Rejenna Chavez, did provide proper pre-suit notice. In Ms. Chavez's original lawsuit, filed on August 10, 2020, *Ms. Chavez did not include a GFBPA claim. See Chavez v. Graco Children's Products, Inc.*, No. 1:20-cv-03302, Dkt. No. 1. On August 11, 2020, Ms. Chavez sent Graco a letter notifying it that its actions related to its

Booster Seats violated the GFBPA and further notifying Graco that if it did not take appropriate action to remedy the GFBPA violations, Ms. Chavez would amend her complaint to add a GFBPA claim. (Ex. A) Defendant Graco received and signed for this letter on August 18, 2020. (Ex. B)

Ms. Chavez did not amend her class action complaint because, in accordance with this Court's order and agreement of the parties, she joined the Consolidated Amended Complaint and voluntarily dismissed her class action without prejudice. *See Carder*, Dkt. No. 49; *Chavez*, No. 1:20-cv-03302, Dkt. No. 35. She then asserted a claim in the first Consolidated Amended Complaint under the GFBPA. Because Ms. Chavez had not previously asserted a claim under the GFBPA, the Consolidated Amended Complaint did constitute a new lawsuit for Ms. Chavez with respect to that claim, which was the subject of her August 11, 2020, pre-suit notification.

Argument

Under Local Rule 7.2(E), "[a] court should grant a motion for reconsideration only if: (1) there has been an intervening change in controlling law; (2) the moving party discovers new evidence; or (3) reconsideration is needed to correct clear error or prevent manifest injustice." *Church of Scientology of Georgia, Inc. v. City of Sandy Springs, Ga.*, 843 F. Supp. 2d 1328, 1336 n.2 (N.D. Ga. 2012). "Reconsideration is vested in the district court's sound discretion, and the grant of a motion to reconsider is an extraordinary remedy to be employed sparingly." *Diamond Crystal Brands, Inc. v. Wallace*, 563 F. Supp. 2d 1349, 1352 (N.D. Ga.

3

2008) (internal quotation marks omitted). This motion presents a situation in which reconsideration is warranted to prevent manifest injustice.

Plaintiffs' counsel focused on the November 5, 2020 notice and failed to call to the Court's attention that Ms. Chavez individually had in fact provided proper notice to Graco *prior to* filing suit for violation of the GFBPA and was, therefore, entitled to proceed with her GFBPA claim. In *Bowers ex rel. Bowers v. Branch Banking & Tr. Co.*, No. 4:15-CV-00011-MTT, 2015 WL 4131915, at *9 (M.D. Ga. July 8, 2015), the Court held under identical circumstances that the plaintiff had complied with the pre-suit notification requirements when the plaintiff (a) did not include a GFBPA claim in her initial complaint, (b) subsequently sent out pre-suit notification of the GFBPA, and (c) then, after more than 30 days, amended the complaint to add the GFBPA claim.

Since Ms. Chavez, like the plaintiff in *Bowers*, did not include a claim under the GFBPA in her initial complaint but only added it in the Consolidated Amended Complaint after providing more than 30 days' notice of her intent to assert that claim, Ms. Chavez complied with the pre-suit notification requirements of the GFBPA. *See also Persad v. Ford Motor Co.*, No. 17-12599, 2018 WL 3428690, at *7 (E.D. Mich. July 16, 2018) (denying motion to dismiss GFBPA claim for lack of pre-suit notification when notice was sent out more than 30 days prior to filing of amended complaint and court held amended complaint superseded original complaint); *Nickens v. Equifax Info. Servs., LLC*, No. 1:13-CV-0333-TWT-ECS, 2013

4

WL 4786975, at *4 (N.D. Ga. Sept. 6, 2013) (allowing GFBPA claim to proceed even though plaintiff only provided notice after filing motion for leave to file second amended complaint).

In its motion to dismiss the Consolidated Amended Complaint, apart from the pre-suit notification issue, Graco only raised a reliance argument that this Court rejected with respect to other state consumer protection act claims. Dkt. No. 67-1 pp. 37-38; Dkt. No. 71 p. 21. Plaintiff Chavez, therefore, has a viable GFBPA claim. Moreover, in the absence of reconsideration, not only will Ms. Chavez be barred from recovering under the Georgia statute, but also the entire Georgia Subclass will be unable to recover under the GFBPA for Graco's false and misleading marketing in Georgia of its Booster Seats.

Courts in this District have previously found manifest injustice sufficient to support reconsideration when an individual party failed to present available evidence that would have supported relief. *See Church of Scientology of Georgia*, 843 F. Supp. 2d at 1336 n.2 ("[T]he Court finds that reconsideration of its prior ruling on Count II of Plaintiff's Complaint is appropriate to prevent the potential manifest injustice of dismissing Plaintiff's nondiscrimination claim in light of the existence of triable issues of fact as to whether the City acted with discriminatory intent, despite the fact that this evidence could clearly have been presented in the original summary judgment briefing and materials."); *Howell v. Phoenix Life Ins. Co.*, No. 1:07-CV-14-JTC, 2008 WL 11336272, at *3 (N.D. Ga. Dec. 12, 2008)

5

(holding that "reconsideration of the Court's prior Order is needed to prevent manifest injustice" when plaintiff would otherwise be able to seek a constructive trust). The analysis of these courts has even more force given that the impact extends beyond Ms. Chavez to putative class members in this case.

Since Graco in fact did receive notice of Ms. Chavez's GFBPA claim and chose to take no action, it will not be prejudiced by the Court reconsidering the dismissal of the GFBPA claim. In the event the Court grants the motion for reconsideration and dismisses the GFBPA claim alleged in the Consolidated Amended Complaint without prejudice to repleading, the necessary allegations have been included in the Second Consolidated Amended Complaint and further action would not be necessary.

## Conclusion

For all the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' motion for reconsideration and order that Plaintiffs' GFBPA claim as asserted in the first Consolidated Amended Complaint is dismissed without prejudice and that the Court grant leave to amend.

Dated: September 21, 2021	Respectfully submitted,

s/ *Martha A. Geer*

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
Martha A. Geer (*pro hac vice*)
Patrick M. Wallace (*pro hac vice*)
Harper Segui
Georgia Bar No. 096540
900 W. Morgan Street
Raleigh, NC 27603
T: 919-600-5000
F: 919-600-5035
mgeer@milberg.com
pwallace@milberg.com
hsegui@milberg.com

Rachel L. Soffin
Gregory F. Coleman (*pro hac vice*)
Jonathan B. Cohen (*pro hac vice*)
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
Telephone: (865) 247-0080
Facsimile: (865) 522-0049
rsoffin@milberg.com
gcoleman@milberg.com
jcohen@milberg.com

s/ *MelissaR. Emert*

**KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.**
Melissa R. Emert (*pro hac vice*)
Gary S. Graifman (*pro hac vice*)
747 Chestnut Ridge Road
Chestnut Ridge, New York 10977
Telephone: (845) 356-2570
Facsimile: (845) 356-4335
memert@kgglaw.com
ggraifman@kgglaw.com

*Interim Co-Lead Class Counsel*

7

**EVANGELISTA WORLEY, LLC**
David J. Worley
Georgia Bar No. 776665
James M. Evangelista
Georgia Bar No. 707807
500 Sugar Mill Road
Suite 245A
Atlanta, GA 30350
Telephone: (404) 205-8400
david@ewlawllc.com

**CASEY GERRY SCHENK FRANCAVILLA BLATT & PENFIELD, LLP**
Gayle M. Blatt (*pro hac vice*)
P. Camille Guerra (*pro hac vice*)
James M. Davis (PHV application forthcoming)
110 Laurel Street
San Diego, CA 92101
Telephone: (619) 238-1811
Facsimile: (619) 544-9232
gmb@cglaw.com
camille@cglaw.com
jdavis@cglaw.com

**MASON LIETZ & KLINGER LLP**
Gary E. Mason (*pro hac vice*)
5101 Wisconsin Avenue NW Suite 305
Washington, D.C. 20016
Tel: (202) 429-2290
Fax: (202) 42902294
gmason@masonllp.com

**ROBINS KAPLAN LLP**
Aaron M. Sheanin (*pro hac vice*)
2006 Kala Bagai Way
Suite 22
Berkeley, CA 94704
Telephone: (650) 784-4040
Facsimile: (650) 784-4041

8

asheanin@robinskaplan.com

**ROBINS KAPLAN LLP**
Stacey P. Slaughter (*pro hac vice*)
Michael Pacelli (*pro hac vice*)
Austin Hurt (*pro hac vice*)
800 LaSalle Ave.
Suite 2800
Minneapolis, MN 55402
Telephone: (612) 349-8500
Facsimile: (612) 339-4181
sslaughter@robinskaplan.com
mpacelli@robinskaplan.com
ahurt@robinskaplan.com

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**

Mark P. Chalos (*pro hac vice* application forthcoming)
222 2nd Avenue South
Suite 1640
Nashville, TN 37201
Telephone: (615) 313-9000
Facsimile: (615) 313-9965
mchalos@lchb.com

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

Matthew M Guiney (*pro hac vice* application forthcoming)
270 Madison Ave.
New York, NY 10016
Telephone: (212) 545-4600
guiney@whafh.com

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC**
Carl V. Malmstrom (*pro hac vice*)
111 W. Jackson Blvd.
Suite 1700
Chicago, IL 60604

Telephone: (312) 984-0000
malmstrom@whafh.com

**SHUB LAW FIRM LLC**
Jonathan Shub (*pro hac vice*
application forthcoming)
134 Kings Highway E,
2nd Floor, Haddonfield, NJ 08033
Telephone: (856) 772-7200
jshub@shublawyers.com

*Plaintiffs' Counsel*

10

## **CERTIFICATEOF COMPLIANCE**

I hereby certify that this document was prepared in compliance with Northern District of Georgia Local Rule 5.1C using Century Schoolbook 13-point font.

Dated: September 21, 2021          By:     /s/ *David J. Worley*
                                                      David J. Worley

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date the foregoing MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION was electronically filed with the Clerk using the CM/ECF system, which will send a notice of electronic filing to all registered users of the CM/ECF system.

Dated:  September 21, 2021         By:  /s/ *David J. Worley*
                                                          David J. Worley

                                                          *Counsel for Plaintiffs*