# Exhibit A



Gary E. Mason<br>
(202) 640-1160<br>
gmason@masonllp.com

September 21, 2021

**PRIVILEGED & CONFIDENTIAL**
**PURSUANT TO FED. R. EVID. 408**

<u>**VIA CERTIFIED MAIL**</u>
<u>**RETURN RECEIPT REQUESTED**</u>

General Counsel
Graco Children's Products, Inc.
6655 Peachtree Dunwoody Road
Atlanta, GA 30328

Re:   *Notice of Claim Against Graco Children's Products Inc.*

Dear Counsel:

The undersigned counsel represent Elizabeth Davis-Berg and Shannon Hager, (the "Illinois Plaintiffs") who purchased Graco's TurboBooster Highback Car Seat and Graco's AFFIX Youth Booster Seat (hereinafter the "Booster Seats"), and putative classes of statewide and nationwide consumers. This letter is meant to put you on notice of claims Ms. Davis-Berg and Ms. Hager have against Graco.

Elizabeth Davis-Berg is a citizen of the State of Illinois, residing in Illinois. On or about January 2020, Ms. Davis-Berg purchased a Graco TurboBooster LX Seat from a Target in Homewood, Illinois for her son who weighed 34 pounds at the time of purchase. Ms. Davis-Berg decided to buy the Booster Seat based in part on Graco's representations that it was "safe" for children as light as 30 pounds and as young as three-years-old, and it was "SIDE IMPACT TESTED" (*i.e.*, it would protect the child occupant in frontal, side, rear & rollover crashes). These representations were among the primary reasons Ms. Davis-Berg chose the Booster Seat. At the time of purchase, Ms. Davis-Berg did not know that the Booster Seat could not perform as advertised nor that the side-impact testing was meaningless. Nor was she aware that there are no federal standards for side-impact testing of booster seats. Consequntly, Ms. Davis-Berg contends that the Booster Seat she purchased suffers from a design defect and is not safe for its ordinary use.

Letter to Graco
September 21, 2021
Page 2

Shannon Hager is a citizen of the State of Illinois, residing in Villa Park, Illinois. On or about June 30, 2017, Ms. Hager bought two Graco Affix Highback Booster Seats with Latch Systems from TPCooking.com. On or around September 5, 2019, Ms. Hager purchased an additional two Graco Affix Highback Booster Seats with Latch Systems. These purchases were made for Ms. Hager's daughters who weighed approximately 38 pounds at the time of purchase. Ms. Hager decided to buy the Booster Seats based in part on Graco's representations that they were "safe" for children as light as 30 pounds and as young as three-years-old, and they were "SIDE IMPACT TESTED" (*i.e.*, it would protect the child occupant in frontal, side, rear & rollover crashes). These representations were among the primary reasons Ms. Hager chose the Booster Seats. At the time of purchase, she did not know that the Booster Seats could not perform as advertised nor that the side-impact testing was meaningless. Nor was she aware that there are no federal standards for side-impact testing of booster seats.

Neither Ms. Davis-Berg nor Ms. Hager would have purchased a Booster Seat, or paid as much as they did for them, had they known that there was no federal side-impact testing standard or that the Booster Seats were not safe for children as light as 30 pounds and as young as three-years-old. Both of them have stopped using the Booster Seats.

Ms. Davis-Berg and Ms. Hager have both suffered concrete injuies as a direct and proximate result of Graco's misconduct, and would not have purchased a Booster Seat, or would have paid less for it, had Graco not concealed that its side-impact testing did not comply with federal standards because no such standards exist; that the Booster Seats would not provide any appreciable safety to its child occupants in the event of a side-impact crash; and that the Booster Seats were not suitable for children under 40 pounds.

In connection with these purchases, Graco falsely represented that the Booster Seats (i) are safe for children weighing less than 40 pounds and provide protection against side-impact accidents; and (ii) passed side-impact safety testing when Graco knew that the Booster Seats did not pass any federally regulated test establishing the safety of the seat for children in a side-impact collision.

You are hereby put on notice that Graco's conduct described herein violates: the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.*; the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. 505/1 through 505/12; and the Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. 510/1 through 510/7.

In addition, Graco's material misrepresentations, active concealment, and failure to properly disclose the true nature of the Booster Seats is a breach of its express warranties (810 Ill. Comp. Stat. 5/2-313).

Letter to Graco
September 21, 2021
Page 3

Plaintiffs and the classes seek compensatory and punitive damages, restitution, and any other appropriate equitable relief and request that you provide the following remedies on a Class-wide basis:

(1) refrain from engaging in the deceptive practices described above;

(2) reimburse Plaintiff and other class members the purchase price of the Booster Seats;

(3) actual, compensatory, and consequential damages; and

(4) restitution and disgorgement.

This letter is not meant to be a complete statement of facts or demands. Nor should anything contained herein be deemed a waiver of our clients' rights, defenses, or claims, all of which are expressly reserved.

If you would like to discuss resolving these violations on a class-wide basis without the need for litigation, I invite you to contact me as soon as possible. I look forward to hearing from you.

Sincerely,

Gary E. Mason

Cc: Martha Geer
Melissa Emert