# Exhibit B



Gary E. Mason
(202) 640-1160
gmason@masonllp.com

November 6, 2020

**PRIVILEGED & CONFIDENTIAL**
**PURSUANT TO FED. R. EVID. 408**

<u>**VIA CERTIFIED MAIL**</u>
<u>**RETURN RECEIPT REQUESTED**</u>

General Counsel
Graco Children's Products, Inc.
6655 Peachtree Dunwoody Road
Atlanta, GA 30328

> Re:    *Notice of Claim Against Graco Children's Products Inc.*

Dear Counsel:

The undersigned counsel represent Kellie Carder, Rejenna Chavez, Elizabeth Davis-Berg, Lisa Francoforte, Shannon Hager, Jennifer Murphy, Emilio Pensado, Jr., Leticia Rivera, Silvia Tehomilić, and Cheryl Varlaro, ("Plaintiffs") who purchased Graco's TurboBooster Highback Car Seat and Graco's AFFIX Youth Booster Seat (hereinafter the "Booster Seats"), and putative classes of statewide and nationwide consumers. This letter is meant to put you on notice of the Plaintiffs' and others' claims, which will be brought on behalf of themselves and those similarly situated.

In connection with these purchases, Graco falsely represented that the Booster Seats are (i) safe for children weighing less than 40 pounds and provide protection against side-impact accidents; and (ii) passed side-impact safety testing when Graco knew that the Booster Seats did not pass any federally regulated test establishing the safety of the seat for children in a side-impact collision. You are hereby put on notice that Graco's conduct described herein violates various consumer protection statutes across all 50 states, including, but not limited to: the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, et seq.; the California Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 through 1785; the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 through 17594; the California Song-Beverly Consumer Warranty Act, Cal. Civil Code § 1790, et seq.; the Florida Deceptive and Unfair Trade Practices

WASHINGTON, DC • CHICAGO

Letter to Graco
November 6, 2020
Page 2

Act, Fla. Stat. §§ 501.201 through 501.213; the Georgia Uniform Deceptive Trade Practices Act, Ga. Code Ann. §§ 10-1-370 through 10-1-375; the Georgia Fair Business Practices Act, Ga. Code Ann. §§ 10-1-390 through 10-1-407; the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. 505/1 through 505/12; the Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. 510/1 through 510/7; the Indiana Deceptive Consumer Sales Act, Ind. Code §§ 24-5-0.5-1 through 24-5-0.5-12; the Maine Unfair Trade Practices Act, Me. Rev. Stat. tit. 5, §§ 205A through 214; the Maine Uniform Deceptive Trade Practices Act, Me. Rev. Stat. tit. 10, §§ 1211 through 1216; the Massachusetts Regulation of Business Practice and Consumer Protection Act, Mass. Gen. Laws Ann. ch. 93A, §§ 1 through 11; the Nebraska Consumer Protection Act, Neb. Rev. Stat. §§ 59-1601 through 59-1623; the Nebraska Uniform Deceptive Trade Practices Act, Neb. Rev. Stat. §§ 87-301 through 87-306; the Nevada Trade Regulation and Practices Act, Nev. Rev. Stat. §§ 598.0903 through 598.0999 & Nev. Rev. Stat. § 41.600; the New Hampshire Consumer Protection Act, N.H. Rev. Stat. Ann. §§ 358-A:1 through 358-A:13; the New Jersey Consumer Fraud Act, N.J. Stat. Ann. §§ 56:8-1 through 56:8-91; the New York Executive Laws, N.Y. Exec. Law § 63(12); the New York General Business Law, N.Y. Gen. Bus. Law § 349; the North Carolina Unfair & Deceptive Trade Practices Act, N.C. Gen. Stat. §§ 75-1.1 through 75-35; the Ohio Consumer Sales Practices Act, Ohio Rev. Code Ann. §§ 1345.01 through 1345.13; the Ohio Deceptive Trade Practices Act, Ohio Rev. Code Ann. §§ 4165.01 through 4165.04; the Oklahoma Consumer Protection Act, Okla. Stat. tit. 15, §§ 751 through 763; the Oklahoma Deceptive Trade Practices Act, Okla. Stat. tit. 78, §§ 51 through 55; Unfair Trade Practices and Consumer Protection Law, 73 Pa. Stat. Ann. §§ 201-1 through 201-9.3; the Texas Deceptive Trade Practices—Consumer Protection Act, Tex. Bus. & Com. Code Ann. §§ 17.41 through 17.63; the Utah Unfair Practices Act, Utah Code Ann. §§ 13-2-1 through 13-2-8 and 13-5-1 through 13-5-18; the Utah Consumer Sales Practices Act, Utah Code Ann. §§ 13-11-1 through 13-11-23; the Utah Truth in Advertising Act, Utah Code Ann. §§ 13.11a-1 through 13.11a-5; the West Virginia Consumer Credit and Protection Act, W. Va. Code §§ 46A-6-101 through 46A-6-110; and the Wyoming Consumer Protection Act, Wyo. Stat. Ann. §§ 40-12-101 through 40-12-114.

In addition, Graco's material misrepresentations, active concealment, and failure to properly disclose the true nature of the Products violates the express and implied warranty statutes of all fifty (50) states. This notice is being served on behalf of Plaintiffs and putative statewide and nationwide classes of consumers who purchased the Products.

Plaintiffs and the classes will promptly seek compensatory and punitive damages, restitution, and any other appropriate equitable relief unless you provide the following remedies on a Class-wide basis:

(1) refrain from engaging in the deceptive practices described above;

(2) reimburse Plaintiff and other class members the purchase price of the Products;

(3) actual, compensatory, and consequential damages; and

(4) restitution and disgorgement.

Letter to Graco
November 6, 2020
Page 3

This letter is not meant to be a complete statement of facts or demands. Nor should anything contained herein be deemed a waiver of our clients' rights, defenses, or claims, all of which are expressly reserved.

If you would like to discuss resolving these violations on a class-wide basis without the need for litigation, I invite you to contact me on or before December 6, 2020. I look forward to hearing from you.

Sincerely,

Gary E. Mason

Cc: Martha Greer
      Melissa Emert

WASHINGTON, DC • CHICAGO