# Exhibit C



**ROBINS KAPLAN**LLP

800 LASALLE AVENUE  612 349 8500 TEL
SUITE 2800  612 339 4181 FAX
MINNEAPOLIS MN 55402  ROBINSKAPLAN.COM

J. AUSTIN HURT
612 349 0811 TEL
AHURT@ROBINSKAPLAN.COM

August 11, 2020

*Via Certified Mail*

Graco Children's Products, Inc.
6655 Peachtree Dunwoody Road
Atlanta, GA 30328

    Re:   NOTICE OF CONSUMER FRAUD VIOLATION
           Case Name: Rejenna Chavez v. Graco Children's Products, Inc. and Newell Brands DTC, Inc.
           Court: Northern District of Georgia
           Date filed: 8/10/2020
           File No.: Pending

Dear Sir or Madam:

    Please be advised that this office represents the above-named individual regarding claims against you under the Magnuson-Moss Warranty Act, fraud by concealment, breach of the implied warranty of merchantability, negligent misrepresentation, and unjust enrichment with regard to the TurboBooster and Affix Booster Seats. Please direct all future contacts and correspondence to the office listed above. Having been formally notified of our representation, you are instructed not to contact our client under any circumstances. Direct all inquiries to this office. If you fail to act in conformity with this directive, injunctive relief will be sought against you.

    My client hereby notifies Graco Children's Products, Inc. ("Graco") and Newell Brands DTC, Inc. ("Newell") of their violations of Georgia's Fair Business Practices Act (Ga. Code Ann. § 10-1-390, *et. seq.*), and Georgia's Uniform Deceptive Trade Practices Act (Ga. Code Ann. § 10-1-370, *et seq.*) in connection with the marketing and sales practices of the subject booster seats. The following deceptive and unfair acts and practices were committed by Graco and Newell: (1) misrepresenting the subject booster seats as safe for child occupants weighing less than 40 pounds despite knowing that those booster seats are not safe for children weighing under 40 pounds; and (2) marketing the booster seats as "Side-Impact Tested," despite the absence of any federal or state side-impact testing standards, and despite the booster seats failing to provide appreciable safety from side

August 11, 2020                                         VIA CERTIFIED MAIL
Page 2

impacts. The foregoing actions constitute deceptive acts and practices in violation of the above-referenced state and federal statutes and laws.

Plaintiff and members of the Class were harmed and suffered actual damages by these deceptive acts and practices. Plaintiff and the Class did not receive the benefit of their bargain. Instead, they purchased booster seats that are of a lesser standard, grade, and quality than represented. The booster seats do not meet ordinary and reasonable consumer expectations regarding safety, and are unfit for their intended purpose. Had Plaintiff and the Class members known that the booster seats were not safe, they would not have purchased the booster seats, and would have instead purchased a safer alternative.

Unless Graco and Newell provide the following remedies on a Class-wide basis within 30 days from the date of this Notice, Plaintiff intends to amend her complaint to add causes of action under Georgia's Fair Business Practices Act (Ga. Code Ann. § 10-1-390, *et. seq*.), and Georgia's Uniform Deceptive Trade Practices Act (Ga. Code Ann. § 10-1-370, *et seq.)*. Plaintiff demands the following remedies: (1) permit Plaintiff and members of the Class to revoke acceptance of their booster seats and fully refund their purchase price; (2) reimburse Plaintiff and members of the Class for incidental and consequential damages; and (3) cease and desist from all further deceptive, unfair, and unlawful conduct in connection with the booster seats.

If you wish to resolve this matter amicably, please contact my office.

Thank you,

/s/ J. Austin Hurt, Esq.

cc:   David Worley
      Sam Strauss