**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | |
|---|---|
| KELLIE CARDER et al., on behalf of themselves and all others similarly situated, )<br>)<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>GRACO CHILDREN'S )<br>PRODUCTS, INC., )<br>)<br>Defendant. ) | CIVIL ACTION FILE<br>NO. 2:20-cv-00137-LMM |

**GRACO CHILDREN'S PRODUCTS, INC.'S RESPONSE IN OPPOSITION
TO PLAINTIFFS' MOTION FOR RECONSIDERATION**

This Court dismissed "Georgia Count III" of Plaintiffs' Consolidated Amended Complaint in this action, which alleged that Graco Children's Products, Inc. ("Graco") violated Georgia's Fair Business Practices Act, O.C.G.A. §§ 10-1-390, *et seq.* (the "Act"). (Aug. 31, 2021 Order, Doc. 85, at 52-53.) Plaintiffs now seek reconsideration of that dismissal ruling, which Plaintiffs acknowledge would be "an extraordinary remedy to be employed sparingly." (Pls.' Mot. for Reconsideration, Doc. 86-1 at 3.) Plaintiffs concede that the Court did not err in its ruling. The Court correctly ruled that pre-suit notice is required "at least 30 days prior to the filing of any [ ] action" asserting a claim under the Act, but, while the

original complaint in this action included a count alleging violation of the Act on behalf of a Georgia sub-class, no pre-suit notice was ever provided before the filing of this action on June 2, 2020.  (Doc. 85 at 52-53 (citing O.C.G.A. § 10-1-399(b); Original Complaint, Doc. 1, Count IV).)  The Court, therefore, dismissed Georgia Count III.  There has been no change in the law, discovery of new evidence, or clear error—Plaintiffs do not contend otherwise.  Rather, Plaintiffs argue that the Court's dismissal of Georgia Count III created "manifest injustice," not because pre-suit was ever given in this action—Plaintiffs concede it was not—but because they claim pre-suit notice was given in a *different* action that was voluntarily dismissed.  The Court should deny Plaintiffs' Motion for Reconsideration.

This Court has explained the legal standard governing a Motion for Reconsideration as follows:

> Motions for reconsideration are to be filed only when absolutely necessary.  Reconsideration is only absolutely necessary where there is: (1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact.  A party may not employ a motion for reconsideration as a vehicle to present new arguments or evidence that should have been raised earlier, introduce novel legal theories, or repackage familiar arguments to test whether the Court will change its mind.

*Bagwell v. Bank of America, N.A.*, No. 1:17-CV-00539-LMM, 2018 WL 10149415, at *1 (N.D. Ga. Mar. 5, 2018) (May, J.) (internal quotations and citations omitted)

(denying motion for reconsideration). "If a party presents a motion for reconsideration under any of these circumstances, the motion *must be denied*." *Bryan v. Murphy*, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003) (emphasis added) (citing *Brogdon v. Nat'l Healthcare Corp.*, 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000)).

Here, by Plaintiffs' own admission, the argument they present in their Motion for Reconsideration is one "Plaintiffs had . . . failed to inform the Court" (Doc. 86-1 at 1) about at any point during the last year of litigation in this case, which included Plaintiffs December 20, 2020 amended complaint and full briefing and oral argument on Graco's motion to dismiss. Their argument for reconsidering the Court's dismissal of Georgia Count III turns on a letter dated August 11, 2020 in connection with, not this case, but Case No. 1:20-cv-03302-LMM, sent by attorneys who appeared as counsel of record in that case but who also have separately filed appearances in this case. (Doc. 86-2.) Plaintiffs never referenced this August 11, 2020 letter in their December 20, 2020 amended complaint, in any of the primary and supplemental briefing on Graco's motion to dismiss, or at the oral argument on that motion. Indeed, only after the Court granted Graco's motion, in part, dismissing Georgia Count III have Plaintiffs now informed the Court of this argument. While Plaintiffs claim they have only "recently realized" (Doc. 86-1 at 2) their failure to

make this argument, that does not change or excuse the irrefutable fact that this argument "could have been presented in conjunction with the previously filed motion or response," *Bryan*, 246 F. Supp. 2d at 1259, and "should have been raised earlier," *Bagwell*, 2018 WL 10149415, at *1.  In fact, Plaintiffs readily acknowledge that they simply "failed to call the Court's attention" to this argument before.  (Doc. 86-1 at 4.)  "[U]nder . . . these circumstances, the motion [for reconsideration] *must be denied*."  *Bryan*, 246 F. Supp. 2d at 1259 (emphasis added).[1]

Moreover, as the Court recognized, the Act requires that, before a private action is brought alleging a statutory violation, pre-suit notice must be given "'at least 30 days *prior to the filing of any such action*.'"  (Doc. 85 at 52-53 (quoting O.C.G.A. § 10-1-399(b) (emphasis added by the Court).)  In other words, the pre-suit notice required by the Act must precede and provide notice regarding the specific "action" it purports to address.  Although the original complaint initiating this action alleged a violation of the Act, pre-suit notice was never provided prior to

---

[1] Plaintiffs misleadingly describe *Bowers v. Branch Banking & Tr. Co.*, No. 4:15-CV-00011-MTT, 2015 WL 4131915 (M.D. Ga. July 8, 2015), as presenting "identical circumstances" (Doc. 86-1 at 4), but *Bowers* did not even involve a motion for reconsideration, much less, circumstances where the plaintiff could have and should have presented an argument but admittedly failed to bring it to the Court's attention.  Similarly, both *Church of Scientology of Ga., Inc. v. City of Sandy Springs, Ga.*, 843 F. Supp. 2d 1328, 1336 n.2 (N.D. Ga. 2012), and *Howell v. Phoenix Life Ins. Co.*, No. 1:07-CV-14-JTC, 2008 WL 11336272, at *3 (N.D. Ga. Dec. 12, 2008), also cited by Plaintiffs, are also inapposite.

the filing of this action. (Doc. 1, Count IV.) Whether pre-suit notice was given in a different action has no bearing whatsoever on the Court's legally correct ruling that pre-suit notice was *not* given prior to the filing of *this* action. Even if Plaintiffs had previously called the Court's attention to the August 11, 2020 letter mailed in connection with Case No. 1:20-cv-03302-LMM—a case which was voluntarily dismissed—that letter would not change the result in this action, as required by the plain language of the Act, nor should it change the Court's dismissal ruling in this action. This outcome is the result of Plaintiffs' own preferred procedural maneuvers. And, contrary to Plaintiffs' suggestion in the Motion (Doc. 86-1 at 6), this outcome has no "impact" on "putative class members"—the Court's dismissal order does not impact anyone other than the named Plaintiffs in this action.

## CONCLUSION

For the reasons discussed above, the Court should Plaintiffs' Motion for Reconsideration. The Court correctly dismissed Georgia Count III.

Respectfully submitted this 19th day of October, 2021.[2]

*/s/ Nick Panayotopoulos*
Nicholas P. Panayotopoulos
Georgia Bar No. 560679
Jennifer A. Adler
Georgia Bar No. 585635

---

[2] I certify that this document was prepared using 14-point Times New Roman, a font permitted by the Local Rules of the Court.

Weinberg, Wheeler, Hudgins, Gunn
& Dial, LLC
3344 Peachtree Road, NE, Suite 2400
Atlanta, Georgia 30326
Tel: (404) 876-2700
Fax: (404) 875-9433
npanayo@wwhgd.com
jadler@wwhgd.com

Joseph J. Krasovec III (*pro hac vice*)
David C. Scott (*pro hac vice*)
Schiff Hardin LLP
233 South Wacker Drive, Suite 7100
Chicago, Illinois 60606
Tel: (312) 258-5500
Fax: (312) 258-5600
jkrasovec@schiffhardin.com
dscott@schiffhardin.com

*Attorneys for Graco Children's Products, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of October, 2021, the foregoing Response in Opposition to Plaintiffs' Motion for Reconsideration was electronically filed with the Clerk using the CM/ECF system, which will automatically send a notice of electronic filing to all attorneys of record.

/s/ *Nick Panayotopoulos*
Nicholas P. Panayotopoulos
Georgia Bar No. 560679