## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

| | |
|---|---|
| KELLIE CARDER et al., on behalf of themselves and all others similarly situated, <br><br>     Plaintiffs, <br><br> v. <br><br> GRACO CHILDREN'S PRODUCTS, INC., <br><br>     Defendant. | CIVIL ACTION FILE <br> NO. 2:20-cv-00137-LMM |

## ANSWER TO SECOND CONSOLIDATED AMENDED CLASS ACTION COMPLAINT

Defendant Graco Children's Products, Inc. ("Graco") hereby answers

Plaintiffs' Second Consolidated Amended Class Action Complaint

("Complaint"), filed on October 14, 2021 (Doc. 87), as follows:

## I. NATURE OF THE ACTION

1.      Graco admits that it markets various children's products, including

child-restraint systems for use in motor vehicles for a range of different sized

children. Graco further admits that the TurboBooster Highback Booster Seat was

introduced in the early 2000s for children meeting certain size requirements. Graco

denies all other allegations in paragraph 1.

2.      Graco admits that the TurboBooster Highback Booster and Affix Highback Booster Seat are two different models of belt positioning booster car seats that are intended to be used with the vehicle restraint system and are designed, in part, to help position child seat occupants to properly use the vehicle restraint system. Graco denies all other allegations in paragraph 2.

3.      Graco denies the allegations in paragraph 3.

4.      Graco denies the allegations in paragraph 4.

5.      Graco admits that different jurisdictions have differing regulations regarding child-restraint systems, including booster seats, and that those regulations speak for themselves. Graco further admits that its products comply with the regulations of the jurisdictions in which those products are sold. Graco denies all other allegations, including footnotes, in paragraph 5.

6.      Graco admits that Plaintiffs have quoted excerpts of certain NHTSA publications, and that those publications speak for themselves, but Graco denies the allegations in paragraph 6 to the extent they purport to interpret or characterize the quoted language or paraphrase the selected NHTSA publications. Graco denies all other allegations, including footnotes, in paragraph 6.

7.      Graco denies the allegations in paragraph 7.

8.     Graco admits that its booster seats comply with all applicable government standards and regulations, and that its booster seats also undergo additional testing beyond what government regulations require. Graco denies the allegations in paragraph 8 to the extent they purport to interpret, characterize, or paraphrase Graco's website or marketing materials, and denies all other allegations, including footnotes, in paragraph 8.

9.     Graco admits that federal regulations set standards for certain types of impact testing but currently do not require or set standards for side-impact testing. Graco further admits that it performs side-impact testing on its booster seats in the highback use mode, even though federal regulations do not require such testing, and that Graco has its own testing protocol for side-impact testing which evaluates occupant retention. Graco denies the allegations in paragraph 9 to the extent they purport to interpret, characterize, or paraphrase Graco's website or marketing materials as being misleading, and denies all other allegations, including footnotes, in paragraph 9.

10.     Graco denies the allegations, including footnotes, in paragraph 10.

11.     Graco denies the allegations, including footnotes and partially excerpted images, in paragraph 11.

12.     Graco denies the allegations, including partially excerpted images, in paragraph 12.

13.     Graco denies the allegations in paragraph 13.

14.     Graco denies the allegations in paragraph 14.

15.     Graco admits that staff members for two members from one political party of a House subcommittee published the December 10, 2020 staff report referenced in paragraph 15. Graco denies that this staff report "details the Subcommittee's findings" or "investigation" because the staff report was written by staff for members of one political party without having conducted any hearing and without reflecting views from the other party or the subcommittee as a whole, and the staff report was neither approved by the House Committee on Oversight and Reform nor published in the Congressional Record. Graco denies all other allegations, including footnotes, in paragraph 15.

16.     Graco admits that Plaintiffs have quoted an excerpt of the staff report referenced in paragraph 15, but Graco denies the allegations in paragraph 16 to the extent they purport to interpret or characterize the quoted language or paraphrase the staff report. Graco denies all other allegations, including footnotes, in paragraph 16.

17.     Graco denies that Plaintiffs, and any putative class members they seek to represent, have any viable claims or are entitled to relief of any kind, and further

denies that this action can be certified as a class action. Graco denies all other allegations in paragraph 17.

## II. PARTIES

### A.    Defendant

18.    Graco admits that it is a Delaware Corporation with its principal place of business in Georgia. Graco further admits that it currently designs, markets, sells, and distributes certain booster seats in the United States. Graco denies all other allegations in paragraph 18.

### B.    Plaintiffs

#### 1.    Alabama Plaintiff

##### i.    Lakeisha Purter

19.    Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19, and on that basis, denies those allegations.

20.    Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20, all of which relate to Plaintiff Purter's actions or state of mind, and on that basis, Graco denies those allegations. To the extent allegations in paragraph 20 purport to include characterizations of Graco's products or packaging, those characterizations are inaccurate and Graco denies those allegations.

21.   Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21, all of which relate to Plaintiff Purter's actions, state of mind, or personal circumstances, and on that basis, Graco denies those allegations.  To the extent allegations in paragraph 21 purport to include characterizations of Graco's products or packaging, those characterizations are inaccurate and Graco denies those allegations.

22.   Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22, all of which relate to Plaintiff Purter's state of mind, and on that basis, Graco denies those allegations.  To the extent allegations in paragraph 22 purport to include characterizations of Graco's products or packaging, those characterizations are inaccurate and Graco denies those allegations.

**2.   California Plaintiffs**

**i.   Australia English**

23.   Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23, and on that basis, denies those allegations.

24.   Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24, all of which relate to Plaintiff

English's actions or state of mind, and on that basis, Graco denies those allegations. To the extent allegations in paragraph 24 purport to include characterizations of Graco's products or packaging, those characterizations are inaccurate and Graco denies those allegations.

25.    Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25, all of which relate to Plaintiff English's actions, state of mind, or personal circumstances, and on that basis, Graco denies those allegations.  To the extent allegations in paragraph 25 purport to include characterizations of Graco's products or packaging, those characterizations are inaccurate and Graco denies those allegations.

26.    Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26, all of which relate to Plaintiff English's state of mind, and on that basis, Graco denies those allegations.  To the extent allegations in paragraph 26 purport to include characterizations of Graco's products or packaging, those characterizations are inaccurate and Graco denies those allegations.

**ii.    Emilio Pensado, Jr.**

27.     Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27, and on that basis, denies those allegations.

28.     Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28, all of which relate to Plaintiff Pensado Jr.'s actions or state of mind, and on that basis, Graco denies those allegations.   To the extent allegations in paragraph 28 purport to include characterizations of Graco's products or packaging, those characterizations are inaccurate and Graco denies those allegations.

29.     Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29, all of which relate to Plaintiff Pensado Jr.'s actions, state of mind, or personal circumstances, and on that basis, Graco denies those allegations.  To the extent allegations in paragraph 29 purport to include characterizations of Graco's products or packaging, those characterizations are inaccurate and Graco denies those allegations.

30.     Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30, all of which relate to Plaintiff Pensado Jr.'s state of mind, and on that basis, Graco denies those allegations.  To the extent allegations in paragraph 30 purport to include characterizations of Graco's

products or packaging, those characterizations are inaccurate and Graco denies those allegations.

### 3. Florida Plaintiff

#### i. Ashley Grabowski

31.    Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31, and on that basis, denies those allegations.

32.    Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32, all of which relate to Plaintiff Grabowski's actions or state of mind, and on that basis, Graco denies those allegations.   To the extent allegations in paragraph 32 purport to include characterizations of Graco's products or packaging, those characterizations are inaccurate and Graco denies those allegations.

33.    Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33, all of which relate to Plaintiff Grabowski's actions, state of mind, or personal circumstances, and on that basis, Graco denies those allegations.  To the extent allegations in paragraph 33 purport to include characterizations of Graco's products or packaging, those characterizations are inaccurate and Graco denies those allegations.

34.     Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34, all of which relate to Plaintiff Grabowski's state of mind, and on that basis, Graco denies those allegations.  To the extent allegations in paragraph 34 purport to include characterizations of Graco's products or packaging, those characterizations are inaccurate and Graco denies those allegations.

### 4.     Georgia Plaintiffs

### i.     Kellie Carder

35.     Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35, and on that basis, denies those allegations.

36.     Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36, all of which relate to Plaintiff Carder's actions or state of mind, and on that basis, Graco denies those allegations. To the extent allegations in paragraph 36 purport to include characterizations of Graco's products or packaging, those characterizations are inaccurate and Graco denies those allegations.

37.     Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37, all of which relate to Plaintiff

Carder's actions, state of mind, or personal circumstances, and on that basis, Graco denies those allegations.  To the extent allegations in paragraph 37 purport to include characterizations of Graco's products or packaging, those characterizations are inaccurate and Graco denies those allegations.

38.    Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38, all of which relate to Plaintiff Carder's state of mind, and on that basis, Graco denies those allegations.  To the extent allegations in paragraph 38 purport to include characterizations of Graco's products or packaging, those characterizations are inaccurate and Graco denies those allegations.

### ii.    Rejenna Chavez

39.    Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39, and on that basis, denies those allegations.

40.    Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40, all of which relate to Plaintiff Chavez's actions or state of mind, and on that basis, Graco denies those allegations. To the extent allegations in paragraph 40 purport to include characterizations of

Graco's products or packaging, those characterizations are inaccurate and Graco denies those allegations.

41.    Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41, all of which relate to Plaintiff Chavez's actions, state of mind, or personal circumstances, and on that basis, Graco denies those allegations.  To the extent allegations in paragraph 41 purport to include characterizations of Graco's products or packaging, those characterizations are inaccurate and Graco denies those allegations.

42.    Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42, all of which relate to Plaintiff Chavez's state of mind, and on that basis, Graco denies those allegations.  To the extent allegations in paragraph 42 purport to include characterizations of Graco's products or packaging, those characterizations are inaccurate and Graco denies those allegations.

### 5.    Illinois Plaintiffs

#### i.    Elizabeth Davis-Berg

43.    Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43, and on that basis, denies those allegations.

44.     Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44, all of which relate to Plaintiff Davis-Berg's actions or state of mind, and on that basis, Graco denies those allegations. To the extent allegations in paragraph 44 purport to include characterizations of Graco's products or packaging, those characterizations are inaccurate and Graco denies those allegations.

45.     Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45, all of which relate to Plaintiff Davis-Berg's actions, state of mind, or personal circumstances, and on that basis, Graco denies those allegations.  To the extent allegations in paragraph 45 purport to include characterizations of Graco's products or packaging, those characterizations are inaccurate and Graco denies those allegations.

46.     Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46, all of which relate to Plaintiff Davis-Berg's state of mind, and on that basis, Graco denies those allegations.  To the extent allegations in paragraph 46 purport to include characterizations of Graco's products or packaging, those characterizations are inaccurate and Graco denies those allegations.

47.   Graco denies that Plaintiff Davis-Berg provided adequate pre-suit notice.

### ii.   Shannon Hager

48.   Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48, and on that basis, denies those allegations.

49.   Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49, all of which relate to Plaintiff Hager's actions or state of mind, and on that basis, Graco denies those allegations. To the extent allegations in paragraph 49 purport to include characterizations of Graco's products or packaging, those characterizations are inaccurate and Graco denies those allegations.

50.   Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50, all of which relate to Plaintiff Hager's actions, state of mind, or personal circumstances, and on that basis, Graco denies those allegations. To the extent allegations in paragraph 50 purport to include characterizations of Graco's products or packaging, those characterizations are inaccurate and Graco denies those allegations.

51.     Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51, all of which relate to Plaintiff Hager's state of mind, and on that basis, Graco denies those allegations.  To the extent allegations in paragraph 51 purport to include characterizations of Graco's products or packaging, those characterizations are inaccurate and Graco denies those allegations.

52.     Graco denies that Plaintiff Hager provided adequate pre-suit notice.

### 6.     Massachusetts Plaintiff

#### i.     Lauren Arnold

53.     Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53, and on that basis, denies those allegations.

54.     Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54, all of which relate to Plaintiff Arnold's actions or state of mind, and on that basis, Graco denies those allegations. To the extent allegations in paragraph 54 purport to include characterizations of Graco's products or packaging, those characterizations are inaccurate and Graco denies those allegations.

55.     Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55, all of which relate to Plaintiff Arnold's actions, state of mind, or personal circumstances, and on that basis, Graco denies those allegations.  To the extent allegations in paragraph 55 purport to include characterizations of Graco's products or packaging, those characterizations are inaccurate and Graco denies those allegations.

56.     Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56, all of which relate to Plaintiff Arnold's state of mind, and on that basis, Graco denies those allegations.  To the extent allegations in paragraph 56 purport to include characterizations of Graco's products or packaging, those characterizations are inaccurate and Graco denies those allegations.

### 7.     New Jersey Plaintiff

#### i.     Leticia Rivera

57.     Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57, and on that basis, denies those allegations.

58.     Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58, all of which relate to Plaintiff

Rivera's actions or state of mind, and on that basis, Graco denies those allegations. To the extent allegations in paragraph 58 purport to include characterizations of Graco's products or packaging, those characterizations are inaccurate and Graco denies those allegations.

59.     Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59, all of which relate to Plaintiff Rivera's actions, state of mind, or personal circumstances, and on that basis, Graco denies those allegations.  To the extent allegations in paragraph 59 purport to include characterizations of Graco's products or packaging, those characterizations are inaccurate and Graco denies those allegations.

60.     Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60, all of which relate to Plaintiff Rivera's state of mind, and on that basis, Graco denies those allegations.  To the extent allegations in paragraph 60 purport to include characterizations of Graco's products or packaging, those characterizations are inaccurate and Graco denies those allegations.

### 8.     New York Plaintiff

#### i.     Silvia Tehomilić

61.     Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61, and on that basis, denies those allegations.

62.     Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62, all of which relate to Plaintiff Tehomilić's actions or state of mind, and on that basis, Graco denies those allegations.   To the extent allegations in paragraph 62 purport to include characterizations of Graco's products or packaging, those characterizations are inaccurate and Graco denies those allegations.

63.     Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63, all of which relate to Plaintiff Tehomilić's actions, state of mind, or personal circumstances, and on that basis, Graco denies those allegations.  To the extent allegations in paragraph 63 purport to include characterizations of Graco's products or packaging, those characterizations are inaccurate and Graco denies those allegations.

64.     Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64, all of which relate to Plaintiff Tehomilić's state of mind, and on that basis, Graco denies those allegations.  To the extent allegations in paragraph 64 purport to include characterizations of Graco's

products or packaging, those characterizations are inaccurate and Graco denies those allegations.

65.    Graco denies that it violated any express or implied warranty of any state, including New York. Graco denies that Plaintiff Tehomilić provided adequate pre-suit notice.

### 9.    North Carolina Plaintiff

### i.    Kimberi Sanford

66.    Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66, and on that basis, denies those allegations.

67.    Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67, all of which relate to Plaintiff Sanford's actions or state of mind, and on that basis, Graco denies those allegations. To the extent allegations in paragraph 67 purport to include characterizations of Graco's products or packaging, those characterizations are inaccurate and Graco denies those allegations.

68.    Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68, all of which relate to Plaintiff Sanford's actions, state of mind, or personal circumstances, and on that basis, Graco

denies those allegations.  To the extent allegations in paragraph 68 purport to include characterizations of Graco's products or packaging, those characterizations are inaccurate and Graco denies those allegations.

69.     Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69, all of which relate to Plaintiff Sanford's state of mind, and on that basis, Graco denies those allegations.  To the extent allegations in paragraph 69 purport to include characterizations of Graco's products or packaging, those characterizations are inaccurate and Graco denies those allegations.

### 10.     Ohio Plaintiffs

#### i.     Julie Clarke

70.     Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70, and on that basis, denies those allegations.

71.     Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71, all of which relate to Plaintiff Clarke's actions or state of mind, and on that basis, Graco denies those allegations. To the extent allegations in paragraph 71 purport to include characterizations of

Graco's products or packaging, those characterizations are inaccurate and Graco denies those allegations.

72.     Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72, all of which relate to Plaintiff Clarke's actions, state of mind, or personal circumstances, and on that basis, Graco denies those allegations.  To the extent allegations in paragraph 72 purport to include characterizations of Graco's products or packaging, those characterizations are inaccurate and Graco denies those allegations.

73.     Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73, all of which relate to Plaintiff Clarke's state of mind, and on that basis, Graco denies those allegations.  To the extent allegations in paragraph 73 purport to include characterizations of Graco's products or packaging, those characterizations are inaccurate and Graco denies those allegations.

### ii.     Jennifer Murphy

74.     Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74, and on that basis, denies those allegations.

75.     Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75, all of which relate to Plaintiff Murphy's actions or state of mind, and on that basis, Graco denies those allegations. To the extent allegations in paragraph 75 purport to include characterizations of Graco's products or packaging, those characterizations are inaccurate and Graco denies those allegations.

76.     Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76, all of which relate to Plaintiff Murphy's actions, state of mind, or personal circumstances, and on that basis, Graco denies those allegations.  To the extent allegations in paragraph 76 purport to include characterizations of Graco's products or packaging, those characterizations are inaccurate and Graco denies those allegations.

77.     Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77, all of which relate to Plaintiff Murphy's state of mind, and on that basis, Graco denies those allegations.  To the extent allegations in paragraph 77 purport to include characterizations of Graco's products or packaging, those characterizations are inaccurate and Graco denies those allegations.

### 11.    Oklahoma Plaintiff

#### i.    Lauranda Atnip

78.    Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78, and on that basis, denies those allegations.

79.    Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79, all of which relate to Plaintiff Atnip's actions or state of mind, and on that basis, Graco denies those allegations. To the extent allegations in paragraph 79 purport to include characterizations of Graco's products or packaging, those characterizations are inaccurate and Graco denies those allegations.

80.    Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80, all of which relate to Plaintiff Atnip's actions, state of mind, or personal circumstances, and on that basis, Graco denies those allegations. To the extent allegations in paragraph 80 purport to include characterizations of Graco's products or packaging, those characterizations are inaccurate and Graco denies those allegations.

81.    Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 81, all of which relate to Plaintiff

Atnip's state of mind, and on that basis, Graco denies those allegations. To the extent allegations in paragraph 81 purport to include characterizations of Graco's products or packaging, those characterizations are inaccurate and Graco denies those allegations.

### 12.    Oregon Plaintiffs

#### i.    Corallyn Flory

82.    Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82, and on that basis, denies those allegations.

83.    Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83, all of which relate to Plaintiff Flory's actions or state of mind, and on that basis, Graco denies those allegations. To the extent allegations in paragraph 83 purport to include characterizations of Graco's products or packaging, those characterizations are inaccurate and Graco denies those allegations.

84.    Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84, all of which relate to Plaintiff Flory's actions, state of mind, or personal circumstances, and on that basis, Graco denies those allegations. To the extent allegations in paragraph 84 purport to include

characterizations of Graco's products or packaging, those characterizations are inaccurate and Graco denies those allegations.

85.    Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85, all of which relate to Plaintiff Flory's state of mind, and on that basis, Graco denies those allegations.  To the extent allegations in paragraph 85 purport to include characterizations of Graco's products or packaging, those characterizations are inaccurate and Graco denies those allegations.

### ii.    Carl Nelson

86.    Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86, and on that basis, denies those allegations.

87.    Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87, all of which relate to Plaintiff Nelson's actions or state of mind, and on that basis, Graco denies those allegations. To the extent allegations in paragraph 87 purport to include characterizations of Graco's products or packaging, those characterizations are inaccurate and Graco denies those allegations.

88.    Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88, all of which relate to Plaintiff Nelson's actions, state of mind, or personal circumstances, and on that basis, Graco denies those allegations.  To the extent allegations in paragraph 88 purport to include characterizations of Graco's products or packaging, those characterizations are inaccurate and Graco denies those allegations.

89.    Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89, all of which relate to Plaintiff Nelson's state of mind, and on that basis, Graco denies those allegations.  To the extent allegations in paragraph 89 purport to include characterizations of Graco's products or packaging, those characterizations are inaccurate and Graco denies those allegations.

### 13.    Pennsylvania Plaintiffs

#### i.    Lisa Francoforte

90.    Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90, and on that basis, denies those allegations.

91.    Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91, all of which relate to Plaintiff

Francoforte's actions or state of mind, and on that basis, Graco denies those allegations. To the extent allegations in paragraph 91 purport to include characterizations of Graco's products or packaging, those characterizations are inaccurate and Graco denies those allegations.

92. Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92, all of which relate to Plaintiff Francoforte's actions, state of mind, or personal circumstances, and on that basis, Graco denies those allegations. To the extent allegations in paragraph 92 purport to include characterizations of Graco's products or packaging, those characterizations are inaccurate and Graco denies those allegations.

93. Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93, all of which relate to Plaintiff Francoforte's state of mind, and on that basis, Graco denies those allegations. To the extent allegations in paragraph 93 purport to include characterizations of Graco's products or packaging, those characterizations are inaccurate and Graco denies those allegations.

ii.     **Cheryl Varlaro**

94.     Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94, and on that basis, denies those allegations.

95.     Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95, all of which relate to Plaintiff Varlaro's actions or state of mind, and on that basis, Graco denies those allegations. To the extent allegations in paragraph 95 purport to include characterizations of Graco's products or packaging, those characterizations are inaccurate and Graco denies those allegations.

96.     Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96, all of which relate to Plaintiff Varlaro's actions, state of mind, or personal circumstances, and on that basis, Graco denies those allegations. To the extent allegations in paragraph 96 purport to include characterizations of Graco's products or packaging, those characterizations are inaccurate and Graco denies those allegations.

97.     Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97, all of which relate to Plaintiff Varlaro's state of mind, and on that basis, Graco denies those allegations. To the

extent allegations in paragraph 97 purport to include characterizations of Graco's products or packaging, those characterizations are inaccurate and Graco denies those allegations.

### 14.   Texas Plaintiff

#### i.   Elizabeth Arellano

98.   Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98, and on that basis, denies those allegations.

99.   Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 99, all of which relate to Plaintiff Arellano's actions or state of mind, and on that basis, Graco denies those allegations. To the extent allegations in paragraph 99 purport to include characterizations of Graco's products or packaging, those characterizations are inaccurate and Graco denies those allegations.

100.   Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100, all of which relate to Plaintiff Arellano's actions, state of mind, or personal circumstances, and on that basis, Graco denies those allegations.   To the extent allegations in paragraph 100 purport to

include characterizations of Graco's products or packaging, those characterizations are inaccurate and Graco denies those allegations.

101.   Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 101, all of which relate to Plaintiff Arellano's state of mind, and on that basis, Graco denies those allegations.  To the extent allegations in paragraph 101 purport to include characterizations of Graco's products or packaging, those characterizations are inaccurate and Graco denies those allegations.

### 15.   West Virginia Plaintiff

#### i.   Jean Leffingwell

102.   Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 102, and on that basis, denies those allegations.

103.   Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 103, all of which relate to Plaintiff Leffingwell's actions or state of mind, and on that basis, Graco denies those allegations.   To the extent allegations in paragraph 103 purport to include characterizations of Graco's products or packaging, those characterizations are inaccurate and Graco denies those allegations.

104.   Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104, all of which relate to Plaintiff Leffingwell's actions, state of mind, or personal circumstances, and on that basis, Graco denies those allegations.  To the extent allegations in paragraph 104 purport to include characterizations of Graco's products or packaging, those characterizations are inaccurate and Graco denies those allegations.

105.   Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105, all of which relate to Plaintiff Leffingwell's state of mind, and on that basis, Graco denies those allegations.  To the extent allegations in paragraph 105 purport to include characterizations of Graco's products or packaging, those characterizations are inaccurate and Graco denies those allegations.

106.   Graco expressly denies that it breached any express warranties or implied warranties of merchantability and denies that it violated the consumer protection laws of any state. Graco denies that Plaintiffs provided reasonable notice and opportunity to cure its purported breaches and violations. The remaining allegations in paragraph 106 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information

sufficient to form a belief as to the truth of the allegations in paragraph 106, and on that basis, denies those allegations.

107.   The allegations in paragraph 107 state legal conclusions to which no response is required. To the extent a response is deemed required, Graco states it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 107. To the extent paragraph 107 is deemed to assert allegations of wrongdoing, liability, or damages attributable to Graco, they are denied.

### III. <u>JURISDICTION AND VENUE</u>

108.   The allegations in paragraph 108 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 108, and on that basis, denies those allegations.

109.   The allegations in paragraph 109 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 109, and on that basis, denies those allegations.

110.   The allegations in paragraph 110 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without

knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 110, and on that basis, denies those allegations.

111.   The allegations in paragraph 111 state legal conclusions to which no response is required. To the extent an answer is required, Graco admits that its principal place of business is in Georgia and that the children's products that it distributes can be purchased in Georgia.

112.   The allegations in paragraph 112 state legal conclusions to which no response is required. To the extent an answer is required, Graco admits that its principal place of business is in Georgia.

## IV. GENERAL FACTUAL ALLEGATIONS

### A.   Background of Graco

113.   Graco admits that it currently markets and sells various children's products, such as a full range of car seats including infant car seats and bases, toddler car seats, convertible car seats, harness booster car seats, and belt positioning booster car seats, in the United States, and that its products are available to be purchased at various physical and on-line retailers. Graco denies all other allegations in paragraph 113.

**B.     The Development of Car Seats**

114.   Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 114, and on that basis, denies those allegations.

115.   Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 115, and on that basis, denies those allegations.

116.   Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations, including footnotes, in paragraph 116, and on that basis, denies those allegations.

117.   Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 117, and on that basis, denies those allegations.

118.   Graco admits that various organizations have issued information, recommendations, and guidelines regarding the proper use of booster seats. Graco denies all other allegations in paragraph 118.

119.   Graco admits that Plaintiffs have quoted an excerpt of a 1989 AAP publication, and that the publication speaks for itself, but Graco denies the allegations in paragraph 119 to the extent they purport to interpret or characterize

the quoted language or paraphrase the selected AAP publications. Graco denies all other allegations in paragraph 119.

120.   Graco admits that Plaintiffs have quoted an excerpt of a 1992 NHTSA publication, and that the publication speaks for itself, but Graco denies the allegations in paragraph 120 to the extent they purport to interpret or characterize the quoted language or paraphrase the selected NHTSA publication. Graco denies all other allegations, including footnotes, in paragraph 120.

121.   Graco admits that NHTSA has developed regulations applicable to child passenger safety and that AAP has issued recommendations related to child passenger safety, and that both NHTSA's regulations and AAP's recommendations have changed over time. Graco is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 121, and on that basis, denies those allegations.

122.   Graco admits that states have regulated child car seats, including with respect to safety, and that such states' regulations have changed over time. Graco is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 122, and on that basis, denies those allegations.

123.   Graco admits that Plaintiffs have quoted an excerpt of a 2010 NHTSA publication, and that the publication speaks for itself, but Graco denies the

allegations in paragraph 123 to the extent they purport to interpret or characterize the quoted language or paraphrase the selected NHTSA publication. Graco also admits that convertible and combination child car seats often use integrated harnesses as part of the child restraint system. Graco denies all other allegations, including footnotes, in paragraph 123.

124.   Graco admits that, in 2011, NHTSA issued updated guidelines, and AAP issued revised recommendations, related to child car seat usage, which speak for themselves. Graco denies the allegations in paragraph 124 to the extent they purport to interpret, characterize, or paraphrase the referenced NHTSA guidelines or AAP recommendations. Graco denies all other allegations, including footnotes, in paragraph 124.

125.   Graco admits that paragraph 125 references and excerpts an image from a publication reflecting certain AAP recommendations, which speaks for itself. Graco denies the allegations in paragraph 125 to the extent they purport to interpret, characterize, or paraphrase the referenced publication. Graco denies all other allegations, including footnotes, in paragraph 125.

126.   Graco admits that AAP's recommendations related to child car seat usage and safety have changed over time, and that AAP's various recommendations over time speak for themselves. Graco further admits that certain harnessed car seats

currently are designed to restrain a child weighing up to 65 pounds. Graco denies the allegations in paragraph 126 to the extent they purport to summarize, interpret, characterize, or paraphrase AAP's various recommendations over time. Graco denies all other allegations, including footnotes, in paragraph 126.

127.   Graco admits that Plaintiffs have quoted an excerpt of an AAP publication, and that the publication speaks for itself, but Graco denies the allegations in paragraph 127 to the extent they purport to interpret or characterize the quoted language or paraphrase the selected AAP publication or recommendation. Graco denies all other allegations in paragraph 127.

128.   Graco denies the allegations in paragraph 128.

129.   Graco denies the allegations in paragraph 129, which purport to "contrast" with the allegations of paragraph 128.

## C.   Graco Introduces the Booster Seats

130.   Graco admits that its TurboBooster model of belt positioning booster car seats was first made available for purchase in the United States in 2002, and that the TurboBooster seat is designed so that when used properly a child sitting in the seat is correctly positioned to be secured by the vehicle restraint system. Graco denies all other allegations in paragraph 130.

131.   Graco admits that prior to 2002, its managers requested approval for the development and production of the TurboBooster. Graco denies all other allegations in paragraph 131.

132.   Graco denies the allegations in paragraph 132.

133.   Graco admits that its TurboBooster model of belt positioning booster car seats are available to be purchased at various physical and on-line retailers in the United States, that it also distributes another model of belt positioning booster car seats called an Affix, in both backless and highback versions. Graco denies all other allegations in paragraph 133.

134.   Graco denies the allegations in paragraph 134.

**D.   Despite Conclusive Evidence That Its Products Are Dangerous For Children Within The Weight Range It Specifies, Graco Markets Its Booster Seats As Safe For Children Under 40 Pounds and Side-Impact Tested.**

135.   Graco admits that Plaintiffs have quoted excerpts of language appearing on Graco's website at one point in time, but Graco denies the allegations in paragraph 135 to the extent they purport to interpret or characterize the quoted language or paraphrase Graco's website. Graco denies all other allegations, including footnotes, in paragraph 135.

136.   Graco admits that its promotional materials reference side-impact testing performed to demonstrate occupant retention. Graco denies all other allegations in paragraph 136.

137.   Graco denies the allegations in paragraph 137.

138.   Graco admits that its booster seats comply with the regulations of the jurisdictions in which it distributes its products, including Canada, and that those regulations speak for themselves. Graco denies all other allegations, including footnotes, in paragraph 138.

139.   Graco admits that its booster seats comply with the regulations of the jurisdictions in which it distributes its products, including Canada, and that those regulations speak for themselves. Graco denies all other allegations, including footnotes and partially excerpted images, in paragraph 139.

140.   Graco admits that its booster seats comply with the regulations of the jurisdictions in which it distributes its products, including the United States, and that those regulations speak for themselves. Graco denies all other allegations, including footnotes and partially excerpted images, in paragraph 140.

141.   Graco admits that it periodically revises instruction manuals for its products and that its manuals continue to meet the federal regulations and requirements for child-restraint systems and such system's labeling and manuals.

Graco denies all other allegations, including footnotes and partially excerpted images, in paragraph 141.

142. Graco denies the allegations, including footnotes and partially excerpted images, in paragraph 142.

143. Graco denies the allegations, including partially excerpted images, in paragraph 143.

144. Graco denies the allegations in paragraph 144.

145. Graco denies the allegations in paragraph 145.

**E.    Even After the ProPublica Exposé, Graco Markets Its Booster Seats As Safe For Children Under 40 Pounds.**

146. Graco admits that paragraph 146 references certain retailers' websites and that those websites speak for themselves. Graco denies all other allegations in paragraph 146.

147. Graco admits that paragraph 147 references certain retailers' websites and that those websites speak for themselves. Graco denies all other allegations, including footnotes and partially excerpted images, in paragraph 147.

148. Graco admits that paragraph 148 references certain retailers' websites and that those websites speak for themselves. Graco denies all other allegations, including footnotes and partially excerpted images, in paragraph 148.

149.   Graco admits that paragraph 149 references certain retailers' websites and that those websites speak for themselves. Graco denies all other allegations, including footnotes and partially excerpted images, in paragraph 149.

150.   Graco admits that paragraph 150 references certain retailers' websites and that those websites speak for themselves. Graco denies all other allegations, including footnotes and partially excerpted images, in paragraph 150.

151.   Graco denies the allegations, including footnotes and partially excerpted images, in paragraph 151.

152.   Graco admits that Plaintiffs have quoted an excerpt of an AAP publication, and that the publication speaks for itself, but Graco denies the allegations in paragraph 152 to the extent they purport to interpret or characterize the quoted language or paraphrase the selected AAP publication. Graco denies all other allegations, including footnotes, in paragraph 152.

153.   Graco admits that Plaintiffs have quoted excerpts from certain AAP publications, and that the publications speak for themselves, but Graco denies the allegations in paragraph 153 to the extent they purport to interpret, characterize or put in proper context the quoted language or paraphrase the selected AAP publications. Graco denies all other allegations, including footnotes, in paragraph 153.

154.   Graco admits that paragraph 154 references a retailer's website and that the website speaks for itself. Graco denies all other allegations, including footnotes and partially excerpted images, in paragraph 154.

155.   Graco admits that its products include a full range of child-restraint systems for use in motor vehicles, which includes restraints that can accommodate children who weigh up to 65 pounds in a forward-facing harnessed configuration. Graco denies all other allegations, including footnotes, in paragraph 155.

**F.  Graco Markets Its Booster Seats As "Side Impact Tested" And Safe For Children Under 40 Pounds, Despite Conclusive Contrary Evidence From Side-Impact Testing.**

156.   Graco admits that Plaintiffs have quoted excerpts of language appearing on Graco's website at one point in time, but Graco denies the allegations in paragraph 156 to the extent they purport to interpret or characterize the quoted language or paraphrase Graco's website. Graco denies all other allegations, including footnotes, in paragraph 156.

157.   Graco admits that Plaintiffs have quoted excerpts of language appearing on Graco's website at one point in time, but Graco denies the allegations in paragraph 157 to the extent they purport to interpret or characterize the quoted language or paraphrase Graco's website. Graco further admits that it has stated that

its booster seats meet or exceed the U.S. Federal Motor Vehicle Safety Standard 213. Graco denies all other allegations, including footnotes, in paragraph 157.

158.   Graco denies the allegations in paragraph 158.

159.   Graco denies the allegations in paragraph 159.

160.   Graco denies the allegations, including footnotes, in paragraph 160.

161.   Graco admits that some of its materials related to its highback booster seats, at certain points in time, have included the phrase "Side-Impact tested for occupant retention."

162.   Graco admits that at certain times "side impact tested" has appeared on some of its child car seat products. Graco denies all other allegations, including partially excerpted images, in paragraph 162.

163.   Graco denies the allegations in paragraph 163.

164.   Graco denies the allegations, including footnotes, in paragraph 164.

165.   Graco admits that it self-certifies compliance with FMVSS 213. Graco further admits that it "does not publish or share internal car seat test results as car seat ratings and external test results can be found on the National Highway Traffic Safety Administration's (NHTSA) website." Graco denies all other allegations, including footnotes, in paragraph 165.

166.   Graco denies the allegations in paragraph 166.

167.    Graco denies the allegations, including footnotes, in paragraph 167.

168.    Graco denies the allegations, including footnotes and partially excerpted images, in paragraph 168.

169.    Graco denies the allegations in paragraph 169.

170.    Graco denies the allegations in paragraph 170.

171.    Graco denies the allegations in paragraph 171.

172.    Graco denies the allegations in paragraph 172.

173.    Graco denies the allegations in paragraph 173.

## G.    U.S. House of Representatives' Investigates Misleading Marketing Tactics Used by Booster Seat Manufacturers

174.    Graco admits that staff members for two members, from one political party, of a House subcommittee published the December 10, 2020 staff report referenced in paragraph 174. Graco denies that a House Subcommittee "issued" this staff report because the staff report was written by staff for members of one political party without having conducted any hearing and without reflecting views from the other party or the subcommittee as a whole, and the staff report was neither approved by the House Committee on Oversight and Reform nor published in the Congressional Record. Graco denies all other allegations, including footnotes, in paragraph 174.

175.   Graco admits that Plaintiffs have quoted an excerpt of the staff report referenced in paragraph 174, but Graco denies the allegations in paragraph 175 to the extent they purport to interpret or characterize the quoted language or paraphrase the staff report. Graco also denies that the staff report reflects "the Subcommittee investigation" because the staff report was written by staff for members of one political party without having conducted any hearing and without reflecting views from the other party or the subcommittee as a whole, and the staff report was neither approved by the House Committee on Oversight and Reform nor published in the Congressional Record. Graco denies all other allegations, including footnotes, in paragraph 175.

176.   Graco admits that Plaintiffs have quoted excerpts of the staff report referenced in paragraph 174, but Graco denies the allegations in paragraph 176 to the extent they purport to interpret or characterize the quoted language or paraphrase the staff report. Graco also denies that the staff report reflects any "conclusions" reached or "findings" made by "the Subcommittee" because the staff report was written by staff for members of one political party without having conducted any hearing and without reflecting views from the other party or the subcommittee as a whole, and the staff report was neither approved by the House Committee on

Oversight and Reform nor published in the Congressional Record. Graco denies all other allegations, including footnotes, in paragraph 176.

177.   Graco admits that Plaintiffs have quoted an excerpt of the staff report referenced in paragraph 174, but Graco denies the allegations in paragraph 177 to the extent they purport to interpret or characterize the quoted language or paraphrase the staff report. Graco also denies that the staff report reflects any "observation" of "the Subcommittee" because the staff report was written by staff for members of one political party without having conducted any hearing and without reflecting views from the other party or the subcommittee as a whole, and the staff report was neither approved by the House Committee on Oversight and Reform nor published in the Congressional Record. Graco denies all other allegations, including footnotes, in paragraph 177.

## V. TOLLING AND ESTOPPEL OF STATUTE OF LIMITATIONS

178.   Graco denies the allegations in paragraph 178.

## A.   Continuing Act Tolling

179.   Graco denies the allegations in paragraph 179.

180.   Graco denies the allegations in paragraph 180.

181.   Graco denies the allegations in paragraph 181.

**B.    Fraudulent Concealment Tolling**

182.   Graco denies the allegations in paragraph 182.

183.   The allegations in paragraph 183 state legal conclusions to which no response is required. To the extent paragraph 183 is deemed to assert allegations of wrongdoing, liability, or damages attributable to Graco, they are denied. Graco denies all other allegations in paragraph 183.

184.   Graco denies the allegations in paragraph 184.

185.   Graco denies the allegations in paragraph 185.

186.   Graco denies the allegations in paragraph 186.

187.   Graco denies the allegations in paragraph 187.

**C.    Discovery Rule Tolling**

188.   Graco denies the allegations in paragraph 188.

189.   Graco denies the allegations in paragraph 189.

190.   Graco denies the allegations in paragraph 190.

191.   The allegations in paragraph 191 state legal conclusions to which no response is required. To the extent an answer is required, Graco denies the allegations in paragraph 191.

**D.    Estoppel**

192.   Graco denies the allegations in paragraph 192.

193.   Graco denies the allegations in paragraph 193.

194.   The allegations in paragraph 194 state legal conclusions to which no response is required. To the extent an answer is required, Graco denies the allegations in paragraph 194.

## VI. CLASS ACTION ALLEGATIONS

195.   Graco admits that Plaintiffs purport to represent a nationwide class and various state-specific subclasses, but Graco denies that this action may or should be maintained or properly prosecuted as a class action, denies that the class defined by the Plaintiffs may be certified, and further denies that any class may or should be certified in this action. Graco denies all other allegations in paragraph 195.

196.   Graco admits that Plaintiffs purport to represent a nationwide class and various state-specific subclasses, but Graco denies that this action may or should be maintained or properly prosecuted as a class action, denies that the class defined by the Plaintiffs may be certified, and further denies that any class may or should be certified in this action. Graco denies all other allegations in paragraph 196.

197.   Graco admits that Plaintiffs purport to represent a nationwide class and various state-specific subclasses, but Graco denies that this action may or should be maintained or properly prosecuted as a class action, denies that the class defined by

the Plaintiffs may be certified, and further denies that any class may or should be certified in this action. Graco denies all other allegations in paragraph 197.

198.   Graco admits that Plaintiffs purport to represent a nationwide class and various state-specific subclasses, but Graco denies that this action may or should be maintained or properly prosecuted as a class action, denies that the class defined by the Plaintiffs may be certified, and further denies that any class may or should be certified in this action. Graco denies all other allegations in paragraph 198.

199.   Graco admits that Plaintiffs purport to represent a nationwide class and various state-specific subclasses, but Graco denies that this action may or should be maintained or properly prosecuted as a class action, denies that the class defined by the Plaintiffs may be certified, and further denies that any class may or should be certified in this action. Graco denies all other allegations in paragraph 199, including subparts a-q.

200.   Graco admits that Plaintiffs purport to represent a nationwide class and various state-specific subclasses, but Graco denies that this action may or should be maintained or properly prosecuted as a class action, denies that the class defined by the Plaintiffs may be certified, and further denies that any class may or should be certified in this action. Graco denies all other allegations in paragraph 200.

201.   Graco admits that Plaintiffs purport to represent a nationwide class and various state-specific subclasses, but Graco denies that this action may or should be maintained or properly prosecuted as a class action, denies that the class defined by the Plaintiffs may be certified, and further denies that any class may or should be certified in this action. Graco denies all other allegations in paragraph 201.

202.   Graco admits that Plaintiffs purport to seek declaratory and injunctive relief, but Graco denies that Plaintiffs have suffered any cognizable injury and deny that Plaintiffs and/or any Class member are entitled to the relief requested paragraph 202.

203.   Graco admits that Plaintiffs purport to represent a nationwide class and various state-specific subclasses, but Graco denies that this action may or should be maintained or properly prosecuted as a class action, denies that the class defined by the Plaintiffs may be certified, and further denies that any class may or should be certified in this action. Graco denies all other remaining allegations in paragraph 203.

204.   Graco denies the allegations in paragraph 204.

205.   Graco admits that Plaintiffs purport to represent a nationwide class and various state-specific subclasses, but Graco denies that this action may or should be maintained or properly prosecuted as a class action, denies that the class defined by

the Plaintiffs may be certified, and further denies that any class may or should be certified in this action. Graco denies all other allegations in paragraph 205.

## VII. <u>CAUSES OF ACTION</u>

**A.     Nationwide Claims**

**NATIONWIDE COUNT I**
**VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT**
**15 U.S.C. § 2301, et seq.**
**(On Behalf of Plaintiffs and the Nationwide Class)**

206.   Graco admits that Plaintiffs purport to bring Count I individually and on behalf of a nationwide class, but Graco denies that Plaintiffs have suffered any cognizable injury and denies that Plaintiffs and/or any Class members are entitled to the relief requested.

207.   The allegations in paragraph 207 state legal conclusions to which no response is required. To the extent an answer is required, Graco denies the allegations in paragraph 207.

208.   The allegations in paragraph 208 state legal conclusions to which no response is required. Graco admits that its booster seats are products available for purchase by consumers. Graco denies all other allegations in paragraph 208.

209.   The allegations in paragraph 209 state legal conclusions to which no response is required. To the extent an answer is required, Graco denies the allegations in paragraph 209.

210.   The allegations in paragraph 210 state legal conclusions to which no response is required. To the extent an answer is required, Graco denies the allegations in paragraph 210.

211.   The allegations in paragraph 211 state legal conclusions to which no response is required. To the extent an answer is required, Graco denies the allegations in paragraph 211.

212.   Graco denies the allegations in paragraph 212.

213.   The allegations in paragraph 213 state legal conclusions to which no response is required. To the extent an answer is required, Graco denies the allegations in paragraph 213.

214.   The allegations in paragraph 214 state legal conclusions to which no response is required. To the extent an answer is required, Graco denies the allegations in paragraph 214.

215.   Graco denies the allegations in paragraph 215.

216.   Graco admits that Graco admits that Plaintiffs purport to represent a class, but Graco denies that this action may or should be maintained or properly prosecuted as a class action, denies that the class defined by the Plaintiffs may be certified, and further denies that any class may or should be certified in this action. Answering further, the allegations in paragraph 216 state legal conclusions to which

no response is required. To the extent an answer is required, Graco denies the allegations in paragraph 216.

217.   Graco denies the allegations in paragraph 217.

218.   Graco denies the allegations in paragraph 218.

219.   Graco denies the allegations in paragraph 219.

## NATIONWIDE COUNT II
## COMMON LAW FRAUD
### (On Behalf of Plaintiffs and the Nationwide Class and, in the Alternative, the State Subclasses)

220.   Graco admits that Plaintiffs purport to bring Count II individually and on behalf of a nationwide class, but Graco denies that Plaintiffs have suffered any cognizable injury and denies that Plaintiffs and/or any Class members are entitled to the relief requested.

221.   Graco denies the allegations in paragraph 221, including subparts i-v.

222.   Graco denies the allegations in paragraph 222.

223.   Graco denies the allegations in paragraph 223.

224.   Graco denies the allegations in paragraph 224.

225.   Graco denies the allegations in paragraph 225.

226.   Graco denies the allegations in paragraph 226.

227.   Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 227, and on that basis, denies those allegations.

228.   Graco denies the allegations in paragraph 228.

## NATIONWIDE COUNT III
## COMMON LAW FRAUD
**(On Behalf of Plaintiffs and the Nationwide Class and, in the Alternative, the State Subclasses)**

229.   Graco admits that Plaintiffs purport to bring Count III individually and on behalf of a nationwide class, but Graco denies that Plaintiffs have suffered any cognizable injury and denies that Plaintiffs and/or any Class members are entitled to the relief requested.

230.   Graco denies the allegations in paragraph 230.

231.   Graco denies the allegations in paragraph 231.

232.   Graco denies the allegations in paragraph 232.

233.   The allegations in paragraph 233 state legal conclusions to which no response is required. To the extent a response is required, Graco denies the allegations of paragraph 233.

234.   Graco denies the allegations in paragraph 234.

235.   The allegations in paragraph 235 state legal conclusions to which no response is required. To the extent an answer is required, Graco denies the allegations in paragraph 235, including subparts i-iii.

236.   Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 236, and on that basis, denies those allegations.

237.   Graco denies the allegations in paragraph 237.

238.   Graco denies the allegations in paragraph 238.

239.   Graco denies the allegations in paragraph 239.

240.   Graco denies the allegations in paragraph 240.

241.   Graco denies the allegations in paragraph 241.

242.   Graco denies the allegations in paragraph 242.

## NATIONWIDE COUNT IV
## UNJUST ENRICHMENT
### (On Behalf of Plaintiffs and the Nationwide Class and, in the Alternative, the State Subclasses)

243.   Graco admits that Plaintiffs purport to bring Count IV individually and on behalf of a nationwide class, but Graco denies that Plaintiffs have suffered any cognizable injury and denies that Plaintiffs and/or any Class members are entitled to the relief requested.

244.   The allegations in paragraph 244 state legal conclusions to which no response is required.

245.   Graco denies the allegations in paragraph 245.

246.   Graco denies the allegations in paragraph 246.

247.   Graco denies the allegations in paragraph 247.

## NATIONWIDE COUNT V
## NEGLIGENT MISREPRESENTATION
**(On Behalf of Plaintiffs and the Nationwide Class and, in the Alternative, the State Subclasses)**

248.   Graco admits that Plaintiffs purport to bring Count V individually and on behalf of a nationwide class, but Graco denies that Plaintiffs have suffered any cognizable injury and denies that Plaintiffs and/or any Class members are entitled to the relief requested.

249.   Graco admits the allegations in paragraph 249.

250.   The allegations in paragraph 250 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 250, and on that basis, denies those allegations.

251.   Graco denies the allegations in paragraph 251.

252.   Graco denies the allegations in paragraph 252.

253.   Graco denies the allegations in paragraph 253.

254.   Graco denies the allegations in paragraph 254.

255.   Graco denies the allegations in paragraph 255.

**B.    State-Specific Claims**

      **1.    Alabama**

**ALABAMA COUNT I**
**BREACH OF EXPRESS WARRANTY**
**(Ala. Code § 7-2-313)**

256.   Graco admits that Plaintiff Purter purports to bring this claim individually and on behalf of an Alabama Subclass, but Graco denies that this action may or should be maintained or properly prosecuted as a class action, denies that the class defined by the Plaintiffs may be certified, and further denies that any class may or should be certified in this action.

257.   The allegations in paragraph 257 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 257, and on that basis, denies those allegations.

258.   The allegations in paragraph 258 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 258, and on that basis, denies those allegations.

259.   The allegations in paragraph 259 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 259, and on that basis, denies those allegations.

260.   Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 260 regarding any Plaintiffs' or putative class members' actions or state of mind, and on that basis, Graco denies those allegations. Graco admits only that it has provided a warranty for all of its Booster Seats, which is subject to the terms and conditions set forth in the warranty.

261.   Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 261 regarding any Plaintiffs' or putative class members' actions or state of mind, and on that basis, Graco denies those allegations. Graco admits only that it has provided a warranty for all of its Booster Seats, which is subject to the terms and conditions set forth in the warranty.

262.   The allegations in paragraph 262 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 262, and on that basis, denies those allegations.

263.   Graco denies the allegations in paragraph 263.

264.   Graco denies the allegations in paragraph 264.

265.   Graco denies the allegations in paragraph 265.

## ALABAMA COUNT II
## VIOLATION OF THE ALABAMA DECEPTIVE TRADE PRACTICES ACT
### (Code of Ala. §§ 8-19-1, *et seq.*)

266.   Graco admits that Plaintiff Purter purports to bring this claim individually and on behalf of an Alabama Subclass, but Graco denies that this action may or should be maintained or properly prosecuted as a class action, denies that the class defined by the Plaintiffs may be certified, and further denies that any class may or should be certified in this action.

267.   The allegations in paragraph 267 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 267, and on that basis, denies those allegations.

268.   The allegations in paragraph 268 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 268, and on that basis, denies those allegations.

269.   The allegations in paragraph 269 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without

knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 269, and on that basis, denies those allegations.

270.   Graco admits that it has sold Booster Seats in Alabama. The remaining allegations in paragraph 270 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 270, and on that basis, denies those allegations.

271.   Graco admits that Plaintiffs have quoted excerpts of the ADTPA, but Graco denies the allegations in paragraph 271 to the extent they purport to interpret or characterize the quoted language.

272.   Graco denies the allegations in paragraph 272.

273.   Graco denies the allegations in paragraph 273.

274.   Graco denies the allegations in paragraph 274.

275.   Graco denies the allegations in paragraph 275.

276.   Graco denies the allegations of paragraph 276 to the extent they purport to allege facts regarding Graco's knowledge or actions or regarding Graco's products or packaging.  The remaining allegations in paragraph 276 state legal conclusions to which no response is required, and to the extent an answer is required,

Graco is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

277.   Graco denies the allegations in paragraph 277.

278.   Graco denies that it made any omissions or misrepresentations about the safety of its Booster Seats. The remaining allegations in paragraph 278 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 278, and on that basis, denies those allegations.

279.   Graco denies that it made any omissions or misrepresentations. Graco further denies that its Booster Seats are unsafe in side-impact crash tests.  Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 279 regarding any Plaintiffs' or putative class members' actions or state of mind, and on that basis, Graco denies those allegations.  The remaining allegations in paragraph 279 state legal conclusions to which no response is required, and to the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

280.   Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 280, all of which relate to Plaintiffs' or

putative class members' actions or state of mind, and on that basis, Graco denies those allegations.  To the extent allegations in paragraph 280 purport to include characterizations of Graco's knowledge or actions or its products or packaging, those characterizations are inaccurate and Graco denies those allegations.

281.   Graco denies the allegations the allegations in paragraph 281.

282.   Graco denies that it engaged in unfair and deceptive acts and practices under the ADTPA. The remaining allegations in paragraph 282 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 282, and on that basis, denies those allegations.

283.   Graco denies the allegations the allegations in paragraph 283.

284.   Graco denies the allegations the allegations in paragraph 284.

285.   Graco denies that Plaintiffs provided adequate pre-suit notice.

286.   Graco admits that Plaintiff purports to seek such relief allowed by law, but Graco denies that Plaintiff or any putative class are entitled to the relief requested.

## 2.   California

### CALIFORNIA COUNT I
### BREACH OF EXPRESS WARRANTY
### (Cal. Com. Code § 2313)

287.   Graco admits that Plaintiffs English and Pensado Jr. purports to bring this claim individually and on behalf of a California Subclass, but Graco denies that this action may or should be maintained or properly prosecuted as a class action, denies that the class defined by the Plaintiffs may be certified, and further denies that any class may or should be certified in this action.

288.   The allegations in paragraph 288 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 288, and on that basis, denies those allegations.

289.   The allegations in paragraph 289 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 289, and on that basis, denies those allegations.

290.   The allegations in paragraph 290 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without

knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 290, and on that basis, denies those allegations.

291.   Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 291 regarding any Plaintiffs' or putative class members' actions or state of mind, and on that basis, Graco denies those allegations.  Graco admits only that it has provided a warranty for all of its Booster Seats, which is subject to the terms and conditions set forth in the warranty.

292.   Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 292 regarding any Plaintiffs' or putative class members' actions or state of mind, and on that basis, Graco denies those allegations.  Graco admits only that it has provided a warranty for all of its Booster Seats, which is subject to the terms and conditions set forth in the warranty.

293.   The allegations in paragraph 293 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 293, and on that basis, denies those allegations.

294.   Graco denies the allegations in paragraph 294.

295.   Graco denies the allegations in paragraph 295.

## CALIFORNIA COUNT II
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
### (Cal. Com. Code § 2314)

296.   Graco admits that Plaintiffs English and Pensado Jr. purports to bring this claim individually and on behalf of a California Subclass, but Graco denies that this action may or should be maintained or properly prosecuted as a class action, denies that the class defined by the Plaintiffs may be certified, and further denies that any class may or should be certified in this action.

297.   The allegations in paragraph 297 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 297, and on that basis, denies those allegations.

298.   Graco denies the allegations in paragraph 298.

299.   The allegations in paragraph 299 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 299, and on that basis, denies those allegations.

300.   The allegations in paragraph 300 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without

knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 300, and on that basis, denies those allegations.

301.   The allegations in paragraph 301 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 301, and on that basis, denies those allegations.

302.   Graco denies the allegations in paragraph 302.

**CALIFORNIA COUNT III**
**FALSE ADVERTISING UNDER THE CALIFORNIA FALSE**
**ADVERTISING LAW**
**(Cal. Bus. & Prof. Code §§ 17500, *et seq*.)**

303.   Graco admits that Plaintiffs English and Pensado Jr. purports to bring this claim individually and on behalf of a California Subclass, but Graco denies that this action may or should be maintained or properly prosecuted as a class action, denies that the class defined by the Plaintiffs may be certified, and further denies that any class may or should be certified in this action.

304.   The allegations in paragraph 304 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 304, and on that basis, denies those allegations.

305.   Graco admits that the cited California statute generally prohibits false advertising, but Graco denies the allegations in paragraph 305 to the extent they purport to interpret or characterize the quoted language.

306.   Graco denies the allegations in paragraph 306.

307.   Graco denies the allegations in paragraph 307.

308.   Graco denies the allegations in paragraph 308.

309.   Graco denies the allegations in paragraph 309.

310.   Graco denies that it made any false or misleading representations. Graco further denies that it concealed or failed to disclose any facts or otherwise deceived the California Plaintiffs and California Subclass. Graco is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 310 regarding any Plaintiffs' or putative class members' actions or state of mind, and on that basis, Graco denies those allegations.

311.   Graco denies that it made any false or misleading representations. Graco further denies that it concealed or failed to disclose any facts or otherwise deceived the California Plaintiffs and California Subclass. Graco is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 311 regarding any Plaintiffs' or putative class members' actions or state of mind, and on that basis, Graco denies those allegations.

312.   Graco denies that it made any false or misleading representations. The remaining allegations in paragraph 312 state legal conclusions to which no response is required, and to the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

313.   Graco denies the allegations in paragraph 313.

314.   Graco denies the allegations in paragraph 314.

315.   Graco admits that Plaintiffs purport to seek such relief allowed by law, but Graco denies that Plaintiffs or any putative class are entitled to the relief requested.

## CALIFORNIA COUNT IV
## VIOLATION OF THE CONSUMER LEGAL REMEDIES ACT
### (Cal. Civ. Code §§ 1750, *et seq.*)

316.   Graco admits that Plaintiffs English and Pensado Jr. purports to bring this claim individually and on behalf of a California Subclass, but Graco denies that this action may or should be maintained or properly prosecuted as a class action, denies that the class defined by the Plaintiffs may be certified, and further denies that any class may or should be certified in this action.

317.   The allegations in paragraph 317 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without

knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 317, and on that basis, denies those allegations.

318.   The allegations in paragraph 318 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 318, and on that basis, denies those allegations.

319.   The allegations in paragraph 319 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 319, and on that basis, denies those allegations.

320.   Graco admits that Plaintiffs have quoted excerpts of the CLRA, but Graco denies the allegations in paragraph 320 to the extent they purport to interpret or characterize the quoted language.

321.   Graco denies the allegations in paragraph 321.

322.   Graco denies the allegations in paragraph 322.

323.   Graco denies the allegations in paragraph 323.

324.   Graco denies that it made any omissions or misrepresentations about the safety of its Booster Seats. The remaining allegations in paragraph 324 state legal conclusions to which no response is required. To the extent an answer is required,

Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 324, and on that basis, denies those allegations.

325.   Graco denies that it made any false or misleading representations. Graco further denies that it concealed or failed to disclose any facts or otherwise deceived the California Plaintiffs and California Subclass. Graco is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 325 regarding any Plaintiffs' or putative class members' actions or state of mind, and on that basis, Graco denies those allegations

326.   Graco denies the allegations of paragraph 326 to the extent they purport to allege facts regarding Graco's knowledge or actions or regarding Graco's products or packaging.   The remaining allegations in paragraph 326 state legal conclusions to which no response is required, and to the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

327.   Graco denies the allegations of paragraph 327.

328.   Graco denies the allegations of paragraph 328.

329.   Graco denies that Plaintiffs provided adequate pre-suit notice.

330.   Graco admits that Plaintiffs purport to seek such relief allowed by law, but Graco denies that Plaintiffs or any putative class are entitled to the relief requested.

**CALIFORNIA COUNT V**
**UNLAWFUL, UNFAIR, OR FRAUDULENT BUSINESS PRACTICES**
**UNDER THE CALIFORNIA UNFAIR COMPETITION LAW**
**(Cal. Bus. & Prof. Code §§ 17200, *et seq*.)**

331.   Graco admits that Plaintiffs English and Pensado Jr. purport to bring this claim individually and on behalf of a California Subclass, but Graco denies that this action may or should be maintained or properly prosecuted as a class action, denies that the class defined by the Plaintiffs may be certified, and further denies that any class may or should be certified in this action.

332.   Graco admits that Plaintiffs have quoted excerpts of the UCL, but Graco denies the allegations in paragraph 332 to the extent they purport to interpret or characterize the quoted language.

333.   Graco denies the allegations in paragraph 333.

334.   Graco denies that it made any omissions or misrepresentations or concealed any "true characteristics" about the safety of its Booster Seats. The remaining allegations in paragraph 334 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or

information sufficient to form a belief as to the truth of the allegations in paragraph 334, and on that basis, denies those allegations.

335.   Graco denies the allegations in paragraph 335.

336.   Graco admits that Plaintiffs purport to seek such relief allowed by law, but Graco denies that Plaintiffs or any putative class are entitled to the relief requested.

### 3.   Florida

**FLORIDA COUNT I**
**BREACH OF EXPRESS WARRANTY**
**(Fla. Stat. § 672.313)**

337.   Graco admits that Plaintiff Grabowski purports to bring this claim individually and on behalf of a Florida Subclass, but Graco denies that this action may or should be maintained or properly prosecuted as a class action, denies that the class defined by the Plaintiffs may be certified, and further denies that any class may or should be certified in this action.

338.   The allegations in paragraph 338 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 338, and on that basis, denies those allegations.

339.   The allegations in paragraph 339 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 339, and on that basis, denies those allegations.

340.   The allegations in paragraph 340 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 340, and on that basis, denies those allegations.

341.   Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 341 regarding any Plaintiffs' or putative class members' actions or state of mind, and on that basis, Graco denies those allegations.  Graco admits only that it has provided a warranty for all of its Booster Seats, which is subject to the terms and conditions set forth in the warranty.

342.   Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 342 regarding any Plaintiffs' or putative class members' actions or state of mind, and on that basis, Graco denies those allegations.  Graco admits only that it has provided a warranty for all of its Booster Seats, which is subject to the terms and conditions set forth in the warranty.

343.   The allegations in paragraph 343 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 343, and on that basis, denies those allegations.

344.   Graco denies the allegations in paragraph 344.

345.   Graco denies the allegations in paragraph 345.

### FLORIDA COUNT II
### BREACH OF IMPLIED WARRANTY
### (Fla. Stat. § 672.314)

346.   Graco admits that Plaintiff Grabowski purports to bring this claim individually and on behalf of a Florida Subclass, but Graco denies that this action may or should be maintained or properly prosecuted as a class action, denies that the class defined by the Plaintiffs may be certified, and further denies that any class may or should be certified in this action.

347.   Graco admits that Plaintiffs have quoted excerpts of the cited Florida statute, but Graco denies the allegations in paragraph 347 to the extent they purport to interpret or characterize the quoted language.

348.   The allegations in paragraph 348 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without

knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 348, and on that basis, denies those allegations.

349.   Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 349 regarding any Plaintiff's or putative class members' actions, and on that basis, Graco denies those allegations.   The remaining allegations in paragraph 349 state legal conclusions to which no response is required, and to the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

350.   The allegations in paragraph 350 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 350, and on that basis, denies those allegations.

351.   Graco denies the allegations in paragraph 351.

352.   Graco denies the allegations in paragraph 352.

353.   Graco denies the allegations in paragraph 353.

354.   Graco denies the allegations in paragraph 354.

## FLORIDA COUNT III
## VIOLATION OF THE FLORIDA UNFAIR & DECEPTIVE TRADE PRACTICES ACT
### (Fla. Stat. §§ 501.201, *et seq.*)

355. Graco admits that Plaintiff Grabowski purports to bring this claim individually and on behalf of a Florida Subclass, but Graco denies that this action may or should be maintained or properly prosecuted as a class action, denies that the class defined by the Plaintiffs may be certified, and further denies that any class may or should be certified in this action.

356. The allegations in paragraph 356 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 356, and on that basis, denies those allegations.

357. Graco admits that it has sold Booster Seats in Florida. The remaining allegations in paragraph 357 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 357, and on that basis, denies those allegations.

358. Graco denies the allegations in paragraph 358.

359. Graco denies that it made any omissions or misrepresentations about the safety of its Booster Seats. The remaining allegations in paragraph 359 state legal

conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 359, and on that basis, denies those allegations.

360. Graco denies the allegations in paragraph 360.

361. Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 361, all of which relate to Plaintiffs' or putative class members' actions or state of mind, and on that basis, Graco denies those allegations. To the extent allegations in paragraph 361 purport to include characterizations of Graco's knowledge or actions or its products or packaging, those characterizations are inaccurate and Graco denies those allegations.

362. Graco denies the allegations in paragraph 362.

363. Graco admits that Plaintiff purports to seek such relief allowed by law, but Graco denies that Plaintiff or any putative class are entitled to the relief requested.

### 4.  Georgia

### GEORGIA COUNT I
### BREACH OF EXPRESS WARRANTY
### (O.C.G.A., § 11-2-313)

364. Graco admits that Plaintiffs Carder and Chavez purports to bring this claim individually and on behalf of a Georgia Subclass, but Graco denies that this

action may or should be maintained or properly prosecuted as a class action, denies that the class defined by the Plaintiffs may be certified, and further denies that any class may or should be certified in this action.

365.   The allegations in paragraph 365 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 365, and on that basis, denies those allegations.

366.   The allegations in paragraph 366 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 366, and on that basis, denies those allegations.

367.   The allegations in paragraph 367 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 367, and on that basis, denies those allegations.

368.   Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 368 regarding any Plaintiffs' or putative class members' actions or state of mind, and on that basis, Graco denies those

allegations.  Graco admits only that it has provided a warranty for all of its Booster Seats, which is subject to the terms and conditions set forth in the warranty.

369.   Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 369 regarding any Plaintiffs' or putative class members' actions or state of mind, and on that basis, Graco denies those allegations.  Graco admits only that it has provided a warranty for all of its Booster Seats, which is subject to the terms and conditions set forth in the warranty.

370.   The allegations in paragraph 370 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 370, and on that basis, denies those allegations.

371.   Graco denies the allegations in paragraph 371.

372.   Graco denies the allegations in paragraph 372.

## GEORGIA COUNT II
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
## (O.C.G.A., § 11-2-314)

373.   Graco admits that Plaintiffs Carder and Chavez purports to bring this claim individually and on behalf of a Georgia Subclass, but Graco denies that this action may or should be maintained or properly prosecuted as a class action, denies

that the class defined by the Plaintiffs may be certified, and further denies that any class may or should be certified in this action.

374.   The allegations in paragraph 374 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 374, and on that basis, denies those allegations.

375.   Graco denies the allegations in paragraph 375.

376.   Graco denies the allegations in paragraph 376.

377.   The allegations in paragraph 377 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 377, and on that basis, denies those allegations.

378.   The allegations in paragraph 378 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 378, and on that basis, denies those allegations.

379.   The allegations in paragraph 379 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without

knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 379, and on that basis, denies those allegations.

380.   Graco denies the allegations in paragraph 380.

381.   The allegations in paragraph 381 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 381, and on that basis, denies those allegations.

382.   Graco denies the allegations in paragraph 382.

383.   Graco denies the allegations in paragraph 383.

## GEORGIA COUNT III
## VIOLATION OF THE GEORGIA FAIR BUSINESS PRACTICES ACT
### (O.C.G.A. §§ 10-1-390, *et seq.*)

384.   The Court dismissed Georgia Count III. To the extent any response is required, Graco admits that Plaintiffs Carder and Chavez purport to bring this claim individually and on behalf of a Georgia Subclass, but Graco denies that this action may or should be maintained or properly prosecuted as a class action, denies that the class defined by the Plaintiffs may be certified, and further denies that any class may or should be certified in this action.

385.   The Court dismissed Georgia Count III. To the extent any response is required, the allegations in paragraph 385 state legal conclusions to which no

response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 385, and on that basis, denies those allegations.

386. The Court dismissed Georgia Count III. To the extent any response is required, the allegations in paragraph 386 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 386, and on that basis, denies those allegations.

387. The Court dismissed Georgia Count III. To the extent any response is required, the allegations in paragraph 387 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 387, and on that basis, denies those allegations.

388. The Court dismissed Georgia Count III. To the extent any response is required, Graco admits that Plaintiffs have quoted excerpts of the Georgia FBPA, but Graco denies the allegations in paragraph 388 to the extent they purport to interpret or characterize the quoted language.

389. The Court dismissed Georgia Count III. To the extent any response is required, Graco denies the allegations in paragraph 389.

390.   The Court dismissed Georgia Count III. To the extent any response is required, Graco denies the allegations in paragraph 390.

391.   The Court dismissed Georgia Count III. To the extent any response is required, Graco denies the allegations of paragraph 391 to the extent they purport to allege facts regarding Graco's knowledge or actions or regarding Graco's products or packaging.  The remaining allegations in paragraph 391 state legal conclusions to which no response is required, and to the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

392.   The Court dismissed Georgia Count III. To the extent any response is required, Graco denies the allegations in paragraph 392.

393.   The Court dismissed Georgia Count III. To the extent any response is required, Graco denies the allegations in paragraph 393.

394.   The Court dismissed Georgia Count III. To the extent any response is required, Graco denies that it made any false or misleading representations. Graco further denies that it concealed or failed to disclose any facts or otherwise deceived any Plaintiff. Graco is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 394 regarding any Plaintiffs'

or putative class members' actions or state of mind, and on that basis, Graco denies those allegations.

395.   The Court dismissed Georgia Count III. To the extent any response is required, Graco denies that it made any false or misleading representations. Graco further denies that it concealed or failed to disclose any facts or otherwise deceived any Plaintiff. Graco is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 395 regarding any Plaintiffs' or putative class members' actions or state of mind, and on that basis, Graco denies those allegations.

396.   The Court dismissed Georgia Count III. To the extent any response is required, Graco denies that it made any false or misleading representations. The remaining allegations in paragraph 396 state legal conclusions to which no response is required, and to the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

397.   The Court dismissed Georgia Count III. To the extent any response is required, Graco denies the allegations in paragraph 397.

398.   The Court dismissed Georgia Count III. To the extent any response is required, Graco admits that Plaintiffs purport to seek such relief allowed by law, but Graco denies that Plaintiffs or any putative class are entitled to the relief requested.

399.   The Court dismissed Georgia Count III. To the extent any response is required, Graco denies that Plaintiffs provided adequate pre-suit notice.

400.   The Court dismissed Georgia Count III. To the extent any response is required, Graco denies that Plaintiffs provided adequate pre-suit notice.

401.   The Court dismissed Georgia Count III. To the extent any response is required, Graco admits that Plaintiffs purport to seek such relief allowed by law, but Graco denies that Plaintiffs or any putative class are entitled to the relief requested.

### 5.   Illinois

### ILLINOIS COUNT I
### BREACH OF EXPRESS WARRANTIES
### (810 Ill. Comp. Stat. 5/2-313)

402.   Graco admits that Plaintiffs Davis-Berg and Hager purports to bring this claim individually and on behalf of an Illinois Subclass, but Graco denies that this action may or should be maintained or properly prosecuted as a class action, denies that the class defined by the Plaintiffs may be certified, and further denies that any class may or should be certified in this action.

403.   The allegations in paragraph 403 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 403, and on that basis, denies those allegations.

404.   The allegations in paragraph 404 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 404, and on that basis, denies those allegations.

405.   The allegations in paragraph 405 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 405, and on that basis, denies those allegations.

406.   Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 406 regarding any Plaintiffs' or putative class members' actions or state of mind, and on that basis, Graco denies those allegations.  Graco admits only that it has provided a warranty for all of its Booster Seats, which is subject to the terms and conditions set forth in the warranty.

407.   Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 407 regarding any Plaintiffs' or putative

class members' actions or state of mind, and on that basis, Graco denies those allegations. Graco admits only that it has provided a warranty for all of its Booster Seats, which is subject to the terms and conditions set forth in the warranty.

408. Graco denies that the Booster Seats are not suitable for children weighing less than 40 pounds and do not protect occupants during a side-impact crash. The remaining allegations in paragraph 408 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 408, and on that basis, denies those allegations.

409. Graco denies the allegations in paragraph 409.

410. Graco denies the allegations in paragraph 410.

## ILLINOIS COUNT II
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
### (810 Ill. Comp. Stat. 5/2-314)

411. Graco admits that Plaintiffs Davis-Berg and Hager purports to bring this claim individually and on behalf of an Illinois Subclass, but Graco denies that this action may or should be maintained or properly prosecuted as a class action, denies that the class defined by the Plaintiffs may be certified, and further denies that any class may or should be certified in this action.

412.   The allegations in paragraph 412 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 412, and on that basis, denies those allegations.

413.   Graco denies the allegations in paragraph 413.

414.   The allegations in paragraph 414 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 414, and on that basis, denies those allegations.

415.   The allegations in paragraph 415 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 415, and on that basis, denies those allegations.

416.   The allegations in paragraph 416 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 416, and on that basis, denies those allegations.

417.   The allegations in paragraph 417 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without

knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 417, and on that basis, denies those allegations.

418.   Graco denies the allegations in paragraph 418.

419.   Graco denies that Plaintiffs provided adequate pre-suit notice.

### ILLINOIS COUNT III
### VIOLATION OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
### (815 Ill. Comp. Stat. 505/1, *et seq.*)

420.   Graco admits that Plaintiffs Davis-Berg and Hager purports to bring this claim individually and on behalf of an Illinois Subclass, but Graco denies that this action may or should be maintained or properly prosecuted as a class action, denies that the class defined by the Plaintiffs may be certified, and further denies that any class may or should be certified in this action.

421.   The allegations in paragraph 421 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 421, and on that basis, denies those allegations.

422.   The allegations in paragraph 422 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 422, and on that basis, denies those allegations.

423.   The allegations in paragraph 423 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 423, and on that basis, denies those allegations.

424.   The allegations in paragraph 424 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 424, and on that basis, denies those allegations.

425.   Graco admits that Plaintiffs have quoted excerpts of the Illinois CFDBPA, but Graco denies the allegations in paragraph 425 to the extent they purport to interpret or characterize the quoted language.

426.   Graco denies the allegations in paragraph 426.

427.   Graco denies the allegations in paragraph 427.

428.   Graco denies the allegations of paragraph 428 to the extent they purport to allege facts regarding Graco's knowledge or actions or regarding Graco's products or packaging.  The remaining allegations in paragraph 428 state legal conclusions to which no response is required, and to the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

429.   Graco denies the allegations in paragraph 429.

430.   Graco denies the allegations in paragraph 430.

431.   Graco denies the allegations of paragraph 431 to the extent they purport to allege facts regarding Graco's knowledge or actions or regarding Graco's products or packaging.   The remaining allegations in paragraph 431 state legal conclusions to which no response is required, and to the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

432.   Graco denies the allegations in paragraph 432.

433.   Graco denies the allegations of paragraph 433 to the extent they purport to allege facts regarding Graco's knowledge or actions or regarding Graco's products or packaging.   The remaining allegations in paragraph 433 state legal conclusions to which no response is required, and to the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

434.   Graco denies the allegations in paragraph 434.

435.   Graco denies the allegations in paragraph 435.

436.   Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 436, and on that basis, Graco denies those allegations.

437.   Graco admits that Plaintiffs purport to seek such relief allowed by law, but Graco denies that Plaintiffs or any putative class are entitled to the relief requested

### ILLINOIS COUNT IV
### VIOLATION OF THE ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT
### (815 Ill. Comp. Stat. 510/1, *et seq*.)

438.   Graco admits that Plaintiffs Davis-Berg and Hager purports to bring this claim individually and on behalf of an Illinois Subclass, but Graco denies that this action may or should be maintained or properly prosecuted as a class action, denies that the class defined by the Plaintiffs may be certified, and further denies that any class may or should be certified in this action.

439.   The allegations in paragraph 439 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 439, and on that basis, denies those allegations.

440.   Graco admits that the cited Illinois statute generally prohibits deceptive trade practices, but Graco denies the allegations in paragraph 440 to the extent they purport to interpret or characterize the quoted language.

441.   Graco denies the allegations in paragraph 441.

442.   Graco denies the allegations in paragraph 442.

443.   Graco denies the allegations in paragraph 443.

444.   Graco denies that it made any omissions or misrepresentations about the safety of its Booster Seats. The remaining allegations in paragraph 444 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 444, and on that basis, denies those allegations.

445.   Graco denies that it made any false or misleading representations. Graco further denies that it concealed or failed to disclose any facts or otherwise deceived any Plaintiff. Graco is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 445 regarding any Plaintiffs' or putative class members' actions or state of mind, and on that basis, Graco denies those allegations.

446.   Graco denies the allegations of paragraph 446 to the extent they purport to allege facts regarding Graco's knowledge or actions or regarding Graco's

products or packaging.  The remaining allegations in paragraph 446 state legal conclusions to which no response is required, and to the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

447.   Graco denies the allegations in paragraph 447.

448.   Graco denies the allegations in paragraph 448.

449.   Graco admits that Plaintiffs purport to seek such relief allowed by law, but Graco denies that Plaintiffs or any putative class are entitled to the relief requested.

**6.   Massachusetts**

**MASSACHUSETTS COUNT I**
**BREACH OF EXPRESS WARRANTY**
**(Mass. Gen. Laws Ch. 106, § 2-313)**

450.   Graco admits that Plaintiff Arnold purports to bring this claim individually and on behalf of a Massachusetts Subclass, but Graco denies that this action may or should be maintained or properly prosecuted as a class action, denies that the class defined by the Plaintiffs may be certified, and further denies that any class may or should be certified in this action.

451.   The allegations in paragraph 451 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without

knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 451, and on that basis, denies those allegations.

452.   The allegations in paragraph 452 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 452, and on that basis, denies those allegations.

453.   The allegations in paragraph 453 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 453, and on that basis, denies those allegations.

454.   Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 454 regarding any Plaintiffs' or putative class members' actions or state of mind, and on that basis, Graco denies those allegations.  Graco admits only that it has provided a warranty for all of its Booster Seats, which is subject to the terms and conditions set forth in the warranty.

455.   Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 455 regarding any Plaintiffs' or putative class members' actions or state of mind, and on that basis, Graco denies those

allegations.  Graco admits only that it has provided a warranty for all of its Booster Seats, which is subject to the terms and conditions set forth in the warranty.

456.   The allegations in paragraph 456 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 456, and on that basis, denies those allegations.

457.   Graco denies the allegations in paragraph 457.

458.   Graco denies the allegations in paragraph 458.

## MASSACHUSETTS COUNT II
## BREACH OF IMPLIED WARRANTY
### (Mass. Gen. Laws Ch. 106, § 2-314)

459.   Graco admits that Plaintiff Arnold purports to bring this claim individually and on behalf of a Massachusetts Subclass, but Graco denies that this action may or should be maintained or properly prosecuted as a class action, denies that the class defined by the Plaintiffs may be certified, and further denies that any class may or should be certified in this action.

460.   Graco admits that Plaintiffs have quoted excerpts of the cited Massachusetts statute, but Graco denies the allegations in paragraph 460 to the extent they purport to interpret or characterize the quoted language.

461.   The allegations in paragraph 461 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 461, and on that basis, denies those allegations.

462.   Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 462 regarding any Plaintiff's or putative class members' actions, and on that basis, Graco denies those allegations.  The remaining allegations in paragraph 462 state legal conclusions to which no response is required, and to the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

463.   The allegations in paragraph 463 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 463, and on that basis, denies those allegations.

464.   Graco denies the allegations in paragraph 464.

465.   Graco denies the allegations in paragraph 465.

466.   Graco denies the allegations in paragraph 466.

467.   Graco denies the allegations in paragraph 467.

## MASSACHUSETTS COUNT III
## VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION LAW
### (Mass. Gen. Laws Ch. 93a, § 1, et seq.)

468.   Graco admits that Plaintiff Arnold purports to bring this claim individually and on behalf of a Massachusetts Subclass, but Graco denies that this action may or should be maintained or properly prosecuted as a class action, denies that the class defined by the Plaintiffs may be certified, and further denies that any class may or should be certified in this action.

469.   The allegations in paragraph 469 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 469, and on that basis, denies those allegations.

470.   The allegations in paragraph 470 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 470, and on that basis, denies those allegations.

471.   The allegations in paragraph 471 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 471, and on that basis, denies those allegations.

472.   Graco denies the allegations in paragraph 472.

473.   Graco denies that it made any false or misleading representations. Graco further denies that it concealed or failed to disclose any facts or otherwise deceived any Plaintiff. Graco is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 473 regarding any Plaintiffs' or putative class members' actions or state of mind, and on that basis, Graco denies those allegations.

474.   Graco denies the allegations in paragraph 474.

475.   Graco denies the allegations in paragraph 475.

476.   Graco denies the allegations in paragraph 476.

477.   Graco denies the allegations in paragraph 477, including subparts a-g.

478.   Graco denies the allegations in paragraph 478.

479.   Graco denies the allegations in paragraph 479.

480.   Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 480, all of which relate to Plaintiffs' or putative class members' actions or state of mind, and on that basis, Graco denies those allegations.  To the extent allegations in paragraph 480 purport to include characterizations of Graco's knowledge or actions or its products or packaging, those characterizations are inaccurate and Graco denies those allegations.

481.   Graco denies the allegations in paragraph 481.

482.   Graco denies the allegations in paragraph 482.

483.   Graco denies the allegations in paragraph 483.

484.   Graco denies the allegations in paragraph 484.

485.   Graco denies that Plaintiffs provided adequate pre-suit notice.

486.   Graco denies the allegations in paragraph 486.

487.   Graco admits that Plaintiffs purport to seek such relief allowed by law, but Graco denies that Plaintiffs or any putative class are entitled to the relief requested.

**7.    New Jersey**

**NEW JERSEY COUNT I**
**BREACH OF EXPRESS WARRANTIES**
**(N.J. Stat. Ann. § 12A:2-313)**

488.   Graco admits that Plaintiff Rivera purports to bring this claim individually and on behalf of a New Jersey Subclass, but Graco denies that this action may or should be maintained or properly prosecuted as a class action, denies that the class defined by the Plaintiffs may be certified, and further denies that any class may or should be certified in this action.

489.   The allegations in paragraph 489 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without

knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 489, and on that basis, denies those allegations.

490.   The allegations in paragraph 490 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 490, and on that basis, denies those allegations.

491.   The allegations in paragraph 491 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 491, and on that basis, denies those allegations.

492.   Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 492 regarding any Plaintiffs' or putative class members' actions or state of mind, and on that basis, Graco denies those allegations.  Graco admits only that it has provided a warranty for all of its Booster Seats, which is subject to the terms and conditions set forth in the warranty.

493.   Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 493 regarding any Plaintiffs' or putative class members' actions or state of mind, and on that basis, Graco denies those

allegations.  Graco admits only that it has provided a warranty for all of its Booster Seats, which is subject to the terms and conditions set forth in the warranty.

494.   The allegations in paragraph 494 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 494, and on that basis, denies those allegations.

495.   Graco denies the allegations in paragraph 495.

## NEW JERSEY COUNT II
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
## (N.J. Stat. Ann. § 12A:2-314)

496.   Graco admits that Plaintiff Rivera purports to bring this claim individually and on behalf of a New Jersey Subclass, but Graco denies that this action may or should be maintained or properly prosecuted as a class action, denies that the class defined by the Plaintiffs may be certified, and further denies that any class may or should be certified in this action.

497.   The allegations in paragraph 497 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 497, and on that basis, denies those allegations.

498.   Graco denies the allegations in paragraph 498.

499.   The allegations in paragraph 499 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 499, and on that basis, denies those allegations.

500.   The allegations in paragraph 500 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 500, and on that basis, denies those allegations.

501.   The allegations in paragraph 501 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 501, and on that basis, denies those allegations.

502.   Graco denies the allegations in paragraph 502.

## NEW JERSEY COUNT III
## VIOLATION OF NEW JERSEY CONSUMER FRAUD ACT
### (N.J. Stat. Ann. §§ 56:8-1, *et seq.*)

503.   Graco admits that Plaintiff Rivera purports to bring this claim individually and on behalf of a New Jersey Subclass, but Graco denies that this action may or should be maintained or properly prosecuted as a class action, denies

that the class defined by the Plaintiffs may be certified, and further denies that any class may or should be certified in this action.

504.   The allegations in paragraph 504 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 504, and on that basis, denies those allegations.

505.   The allegations in paragraph 505 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 505, and on that basis, denies those allegations.

506.   Graco admits that the cited New Jersey statute generally prohibits unfair trade practices, but Graco denies the allegations in paragraph 506 to the extent they purport to interpret or characterize the quoted language.

507.   Graco denies the allegations in paragraph 507.

508.   Graco denies the allegations in paragraph 508.

509.   Graco denies the allegations in paragraph 509.

510.   Graco denies that it made any omissions or misrepresentations about the safety of its Booster Seats. The remaining allegations in paragraph 510 state legal conclusions to which no response is required. To the extent an answer is required,

Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 510, and on that basis, denies those allegations.

511.   Graco denies that it made any false or misleading representations. Graco further denies that it concealed or failed to disclose any facts or otherwise deceived any Plaintiff. Graco is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 511 regarding any Plaintiffs' or putative class members' actions or state of mind, and on that basis, Graco denies those allegations.

512.   Graco denies the allegations of paragraph 512 to the extent they purport to allege facts regarding Graco's knowledge or actions or regarding Graco's products or packaging.   The remaining allegations in paragraph 512 state legal conclusions to which no response is required, and to the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

513.   Graco denies the allegations in paragraph 513.

514.   Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 514, and on that basis, Graco denies those allegations.

515.   Graco admits that Plaintiff purports to seek such relief allowed by law, but Graco denies that Plaintiff or any putative class are entitled to the relief requested.

### 8.   New York

**NEW YORK COUNT I
BREACH OF EXPRESS WARRANTY
(N.Y. U.C.C. Law § 2-313)**

516.   Graco admits that Plaintiff Tehomilić purports to bring this claim individually and on behalf of a New York Subclass, but Graco denies that this action may or should be maintained or properly prosecuted as a class action, denies that the class defined by the Plaintiffs may be certified, and further denies that any class may or should be certified in this action.

517.   The allegations in paragraph 517 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 517, and on that basis, denies those allegations.

518.   The allegations in paragraph 518 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 518, and on that basis, denies those allegations.

519.   The allegations in paragraph 519 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 519, and on that basis, denies those allegations.

520.   Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 520 regarding any Plaintiffs' or putative class members' actions or state of mind, and on that basis, Graco denies those allegations.  Graco admits only that it has provided a warranty for all of its Booster Seats, which is subject to the terms and conditions set forth in the warranty.

521.   Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 521 regarding any Plaintiffs' or putative class members' actions or state of mind, and on that basis, Graco denies those allegations.  Graco admits only that it has provided a warranty for all of its Booster Seats, which is subject to the terms and conditions set forth in the warranty.

522.   The allegations in paragraph 522 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 522, and on that basis, denies those allegations.

523.   Graco denies the allegations in paragraph 523.

524.   Graco denies the allegations in paragraph 524.

525.   Graco denies that Plaintiffs provided adequate pre-suit notice.

## NEW YORK COUNT II
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
## (N.Y. U.C.C. Law § 2-314)

526.   Graco admits that Plaintiff Tehomilić purports to bring this claim individually and on behalf of a New York Subclass, but Graco denies that this action may or should be maintained or properly prosecuted as a class action, denies that the class defined by the Plaintiffs may be certified, and further denies that any class may or should be certified in this action.

527.   The allegations in paragraph 527 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 527, and on that basis, denies those allegations.

528.   Graco denies the allegations in paragraph 528.

529.   The allegations in paragraph 529 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 529, and on that basis, denies those allegations.

530.   The allegations in paragraph 530 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 530, and on that basis, denies those allegations.

531.   The allegations in paragraph 531 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 531, and on that basis, denies those allegations.

532.   The allegations in paragraph 532 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 532, and on that basis, denies those allegations.

533.   Graco denies the allegations in paragraph 533.

## NEW YORK COUNT III
## VIOLATION OF NEW YORK GENERAL BUSINESS LAW § 349
### (N.Y. Gen. Bus. Law § 349)

534.   Graco admits that Plaintiff Tehomilić purports to bring this claim individually and on behalf of a New York Subclass, but Graco denies that this action may or should be maintained or properly prosecuted as a class action, denies that the

class defined by the Plaintiffs may be certified, and further denies that any class may or should be certified in this action.

535.  The allegations in paragraph 535 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 535, and on that basis, denies those allegations.

536.  Graco admits that Plaintiffs have quoted excerpts of the New York DAPA, but Graco denies the allegations in paragraph 536 to the extent they purport to interpret or characterize the quoted language.

537.  Graco denies the allegations in paragraph 537.

538.  Graco denies the allegations in paragraph 538.

539.  Graco denies the allegations in paragraph 539.

540.  Graco denies that it made any omissions or misrepresentations about the safety of its Booster Seats. The remaining allegations in paragraph 540 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 540, and on that basis, denies those allegations.

541.  Graco denies that it made any false or misleading representations. Graco further denies that it concealed or failed to disclose any facts or otherwise

deceived any Plaintiff. Graco is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 541 regarding any Plaintiffs' or putative class members' actions or state of mind, and on that basis, Graco denies those allegations

542.   Graco denies that it engaged in unfair and deceptive acts and practices under the New York DAPA. Graco denies the allegations of paragraph 542 to the extent they purport to allege facts regarding Graco's knowledge or actions or regarding Graco's products or packaging.  The remaining allegations in paragraph 542 state legal conclusions to which no response is required, and to the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

543.   Graco denies the allegations in paragraph 543.

544.   Graco denies the allegations in paragraph 544.

545.   Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 545, and on that basis, Graco denies those allegations.

546.   Graco admits that Plaintiffs purport to seek such relief allowed by law, but Graco denies that Plaintiffs or any putative class are entitled to the relief requested.

### 9.    North Carolina

## NORTH CAROLINA COUNT I
## BREACH OF EXPRESS WARRANTY
## (N.C. Gen. Stat. § 25-2-313)

547.   Graco admits that Plaintiff Sanford purports to bring this claim individually and on behalf of a North Carolina Subclass, but Graco denies that this action may or should be maintained or properly prosecuted as a class action, denies that the class defined by the Plaintiffs may be certified, and further denies that any class may or should be certified in this action.

548.   The allegations in paragraph 548 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 548, and on that basis, denies those allegations.

549.   The allegations in paragraph 549 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 549, and on that basis, denies those allegations.

550.   The Booster Seats are and were at all relevant times "goods" within the meaning of N.C. Gen. Stat. § 25-2-105(1).

**ANSWER:**  The allegations in paragraph 550 state legal conclusions to which no response is required.  To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 550, and on that basis, denies those allegations.

551.   Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 551 regarding any Plaintiffs' or putative class members' actions or state of mind, and on that basis, Graco denies those allegations.  Graco admits only that it has provided a warranty for all of its Booster Seats, which is subject to the terms and conditions set forth in the warranty.

552.   Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 552 regarding any Plaintiffs' or putative class members' actions or state of mind, and on that basis, Graco denies those allegations.  Graco admits only that it has provided a warranty for all of its Booster Seats, which is subject to the terms and conditions set forth in the warranty.

553.   The allegations in paragraph 553 state legal conclusions to which no response is required.  To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 553, and on that basis, denies those allegations.

554.   Graco denies the allegations in paragraph 554.

555.   Graco denies the allegations in paragraph 555.

## NORTH CAROLINA COUNT II
## BREACH OF IMPLIED WARRANTY
## (N.C. Gen. Stat. § 25-2-314)

556.   Graco admits that Plaintiff Sanford purports to bring this claim individually and on behalf of a North Carolina Subclass, but Graco denies that this action may or should be maintained or properly prosecuted as a class action, denies that the class defined by the Plaintiffs may be certified, and further denies that any class may or should be certified in this action.

557.   Graco admits that Plaintiffs have quoted excerpts of the North Carolina statute, but Graco denies the allegations in paragraph 557 to the extent they purport to interpret or characterize the quoted language.

558.   The allegations in paragraph 558 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 558, and on that basis, denies those allegations.

559.   Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 559 regarding any Plaintiff's or putative class members' actions, and on that basis, Graco denies those allegations.  The remaining allegations in paragraph 559 state legal conclusions to which no response

is required, and to the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

560.   The allegations in paragraph 560 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 560, and on that basis, denies those allegations.

561.   Graco denies the allegations in paragraph 561.

562.   Graco denies the allegations in paragraph 562.

563.   Graco denies the allegations in paragraph 563.

564.   Graco denies the allegations in paragraph 564.

565.   Graco denies the allegations in paragraph 565.

## NORTH CAROLINA COUNT III
## VIOLATION OF THE NORTH CAROLINA UNFAIR AND DECEPTIVE TRADE PRACTICES ACT
### (N.C. Gen. Stat. §§ 75-1.1, *et seq.*)

566.   Graco admits that Plaintiff Sanford purports to bring this claim individually and on behalf of a North Carolina Subclass, but Graco denies that this action may or should be maintained or properly prosecuted as a class action, denies that the class defined by the Plaintiffs may be certified, and further denies that any class may or should be certified in this action.

567.   The allegations in paragraph 567 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 567, and on that basis, denies those allegations.

568.   The allegations in paragraph 568 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 568, and on that basis, denies those allegations.

569.   Graco denies that it made any omissions or misrepresentations about the safety of its Booster Seats. The remaining allegations in paragraph 569 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 569, and on that basis, denies those allegations.

570.   Graco denies the allegations in paragraph 570.

571.   Graco denies the allegations in paragraph 571.

572.   Graco denies the allegations in paragraph 572.

573.   Graco denies the allegations in paragraph 573.

574.   Graco denies the allegations in paragraph 574, including subparts a-f.

575.   Graco denies the allegations in paragraph 575.

576.   Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 576, all of which relate to Plaintiff's or putative class members' actions or state of mind, and on that basis, Graco denies those allegations.   To the extent allegations in paragraph 576 purport to include characterizations of Graco's knowledge or actions or its products or packaging, those characterizations are inaccurate and Graco denies those allegations.

577.   Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 577, all of which relate to Plaintiff's or putative class members' actions or state of mind, and on that basis, Graco denies those allegations.   To the extent allegations in paragraph 577 purport to include characterizations of Graco's knowledge or actions or its products or packaging, those characterizations are inaccurate and Graco denies those allegations.

578.   Graco denies the allegations in paragraph 578.

579.   Graco admits that Plaintiff purports to seek such relief allowed by law, but Graco denies that Plaintiff or any putative class are entitled to the relief requested.

### 10.   Ohio

### OHIO COUNT I
### BREACH OF EXPRESS WARRANTY
### (Ohio Rev. Code Ann. § 1302.26)

580.   Graco admits that Plaintiffs Clarke and Murphy purports to bring this claim individually and on behalf of an Ohio Subclass, but Graco denies that this action may or should be maintained or properly prosecuted as a class action, denies that the class defined by the Plaintiffs may be certified, and further denies that any class may or should be certified in this action.

581.   The allegations in paragraph 581 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 581, and on that basis, denies those allegations.

582.   The allegations in paragraph 582 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 582, and on that basis, denies those allegations.

583.   The allegations in paragraph 583 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without

knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 583, and on that basis, denies those allegations.

584.   Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 584 regarding any Plaintiffs' or putative class members' actions or state of mind, and on that basis, Graco denies those allegations.  Graco admits only that it has provided a warranty for all of its Booster Seats, which is subject to the terms and conditions set forth in the warranty.

585.   Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 585 regarding any Plaintiffs' or putative class members' actions or state of mind, and on that basis, Graco denies those allegations.  Graco admits only that it has provided a warranty for all of its Booster Seats, which is subject to the terms and conditions set forth in the warranty.

586.   The allegations in paragraph 586 state legal conclusions to which no response is required.  To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 586, and on that basis, denies those allegations.

587.   Graco denies the allegations in paragraph 587.

588.   Graco denies the allegations in paragraph 588.

# OHIO COUNT II
## BREACH OF IMPLIED WARRANTY
### (Ohio Rev. Code Ann. § 1302.27)

589.   Graco admits that Plaintiffs Clarke and Murphy purports to bring this claim individually and on behalf of an Ohio Subclass, but Graco denies that this action may or should be maintained or properly prosecuted as a class action, denies that the class defined by the Plaintiffs may be certified, and further denies that any class may or should be certified in this action.

590.   The allegations in paragraph 590 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 590 and on that basis, denies those allegations.

591.   Graco denies the allegations in paragraph 591.

592.   The allegations in paragraph 592 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 592, and on that basis, denies those allegations.

593.   The allegations in paragraph 593 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without

knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 593, and on that basis, denies those allegations.

594.   The allegations in paragraph 594 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 594, and on that basis, denies those allegations.

595.   The allegations in paragraph 595 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 595, and on that basis, denies those allegations.

596.   Graco denies the allegations in paragraph 596.

**11.   Oklahoma**

**OKLAHOMA COUNT I**
**BREACH OF EXPRESS WARRANTY**
**(Okla. Stat. Ann. Tit. 12A § 2-313)**

597. Graco admits that Plaintiff Atnip purports to bring this claim individually and on behalf of an Oklahoma Subclass, but Graco denies that this action may or should be maintained or properly prosecuted as a class action, denies that the class defined by the Plaintiffs may be certified, and further denies that any class may or should be certified in this action.

598.   The allegations in paragraph 598 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 598, and on that basis, denies those allegations.

599.   The allegations in paragraph 599 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 599, and on that basis, denies those allegations.

600.   The allegations in paragraph 600 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 600, and on that basis, denies those allegations.

601.   Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 601 regarding any Plaintiffs' or putative class members' actions or state of mind, and on that basis, Graco denies those allegations.  Graco admits only that it has provided a warranty for all of its Booster Seats, which is subject to the terms and conditions set forth in the warranty.

602.   Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 602 regarding any Plaintiffs' or putative

class members' actions or state of mind, and on that basis, Graco denies those allegations. Graco admits only that it has provided a warranty for all of its Booster Seats, which is subject to the terms and conditions set forth in the warranty.

603. The allegations in paragraph 603 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 603, and on that basis, denies those allegations.

604. Graco denies the allegations in paragraph 604.

605. Graco denies the allegations in paragraph 605.

### OKLAHOMA COUNT II
### BREACH OF IMPLIED WARRANTY
### (Okla. Stat. Tit. 12A, § 2-314)

606. Graco admits that Plaintiff Atnip purports to bring this claim individually and on behalf of an Oklahoma Subclass, but Graco denies that this action may or should be maintained or properly prosecuted as a class action, denies that the class defined by the Plaintiffs may be certified, and further denies that any class may or should be certified in this action.

607. Graco admits that Plaintiffs have quoted excerpts of the cited Oklahoma statute, but Graco denies the allegations in paragraph 607 to the extent they purport to interpret or characterize the quoted language.

608.   The allegations in paragraph 608 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 608, and on that basis, denies those allegations.

609.   Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 609 regarding any Plaintiff's or putative class members' actions, and on that basis, Graco denies those allegations.   The remaining allegations in paragraph 609 state legal conclusions to which no response is required, and to the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

610.   The allegations in paragraph 610 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 610, and on that basis, denies those allegations.

611.   Graco denies the allegations in paragraph 611.

612.   Graco denies the allegations in paragraph 612.

613.   Graco denies the allegations in paragraph 613.

614.   Graco denies the allegations in paragraph 614.

## OKLAHOMA COUNT III
## VIOLATION OF THE OKLAHOMA DECEPTIVE TRADE PRACTICES ACT ("OCPA")
## (Okla. Stat. Tit. 15, § 751, *et seq.*)

615.   Graco admits that Plaintiff Atnip purports to bring this claim individually and on behalf of an Oklahoma Subclass, but Graco denies that this action may or should be maintained or properly prosecuted as a class action, denies that the class defined by the Plaintiffs may be certified, and further denies that any class may or should be certified in this action.

616.   The allegations in paragraph 616 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 616, and on that basis, denies those allegations.

617.   The allegations in paragraph 617 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 617, and on that basis, denies those allegations.

618.   Graco admits that it has sold Booster Seats in Oklahoma. The remaining allegations in paragraph 618 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information

sufficient to form a belief as to the truth of the allegations in paragraph 618, and on that basis, denies those allegations.

619.   Graco denies the allegations in paragraph 619.

620.   Graco denies the allegations in paragraph 620.

621.   Graco denies the allegations in paragraph 621.

622.   Graco denies that it made any omissions or misrepresentations about the safety of its Booster Seats. The remaining allegations in paragraph 622 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 622, and on that basis, denies those allegations.

623.   Graco denies the allegations in paragraph 623.

624.   Graco denies the allegations of paragraph 624 to the extent they purport to allege facts regarding Graco's knowledge or actions or regarding Graco's products or packaging.   The remaining allegations in paragraph 624 state legal conclusions to which no response is required, and to the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

625.   Graco denies the allegations in paragraph 625.

626.   Graco denies that it made any omissions or misrepresentations. Graco further denies that its Booster Seats are unsafe in side-impact crash tests.  Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 626 regarding any Plaintiffs' or putative class members' actions or state of mind, and on that basis, Graco denies those allegations.  The remaining allegations in paragraph 626 state legal conclusions to which no response is required, and to the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

627.   Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 627, all of which relate to Plaintiffs' or putative class members' actions or state of mind, and on that basis, Graco denies those allegations.  To the extent allegations in paragraph 627 purport to include characterizations of Graco's knowledge or actions or its products or packaging, those characterizations are inaccurate and Graco denies those allegations.

628.   Graco denies the allegations in paragraph 628.

629.   Graco denies the allegations in paragraph 629.

630.   Graco denies the allegations in paragraph 630.

631.   Graco denies the allegations in paragraph 631.

632.   Graco admits that Plaintiff purports to seek such relief allowed by law, but Graco denies that Plaintiff or any putative class are entitled to the relief requested.

### 12.   Oregon

**OREGON COUNT I**
**BREACH OF EXPRESS WARRANTY**
**(Or. Rev. Stat. § 72.3130)**

633.   Graco admits that Plaintiffs Flory and Nelson purport to bring this claim individually and on behalf of an Oregon Subclass, but Graco denies that this action may or should be maintained or properly prosecuted as a class action, denies that the class defined by the Plaintiffs may be certified, and further denies that any class may or should be certified in this action.

634.   The allegations in paragraph 634 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 634, and on that basis, denies those allegations.

635.   The allegations in paragraph 635 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 635, and on that basis, denies those allegations.

636.   The allegations in paragraph 636 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 636, and on that basis, denies those allegations.

637.   Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 637 regarding any Plaintiffs' or putative class members' actions or state of mind, and on that basis, Graco denies those allegations.  Graco admits only that it has provided a warranty for all of its Booster Seats, which is subject to the terms and conditions set forth in the warranty.

638.   Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 638 regarding any Plaintiffs' or putative class members' actions or state of mind, and on that basis, Graco denies those allegations.  Graco admits only that it has provided a warranty for all of its Booster Seats, which is subject to the terms and conditions set forth in the warranty.

639.   The allegations in paragraph 639 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 639, and on that basis, denies those allegations.

640.   Graco denies the allegations in paragraph 640.

641.   Graco denies the allegations in paragraph 641.

**OREGON COUNT II**
**BREACH OF IMPLIED WARRANTY**
**(Or. Rev. Stat. § 72.3140)**

642.   Graco admits that Plaintiffs Flory and Nelson purport to bring this claim individually and on behalf of an Oregon Subclass, but Graco denies that this action may or should be maintained or properly prosecuted as a class action, denies that the class defined by the Plaintiffs may be certified, and further denies that any class may or should be certified in this action.

643.   Graco admits that Plaintiffs have quoted excerpts of the Oregon statute, but Graco denies the allegations in paragraph 643 to the extent they purport to interpret or characterize the quoted language.

644.   The allegations in paragraph 644 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 644, and on that basis, denies those allegations.

645.   Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 645 regarding any Plaintiff's or putative class members' actions, and on that basis, Graco denies those allegations. The remaining allegations in paragraph 645 state legal conclusions to which no response

is required, and to the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

646.   The allegations in paragraph 646 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 646, and on that basis, denies those allegations.

647.   Graco denies the allegations in paragraph 647.

648.   Graco denies the allegations in paragraph 648.

649.   Graco denies the allegations in paragraph 649.

650.   Graco denies the allegations in paragraph 650.

**OREGON COUNT III**
**VIOLATIONS OF THE OREGON UNLAWFUL TRADE PRACTICES ACT**
**(Or. Rev. Stat. §§ 646.605, *et seq*.)**

651.   Graco admits that Plaintiffs Flory and Nelson purport to bring this claim individually and on behalf of an Oregon Subclass, but Graco denies that this action may or should be maintained or properly prosecuted as a class action, denies that the class defined by the Plaintiffs may be certified, and further denies that any class may or should be certified in this action.

652.   The allegations in paragraph 652 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 652, and on that basis, denies those allegations.

653.   The allegations in paragraph 653 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 653, and on that basis, denies those allegations.

654.   Graco admits that Plaintiffs have quoted excerpts of the Oregon UTPA, but Graco denies the allegations in paragraph 654 to the extent they purport to interpret or characterize the quoted language.

655.   Graco denies the allegations in paragraph 655.

656.   Graco admits that it has sold Booster Seats in Oregon. The remaining allegations in paragraph 656 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 656, and on that basis, denies those allegations.

657.   Graco denies the allegations in paragraph 657.

658.   Graco denies the allegations in paragraph 658.

659.   Graco denies the allegations in paragraph 659.

660.   Graco denies the allegations in paragraph 660.

661.   Graco denies the allegations in paragraph 661.

662.   Graco denies the allegations of paragraph 662 to the extent they purport to allege facts regarding Graco's knowledge or actions or regarding Graco's products or packaging.  The remaining allegations in paragraph 662 state legal conclusions to which no response is required, and to the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

663.   Graco denies the allegations in paragraph 663.

664.   Graco denies that it made any omissions or misrepresentations about the safety of its Booster Seats. The remaining allegations in paragraph 664 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 664, and on that basis, denies those allegations.

665.   Graco denies that it made any omissions or misrepresentations. Graco further denies that its Booster Seats are unsafe in side-impact crash tests.  Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 665 regarding any Plaintiffs' or putative class members'

actions or state of mind, and on that basis, Graco denies those allegations.  The remaining allegations in paragraph 665 state legal conclusions to which no response is required, and to the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

666.   Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 666, all of which relate to Plaintiffs' or putative class members' actions or state of mind, and on that basis, Graco denies those allegations.  To the extent allegations in paragraph 666 purport to include characterizations of Graco's knowledge or actions or its products or packaging, those characterizations are inaccurate and Graco denies those allegations.

667.   Graco denies the allegations the allegations in paragraph 667.

668.   Graco denies that it engaged in unfair and deceptive acts and practices under the Oregon UTPA. The remaining allegations in paragraph 668 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 668, and on that basis, denies those allegations.

669.   Graco denies the allegations the allegations in paragraph 669.

670.   Graco denies the allegations the allegations in paragraph 670.

671.   Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 671, and on that basis, Graco denies those allegations.

672.   Graco admits that Plaintiff purports to seek such relief allowed by law, but Graco denies that Plaintiff or any putative class are entitled to the relief requested.

### 13.   Pennsylvania

**PENNSYLVANIA COUNT I**
**BREACH OF EXPRESS WARRANTY**
**(13 Pa. Cons. Stat. § 2313)**

673.   Graco admits that Plaintiffs Francoforte and Varlaro purports to bring this claim individually and on behalf of a Pennsylvania Subclass, but Graco denies that this action may or should be maintained or properly prosecuted as a class action, denies that the class defined by the Plaintiffs may be certified, and further denies that any class may or should be certified in this action.

674.   The allegations in paragraph 674 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 674, and on that basis, denies those allegations.

675.   The allegations in paragraph 675 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 675, and on that basis, denies those allegations.

676.   The allegations in paragraph 676 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 676, and on that basis, denies those allegations.

677.   Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 677 regarding any Plaintiffs' or putative class members' actions or state of mind, and on that basis, Graco denies those allegations.  Graco admits only that it has provided a warranty for all of its Booster Seats, which is subject to the terms and conditions set forth in the warranty.

678.   Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 678 regarding any Plaintiffs' or putative class members' actions or state of mind, and on that basis, Graco denies those allegations.  Graco admits only that it has provided a warranty for all of its Booster Seats, which is subject to the terms and conditions set forth in the warranty.

679.   The allegations in paragraph 679 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 679, and on that basis, denies those allegations.

680.   Graco denies the allegations in paragraph 680.

681.   Graco denies the allegations in paragraph 681.

## PENNSYLVANIA COUNT II
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
### (13 Pa. Cons. Stat. §§ 2314)

682.   Graco admits that Plaintiffs Francoforte and Varlaro purports to bring this claim individually and on behalf of a Pennsylvania Subclass, but Graco denies that this action may or should be maintained or properly prosecuted as a class action, denies that the class defined by the Plaintiffs may be certified, and further denies that any class may or should be certified in this action.

683.   Graco admits that Plaintiffs have quoted excerpts of the cited Massachusetts statute, but Graco denies the allegations in paragraph 683 to the extent they purport to interpret or characterize the quoted language.

684.   Graco denies the allegations in paragraph 684.

685.   The allegations in paragraph 685 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without

knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 685, and on that basis, denies those allegations.

686.   The allegations in paragraph 686 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 686, and on that basis, denies those allegations.

687.   The allegations in paragraph 687 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 687, and on that basis, denies those allegations.

688.   Graco denies the allegations in paragraph 688.

## PENNSYLVANIA COUNT III
## VIOLATION OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW
### (73 Pa. Cons. Stat. §§ 201-1, et seq.)

689.   Graco admits that Plaintiffs Francoforte and Varlaro purports to bring this claim individually and on behalf of a Pennsylvania Subclass, but Graco denies that this action may or should be maintained or properly prosecuted as a class action, denies that the class defined by the Plaintiffs may be certified, and further denies that any class may or should be certified in this action.

690.   The allegations in paragraph 690 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 690, and on that basis, denies those allegations.

691.   The allegations in paragraph 691 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 691, and on that basis, denies those allegations.

692.   The allegations in paragraph 692 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 692, and on that basis, denies those allegations.

693.   Graco admits that Plaintiffs have quoted excerpts of the cited Massachusetts statute, but Graco denies the allegations in paragraph 693 to the extent they purport to interpret or characterize the quoted language.

694.   Graco denies the allegations in paragraph 694.

695.   Graco denies the allegations in paragraph 695.

696.   Graco denies the allegations in paragraph 696.

697.   Graco denies that it made any omissions or misrepresentations about the safety of its Booster Seats. The remaining allegations in paragraph 697 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 697, and on that basis, denies those allegations.

698.   Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 698, all of which relate to Plaintiffs' or putative class members' actions or state of mind, and on that basis, Graco denies those allegations.  To the extent allegations in paragraph 698 purport to include characterizations of Graco's knowledge or actions or its products or packaging, those characterizations are inaccurate and Graco denies those allegations.

699.   Graco denies that it engaged in unfair and deceptive acts and practices under the Pennsylvania CPL. The remaining allegations in paragraph 699 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 699, and on that basis, denies those allegations.

700.   Graco denies the allegations on paragraph 700.

701.   Graco denies the allegations on paragraph 701.

702.   Graco admits that Plaintiff purports to seek such relief allowed by law, but Graco denies that Plaintiff or any putative class are entitled to the relief requested.

### 14.   Texas

**TEXAS COUNT I**
**BREACH OF EXPRESS WARRANTY**
**(Tex. Bus. & Com. Code § 2.313)**

703.   Graco admits that Plaintiff Arellano purports to bring this claim individually and on behalf of a Texas Subclass, but Graco denies that this action may or should be maintained or properly prosecuted as a class action, denies that the class defined by the Plaintiffs may be certified, and further denies that any class may or should be certified in this action.

704.   The allegations in paragraph 704 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 704, and on that basis, denies those allegations.

705.   The allegations in paragraph 705 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 705, and on that basis, denies those allegations.

706.   The allegations in paragraph 706 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 706, and on that basis, denies those allegations.

707.   Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 707 regarding any Plaintiffs' or putative class members' actions or state of mind, and on that basis, Graco denies those allegations. Graco admits only that it has provided a warranty for all of its Booster Seats, which is subject to the terms and conditions set forth in the warranty.

708.   Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 708 regarding any Plaintiffs' or putative class members' actions or state of mind, and on that basis, Graco denies those allegations. Graco admits only that it has provided a warranty for all of its Booster Seats, which is subject to the terms and conditions set forth in the warranty.

709.   The allegations in paragraph 709 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 709, and on that basis, denies those allegations.

710.   Graco denies the allegations in paragraph 710.

711.   Graco denies the allegations in paragraph 711.

**TEXAS COUNT II**
**BREACH OF IMPLIED WARRANTY**
**(Tex. Bus. & Com. Code Ann. § 2.314)**

712.   Graco admits that Plaintiff Arellano purports to bring this claim individually and on behalf of a Texas Subclass, but Graco denies that this action may or should be maintained or properly prosecuted as a class action, denies that the class defined by the Plaintiffs may be certified, and further denies that any class may or should be certified in this action.

713.   Graco admits that Plaintiffs have quoted excerpts of the cited Texas statute, but Graco denies the allegations in paragraph 713 to the extent they purport to interpret or characterize the quoted language.

714.   The allegations in paragraph 714 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 714, and on that basis, denies those allegations.

715.   Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 715 regarding any Plaintiff's or putative class members' actions, and on that basis, Graco denies those allegations.  The remaining allegations in paragraph 715 state legal conclusions to which no response

is required, and to the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

716.   The allegations in paragraph 716 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 716, and on that basis, denies those allegations.

717.   Graco denies the allegations in paragraph 717.

718.   Graco denies the allegations in paragraph 718.

719.   Graco denies the allegations in paragraph 719.

720.   Graco denies the allegations in paragraph 720.

## TEXAS COUNT III
## VIOLATION OF THE TEXAS DECEPTIVE TRADE PRACTICES AND CONSUMER PROTECTION ACT
### (Tex. Bus. & Com. Code §§ 17.4, *et seq.*)

721.   Graco admits that Plaintiff Arellano purports to bring this claim individually and on behalf of a Texas Subclass, but Graco denies that this action may or should be maintained or properly prosecuted as a class action, denies that the class defined by the Plaintiffs may be certified, and further denies that any class may or should be certified in this action.

722.   Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 722, and on that basis, denies those allegations.

723.   The allegations in paragraph 723 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 723, and on that basis, denies those allegations.

724.   Graco denies that it engaged in any unconscionable actions and denies that the Texas Plaintiff and Texas Subclass suffered any damages. The remaining allegations in paragraph 724 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 724, and on that basis, denies those allegations.

725.   Graco denies the allegations in paragraph 725.

726.   Graco denies the allegations in paragraph 726.

727.   Graco denies the allegations in paragraph 727.

728.   Graco denies the allegations in paragraph 728.

729.   Graco denies the allegations in paragraph 729.

730. Graco denies the allegations of paragraph 730 to the extent they purport to allege facts regarding Graco's knowledge or actions or regarding Graco's products or packaging. The remaining allegations in paragraph 730 state legal conclusions to which no response is required, and to the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

731. Graco denies that it made any omissions or misrepresentations about the safety of its Booster Seats. The remaining allegations in paragraph 731 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 731, and on that basis, denies those allegations.

732. Graco denies the allegations in paragraph 732.

733. Graco denies the allegations in paragraph 733.

734. Graco denies the allegations in paragraph 734.

735. Graco denies that Plaintiffs provided adequate pre-suit notice.

736. Graco denies the allegations in paragraph 736.

### 15.   West Virginia

## WEST VIRGINIA COUNT I
## BREACH OF EXPRESS WARRANTY
## (W. Va. Code § 46-2-313)

737.   Graco admits that Plaintiff Leffingwell purports to bring this claim individually and on behalf of a West Virginia Subclass, but Graco denies that this action may or should be maintained or properly prosecuted as a class action, denies that the class defined by the Plaintiffs may be certified, and further denies that any class may or should be certified in this action.

738.   The allegations in paragraph 738 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 738, and on that basis, denies those allegations.

739.   The allegations in paragraph 739 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 739, and on that basis, denies those allegations.

740.   The allegations in paragraph 740 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without

knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 740, and on that basis, denies those allegations.

741.   Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 741 regarding any Plaintiffs' or putative class members' actions or state of mind, and on that basis, Graco denies those allegations.  Graco admits only that it has provided a warranty for all of its Booster Seats, which is subject to the terms and conditions set forth in the warranty.

742.   Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 742 regarding any Plaintiffs' or putative class members' actions or state of mind, and on that basis, Graco denies those allegations.  Graco admits only that it has provided a warranty for all of its Booster Seats, which is subject to the terms and conditions set forth in the warranty.

743.   The allegations in paragraph 743 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 743, and on that basis, denies those allegations.

744.   Graco denies the allegations in paragraph 744.

745.   Graco denies the allegations in paragraph 745.

## WEST VIRGINIA COUNT II
## BREACH OF IMPLIED WARRANTY
### (W. Va. Code § 46-2-314)

746.   Graco admits that Plaintiff Leffingwell purports to bring this claim individually and on behalf of a West Virginia Subclass, but Graco denies that this action may or should be maintained or properly prosecuted as a class action, denies that the class defined by the Plaintiffs may be certified, and further denies that any class may or should be certified in this action.

747.   Graco admits that Plaintiffs have quoted excerpts of the cited West Virginia statute, but Graco denies the allegations in paragraph 747 to the extent they purport to interpret or characterize the quoted language.

748.   The allegations in paragraph 748 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 748, and on that basis, denies those allegations.

749.   Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 749 regarding any Plaintiff's or putative class members' actions, and on that basis, Graco denies those allegations.  The remaining allegations in paragraph 749 state legal conclusions to which no response is required, and to the extent an answer is required, Graco is without knowledge or

information sufficient to form a belief as to the truth of those allegations, and on that basis, denies those allegations.

750.   The allegations in paragraph 750 state legal conclusions to which no response is required. To the extent an answer is required, Graco is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 750, and on that basis, denies those allegations.

751.   Graco denies the allegations in paragraph 751.

752.   Graco denies the allegations in paragraph 752.

753.   Graco denies the allegations in paragraph 753.

754.   Graco denies the allegations in paragraph 754.

## VIII. <u>PRAYER FOR RELIEF</u>

Graco denies that Plaintiffs are entitled to relief requested in subparagraphs (a)–(j) or any other relief based on the allegations set forth in the Complaint.

## <u>GRACO'S AFFIRMATIVE DEFENSES</u>

### <u>FIRST AFFIRMATIVE DEFENSE</u>

The Complaint fails to state a claim upon which relief can be granted.

### <u>SECOND AFFIRMATIVE DEFENSE</u>

Plaintiffs and/or members of the putative classes lack standing to bring any or all of the claims alleged in the Complaint because they have not sustained a concrete

injury-in-fact.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims and those of the putative classes are barred to the extent they have failed to mitigate their damages.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and those of the putative classes are barred by the terms of the applicable Defendant's warranties and all associated disclaimers, including Plaintiffs' or the putative class members' failure to comply with such terms.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of waiver.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and those of the putative classes are barred to the extent the injury they allegedly sustained was caused by their misuse of the product and/or their own negligent conduct.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and those of the putative classes are barred, in whole or in part, by the doctrine of unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim sufficient to merit an award of punitive,

exemplary, or treble damages and fails to allege facts sufficient to justify any award of such damages against Defendant.

### NINTH AFFIRMATIVE DEFENSE

The claims made by Plaintiffs and the putative classes are barred, in whole or in part, to the extent that they seek to deprive Defendants of procedural and substantive safeguards, including but not limited to traditional defenses to liability, in violation of the due process clause of the United States Constitution and the analogous provisions of any applicable state constitutions.

### TENTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs and the putative classes are barred, in whole or in part, by the doctrine of laches, res judicata, or collateral estoppel.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs and the putative classes are not entitled to relief on their claims, in whole or in part, because Plaintiffs and the putative class have not suffered an ascertainable loss.

### TWELFTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs' claims and the claims of any putative class members seek relief, in whole or in part, for actions outside the applicable statutes of limitations, such claims are barred as a matter of law.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for punitive damages violates the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution, and similar state constitutional provisions, because it seeks to punish Defendants based upon unconstitutionally vague standards as applied to the conduct alleged in this case. Plaintiffs' claim for punitive damages violates the Eighth Amendment to the United States Constitution, and similar state constitutional provisions because it seeks to impose an excessive fine on Defendant, is penal in nature, and seeks to punish Defendant based upon unconstitutionally vague standards as applied to the conduct in this case.

## FOURTEENTH AFFIRMATIVE DEFENSE

Any damages to which Plaintiffs and/or the members of the putative classes may be found entitled to in this action, if any, were not directly or proximately caused, in whole or in part, by Defendant, and must be decreased to the extent that the acts or omissions of Plaintiffs, the members of the putative classes, or any other third party were a cause of those damages.

## FIFTEENTH AFFIRMATIVE DEFENSE

If Plaintiffs or any putative class member seeks statutory penalties, this action is not subject to class certification because the statutory penalties are not incidental

to injunctive or declaratory relief and would therefore require separate hearings.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and those of the putative classes are barred to the extent they are moot.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because product(s) and the warnings and instructions that were supplied with them represented the state-of-the-art at the time they were supplied.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant is entitled to a presumption that the product(s) are not defective based upon their compliance with Federal Motor Vehicle Safety Standard 213.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendant denies all allegations not expressly admitted and specifically reserve all affirmative or other defenses that they may have against the putative classes. It is not necessary at this time for Defendant to delineate such defenses against the putative classes because no classes have been certified and the putative class members are not parties to this litigation.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendant reserves the right to raise such additional affirmative defense as

may be established during discovery and by evidence in the case.

**WHEREFORE,** Defendants pray for judgment as follows:

(a)    That Plaintiffs and the putative classes take nothing;

(b)    That the Court enter judgment in favor of Defendant on each cause of

action alleged against it in the Complaint;

(c)    That Defendant be awarded its costs, expenses, and reasonable

attorneys' fees; and

(d)    That the Court grant Defendant all further legal and equitable relief

that it deems just and proper.

## <u>JURY TRIAL DEMAND</u>

Graco hereby demands a trial by jury on all claims so triable.

Respectfully submitted this 19th day of October, 2021.

> */s/ Nick Panayotopoulos*
> Nicholas P. Panayotopoulos
> Georgia Bar No. 560679
> Jennifer A. Adler
> Georgia Bar No. 585635
> Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC
> 3344 Peachtree Road, NE, Suite 2400
> Atlanta, Georgia 30326
> Tel: (404) 876-2700
> Fax: (404) 875-9433
> npanayo@wwhgd.com
> jadler@wwhgd.com

Joseph J. Krasovec III (*pro hac vice*)
David C. Scott (*pro hac vice*)
Schiff Hardin LLP
233 South Wacker Drive, Suite 7100
Chicago, Illinois 60606
Tel: (312) 258-5500
Fax: (312) 258-5600
jkrasovec@schiffhardin.com
dscott@schiffhardin.com

*Attorneys for Graco Children's Products, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 19th day of October, 2021, the foregoing Answer was electronically filed with the Clerk using the CM/ECF system, which will automatically send a notice of electronic filing to all attorneys of record.

*/s/ Nick Panayotopoulos*
Nicholas P. Panayotopoulos
Georgia Bar No. 560679