UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KELLIE CARDER, *et al.*, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GRACO CHILDREN'S PRODUCTS, INC.,<br><br>Defendant. | Civil Action No. 2:20-cv-00137-LMM |

### PLAINTIFFS' REPLY TO DEFENDANT'S RESPONSE TO MOTION FOR RECONSIDERATION

In arguing that the Court should not grant reconsideration, Graco does not dispute (1) that Ms. Chavez sent Graco a letter on August 11, 2020, which gave Graco notice of her intent to bring a claim under the Georgia Fair Business Practices Act, Ga. Code Ann. § 10-1-390, *et. seq.* ("GFBPA"), (2) that Graco received the August 11 letter, and (3) that the letter was sufficient to comply with the GFBPA's pre-suit notification requirement set out in Ga. Code Ann. § 10-1-399(b). Graco also does not dispute that Ms. Chavez could have amended her complaint in *Chavez v. Graco Children's Products, Inc.*, No. 1:20-cv-03302, Dkt. No. 1 (N.D. Ga.), to add a GFBPA claim at any time after September 10, 2020, consistent with *Bowers*

*ex rel. Bowers v. Branch Banking & Tr. Co.*, No. 4:15-CV-00011-MTT, 2015 WL 4131915, at *9 (M.D. Ga. July 8, 2015).

Instead, Graco argues that Ms. Chavez's letter was only sufficient to provide pre-suit notification for *Chavez v. Graco*, No. 1:20-cv-03302, and could not be a basis for her filing a GFBPA claim in any other case. Not surprisingly, Graco has cited no authority supporting this position, and Plaintiffs have found none.

Indeed, Graco's theory cannot be reconciled with the plain language of the statute. Ga. Code Ann. § 10-1-399(a) provides that injured parties falling within the scope of the GFBPA "may bring an action" for damages against persons who have violated the GFBPA. Then, Ga. Code Ann. § 10-1-399(b) further provides: "At least 30 days prior to the filing of any such action, a written demand for relief, identifying the claimant and reasonably describing the unfair or deceptive act or practice relied upon and the injury suffered, shall be delivered to any prospective respondent." The phrase "any such action" in § 10-1-399(b) necessarily refers to an action under the GFBPA authorized by § 10-1-399(a), which by definition cannot yet have been filed. *See Steed v. Fed. Nat. Mortg. Corp.*, 301 Ga. App. 801, 809–10, 689 S.E.2d 843, 851 (2009) ("The notice requirements imposed by OCGA § 10–1–399(b) *are a prerequisite to the filing of a FBPA suit*." (emphasis added)).

Nothing in § 10-1-399 mandates that Ms. Chavez, after providing proper pre-suit notice, could only bring her GFBPA action in the case that was already filed without a GFBPA claim. Graco can point to no statutory language or case law

2

precluding Ms. Chavez from choosing to file her properly-noticed GFBPA claim in an entirely new lawsuit – or by asserting it in another pending lawsuit, which is what Ms. Chavez chose to do.

The fact that the *Carder* action involves multiple plaintiffs, including a second Georgia plaintiff who did not herself give notice, is immaterial. *See Amin v. Mercedes-Benz USA, LLC*, 301 F. Supp. 3d 1277, 1292 (N.D. Ga. 2018) (holding in a class action with two named plaintiffs that "Plaintiff Patel may rely on the pre-suit demand sent by Plaintiff Amin on behalf of 'all others similarly situated' to satisfy the requirements of O.C.G.A. § 10-1-399(b)"); *see also In re Arby's Rest. Grp. Inc. Litig.*, No. 1:17-CV-0514-AT, 2018 WL 2128441, at *19 (N.D. Ga. Mar. 5, 2018) (accord). In short, because Ms. Chavez complied with § 10-1-399(b), she not only has a viable individual claim for violation of the GFBPA, but she is also a proper class representative for the putative members of the Georgia subclass.

In arguing that no manifest injustice exists, Graco inaccurately proclaims: "This outcome is the result of Plaintiffs' own preferred procedural maneuvers." Dkt. No. 90 at p. 5. To the contrary, Plaintiffs moved to consolidate all of the class actions involving Graco booster seats, Dkt. 39, but the Court and the Parties collectively adopted the procedure that led to the filing of the Consolidated Amended Complaint and dismissal of the individual class actions. The minute entry states: "A telephone conference was held on the plaintiffs' pending motions to consolidate. *The parties agreed* that Plaintiffs will file a consolidated class action complaint in Carder v.

3

Graco Children's Products, Inc. et al., 2:20-cv-137-LMM, and dismiss the underlying cases (1:20-cv-3030; 1:20-cv-3095; 1:20-cv-3302; and 1:20-cv-3482). The Court orally granted Plaintiffs' request to file an amended complaint. The pending motions to consolidate are terminated as MOOT." Dkt. 40 (emphasis added).

In other words, according to Graco, Ms. Chavez permanently loses her ability to sue Graco under the GFBPA because (1) she followed Ga. Code Ann. § 10-1-399(b) by not alleging a GFBPA claim in her class action prior to sending her notice letter and (2) then joined the *Carder* case while voluntarily dismissing her own class action in accordance with the procedure established in the September 29, 2020 hearing. Under Graco's theory, unsupported by any authority, the only way Ms. Chavez could preserve her GFBPA claim was by continuing with her own duplicative class action. That is not and, for judicial efficiency reasons, should not be the law.

Finally, Graco claims that denial of Plaintiffs' motion for reconsideration will have no impact on the putative class members. While the putative class members are not bound by the order granting dismissal of the GFBPA claim, they will not, following class certification, be able to recover damages *in this case* under the GFBPA because the claim has been dismissed from this consolidated class action with prejudice. Since their own individual damages would not be sufficient to support an individual lawsuit, they will only be able to recover under the GFBPA if they file their own separate class action which would still likely be joined with this

action. And if no other Georgia resident is willing to undertake the responsibility of being a class representative, then the putative class members will not be able to recover their damages under the GFBPA even though Graco undeniably received proper pre-suit notice of Ms. Chavez's GFBPA claim. The putative class members – who will receive no notice that the GFBPA claim has been dismissed with prejudice – would be best served, as will judicial economy, by allowing Plaintiffs' motion for reconsideration.

## Conclusion

For these reasons, Plaintiffs respectfully request that the Court grant Plaintiffs' motion for reconsideration.

Dated: November 2, 2021

Respectfully submitted,

s/ *Martha A. Geer*

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
Martha A. Geer (*pro hac vice*)
Patrick M. Wallace (*pro hac vice*)
Harper Segui
Georgia Bar No. 096540
900 W. Morgan Street
Raleigh, NC 27603
T: 919-600-5000
F: 919-600-5035
mgeer@milberg.com
pwallace@milberg.com
hsegui@milberg.com

Rachel L. Soffin
Gregory F. Coleman (*pro hac vice*)

5

Jonathan B. Cohen (*pro hac vice*)
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
Telephone: (865) 247-0080
Facsimile: (865) 522-0049
rsoffin@milberg.com
gcoleman@milberg.com
jcohen@milberg.com

s/ *MelissaR. Emert*

**KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.**
Melissa R. Emert (*pro hac vice*)
Gary S. Graifman (*pro hac vice*)
747 Chestnut Ridge Road
Chestnut Ridge, New York 10977
Telephone: (845) 356-2570
Facsimile: (845) 356-4335
memert@kgglaw.com
ggraifman@kgglaw.com

*Interim Co-Lead Class Counsel*
**EVANGELISTA WORLEY, LLC**
David J. Worley
Georgia Bar No. 776665
James M. Evangelista
Georgia Bar No. 707807
500 Sugar Mill Road
Suite 245A
Atlanta, GA 30350
Telephone: (404) 205-8400
david@ewlawllc.com

**CASEY GERRY SCHENK FRANCAVILLA BLATT & PENFIELD, LLP**
Gayle M. Blatt (*pro hac vice*)
P. Camille Guerra (*pro hac vice*)
James M. Davis (PHV application forthcoming)
110 Laurel Street

6

San Diego, CA 92101
Telephone: (619) 238-1811
Facsimile: (619) 544-9232
gmb@cglaw.com
camille@cglaw.com
jdavis@cglaw.com

**MASON LIETZ & KLINGER LLP**

Gary E. Mason (*pro hac vi*ce)
5101 Wisconsin Avenue NW Suite 305
Washington, D.C. 20016
Tel: (202) 429-2290
Fax: (202) 42902294
gmason@masonllp.com

**ROBINS KAPLAN LLP**

Aaron M. Sheanin (*pro hac vi*ce)
2006 Kala Bagai Way
Suite 22
Berkeley, CA 94704
Telephone: (650) 784-4040
Facsimile: (650) 784-4041
asheanin@robinskaplan.com

**ROBINS KAPLAN LLP**

Stacey P. Slaughter (*pro hac vice*)
Michael Pacelli (*pro hac vice*)
Austin Hurt (*pro hac vice*)
800 LaSalle Ave.
Suite 2800
Minneapolis, MN 55402
Telephone: (612) 349-8500
Facsimile: (612) 339-4181
sslaughter@robinskaplan.com
mpacelli@robinskaplan.com
ahurt@robinskaplan.com

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**

Mark P. Chalos (*pro hac vice*

application forthcoming)
222 2nd Avenue South
Suite 1640
Nashville, TN 37201
Telephone: (615) 313-9000
Facsimile: (615) 313-9965
mchalos@lchb.com

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

Matthew M Guiney (*pro hac vice* application forthcoming)
270 Madison Ave.
New York, NY 10016
Telephone: (212) 545-4600
guiney@whafh.com

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC**

Carl V. Malmstrom (*pro hac vice*)
111 W. Jackson Blvd.
Suite 1700
Chicago, IL 60604
Telephone: (312) 984-0000
malmstrom@whafh.com

**SHUB LAW FIRM LLC**

Jonathan Shub (*pro hac vice* application forthcoming)
134 Kings Highway E,
2nd Floor, Haddonfield, NJ 08033
Telephone: (856) 772-7200
jshub@shublawyers.com

*Plaintiffs' Counsel*

## **CERTIFICATEOF COMPLIANCE**

I hereby certify that this document was prepared in compliance with Northern District of Georgia Local Rule 5.1C using Century Schoolbook 13-point font.

Dated:  November 2, 2021                By:     /s/ *David J. Worley*
                                                David J. Worley

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date the foregoing MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION was electronically filed with the Clerk using the CM/ECF system, which will send a notice of electronic filing to all registered users of the CM/ECF system.

Dated: November 2, 2021	By:	/s/ *David J. Worley*
		David J. Worley

		*Counsel for Plaintiffs*