IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| KELLIE CARDER, *individually and on behalf of all others similarly situated*, et al., | :<br>:<br>: |
| Plaintiffs, | :<br>: |
| v. | :    CIVIL ACTION NO.<br>:    2:20-CV-00137-LMM |
| GRACO CHILDREN'S PRODUCTS, INC., | :<br>:<br>: |
| Defendant. | : |

# **ORDER**

This case comes before the Court on Plaintiffs' Motion for Reconsideration [86]. After due consideration, the Court enters the following Order.

On August 31, 2021, the Court entered an Order granting in part and denying in part Defendant's Motion to Dismiss. See Dkt. No. [85]. In that Order, the Court dismissed Georgia Count III, a claim under Georgia's Fair Business Practices Act, O.C.G.A. §§ 10-1-390 *et seq.* ("GFBPA"), finding that Plaintiffs had failed to comply with the statute's mandatory notice requirement. Id. at 52–53. Plaintiffs' GFBPA claim was therefore dismissed with prejudice. Id. Plaintiffs now ask the Court to reconsider that decision and instead dismiss the GFBPA claim without prejudice and with leave to amend. Dkt. No. [86].

Under the Local Rules of this Court, "[m]otions for reconsideration shall not be filed as a matter of routine practice[,]" but rather, only when "absolutely necessary." LR 7.2(E), N.D. Ga. Such absolute necessity arises where there is "(1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact." Bryan v. Murphy, 246 F. Supp. 2d 1256, 1258–59 (N.D. Ga. 2003). A motion for reconsideration may not be used "to present the court with arguments already heard and dismissed or to repackage familiar arguments to test whether the court will change its mind." Id. at 1259 (quoting Brogdon ex rel. Cline v. Nat'l Healthcare Corp., 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000)).

Nor may it be used "to offer new legal theories or evidence that could have been presented in conjunction with the previously filed motion or response, unless a reason is given for failing to raise the issue at an earlier stage in the litigation." Adler v. Wallace Comput. Servs., Inc., 202 F.R.D. 666, 675 (N.D. Ga. 2001). Finally, "[a] motion for reconsideration is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time." Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), aff'd, 87 F.3d 1242 (11th Cir. 1996).

In their Motion for Reconsideration, Plaintiffs concede that Georgia Plaintiff Kellie Carder did not provide the mandatory pre-suit notice before asserting her GFBPA claim, and they also acknowledge that they did not

otherwise argue that any other named Plaintiff had complied with the statute's notice requirement. See Dkt. No. [86-1] at 1–4. However, Plaintiffs now explain that they failed to realize (and consequently failed to notify the Court or argue) that the other named Georgia Plaintiff, Rejenna Chavez, had in fact provided notice to Defendant prior to asserting her GFBPA claim in the Consolidated Amended Complaint. See id. As a result, Defendants contend that Plaintiff Chavez and the Georgia subclass have viable claims under the GFBPA, and they ask that the Court change the dismissal of Georgia Count III to be without prejudice and grant Plaintiffs leave to amend and add allegations showing timely notice under the statute. See Dkt. Nos. [86] at 2; [86-1] at 3–6.

In support of their Motion, Plaintiffs state the following facts: Plaintiff Chavez filed her original lawsuit against Defendant on August 10, 2020, and her complaint did not include a claim under the GFBPA, Dkt. No. [86-1] at 2; on August 11, 2020, Plaintiff Chavez sent Defendant a letter notifying Defendant that its actions relating to the Booster Seats allegedly violated the GFBPA and that, if Defendant did not take appropriate remedial action, she intended to amend her complaint to add a GFBPA claim, see id. at 2–3; Plaintiff Chavez thereafter voluntarily dismissed her individual case and joined the Consolidated Amended Complaint in this case,[1] wherein she asserted a claim under the GFBPA for the first time, see id. at 3.

---

[1] The Consolidated Amended Complaint was filed on December 11, 2020. Dkt. No. [60].

3

Plaintiffs are correct that, under these circumstances, Plaintiff Chavez complied with the GFBPA's notice requirement, and her claim would therefore not fail for lack of pre-suit notice. See Bowers ex rel. Bowers v. Branch Banking and Tr. Co., No. 4:15-CV-00011-MTT, 2015 WL 4131915, at *9 (M.D. Ga. July 8, 2015) (allowing GFBPA claim to proceed where the plaintiff did not initially assert the claim in her complaint but later sent the defendant a notice letter and thereafter asserted the GFBPA claim in an amended complaint). Though Defendant does not appear to contest any of the material factual assertions made in Plaintiffs' Motion regarding when Plaintiff Chavez filed her initial complaint, whether that complaint included a claim under the GFBPA, and when she sent a notice letter to Defendant, Defendant nevertheless argues that Plaintiff's Motion for Reconsideration should be denied. For the reasons discussed below, Defendant's arguments are unavailing.

First, Defendant argues that Plaintiffs' Motion must be denied because Plaintiffs never previously raised this issue, including in their Consolidated Amended Complaint, original briefing on Defendant's Motion to Dismiss, or at the July 29, 2021 hearing concerning the Motion to Dismiss. See Dkt. No. [90] at 3–4. While it is true that Plaintiffs failed to raise this issue in their earlier filings or at the hearing, the decision to grant or deny a motion for reconsideration is ultimately left to the discretion of the district court. See Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dept. of Health & Rehab. Servs., 225 F.3d 1208, 1216 (11th Cir. 2000). In this case, granting Plaintiffs' Motion for Reconsideration prevents

the manifest injustice of dismissing a potentially viable claim due to attorney error and therefore promotes the Court's strong preference for resolving claims and cases on the merits. Cf. Perez v. Wells Fargo N.A., 774 F.3d 1329, 1342 (11th Cir. 2014) ("This Circuit expresses a strong preference that cases be heard on the merits[.]" (quotation marks and citation omitted)). In keeping with this principle, the Court is persuaded that Plaintiffs should be given the opportunity to amend and pursue this claim. See Church of Scientology of Ga., Inc. v. City of Sandy Springs, 843 F. Supp. 2d 1328, 1336 n.2 (N.D. Ga. 2012) (granting motion for reconsideration to avoid manifest injustice even though the plaintiff had failed to properly direct the court's attention to available evidence in the record).

Second, Defendant argues that, under the text of O.C.G.A. § 10-1-399(b), pre-suit notice under the GFBPA must precede and provide notice of the specific "action" it is intended to address. See Dkt. No. [90] at 4–5. In other words, Defendant maintains that because Plaintiff Chavez gave notice while her original lawsuit was still pending (and thus notified Defendant of her intention to potentially assert a GFBPA claim in that case), she cannot now rely on that pre-suit notice to assert a claim in this case after joining the Consolidated Amended Complaint. See id.

The Court finds no support for this argument in the statutory text, nor does Defendant's proposed interpretation make practical sense. As Plaintiffs correctly note, the statute makes clear that providing notice is a prerequisite for asserting a claim under the GFBPA, so it does not follow logically that such notice would

5

attach specifically and exclusively to a yet-unfiled (or unasserted) claim or action. See O.C.G.A. § 10-1-399(b) ("At least 30 days prior to the filing of any such action, a written demand for relief, identifying the claimant and reasonably describing the unfair or deceptive act or practice relied upon and the injury suffered, shall be delivered to any prospective respondent."); see also Steed v. Fed. Nat'l Mortg. Corp., 689 S.E.2d 843, 851 (Ga. Ct. App. 2009) ("The notice requirements imposed by OCGA § 10–1–399(b) are a prerequisite to the filing of a [G]FBPA suit.").

In accordance with the foregoing, Plaintiffs' Motion for Reconsideration [86] is **GRANTED**. Plaintiffs' claim in Georgia Count III under the GFBPA is dismissed without prejudice and with leave to amend as to Plaintiff Chavez.[2]

**IT IS SO ORDERED** this 18th day of November, 2021.

_____
**Leigh Martin May**
**United States District Judge**

---

[2] Plaintiffs have indicated in their briefing that they already included the necessary allegations to support the GFBPA claim in their Second Consolidated Amended Complaint. Accordingly, no further action is required at this time other than to note that this claim may proceed and is no longer dismissed with prejudice.