# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KELLIE CARDER, *et al.*, individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>vs.<br><br>GRACO CHILDREN'S PRODUCTS INC.,<br><br>          Defendant. | Civil Action No. 2:20-cv-00137-LMM |

## JOINT PRELIMINARY PLANNING REPORT AND DISCOVERY PLAN

Pursuant to Local Rule 16.2, Plaintiffs and Defendant hereby submit their Joint Preliminary Planning Report and Discovery Plan, showing the Court as follows:

**1.     Description of the Case:**

**a)     Describe briefly the nature of this action.**

Plaintiffs from 15 states filed a class action complaint against Defendant Graco Children's Products Inc. ("Graco" or "Defendant") regarding the marketing and labelling of its booster seats for children. Plaintiffs allege violation of the Magnuson-Moss Warranty Act, fraud, unjust enrichment, negligent

misrepresentation, breach of warranty, and violation of state consumer protection laws.

Defendant denies Plaintiffs' allegations and asserts it has no liability for damages or other relief.

**b)     Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

Plaintiffs contend that Defendant manufactures and markets children's products, including child car seats and booster seats, and that, among other representations, Defendant marketed its booster seats as (1) "side impact tested" and (2) safe for children weighing 30 pounds.  Plaintiffs allege that these representations are false and misleading because testing does not show that the booster seats are safe in side-impact collisions, the booster seats do not reduce the risk of side-impact collisions, and the booster seats are not safe for children weighing 30 pounds. Plaintiffs further allege that Defendant knew that its representations were false and misleading. Plaintiffs allege that they relied on Defendant's representations when purchasing their booster seats and, as a result, did not receive the benefit of their bargain because the booster seats allegedly did not possess the safety features advertised by Defendant.

Defendant contends that Plaintiffs do not allege that any of their children have been involved in any car accident while using Graco's booster seats, or that any of

them ever suffered any physical injury caused by the booster seats; rather, Plaintiffs seek damages and injunctive relief on behalf of themselves, a nationwide class, and fifteen state-specific classes.  Graco denies that its booster seats are unsafe or violate any standards or regulations, and denies that it has made any false or misleading statements or representations about the booster seats.  The National Highway Traffic Safety Administration (NHTSA) regulates car seat safety under the National Traffic and Motor Vehicle Safety Act and the Highway Safety Act, which directs NHTSA to "prescribe motor vehicle safety standards" by "carry[ing] out needed safety research and development" to "reduce traffic accidents and deaths and injuries resulting from traffic accidents."  49 U.S.C. § 30101.  NHTSA promulgated a rule, FMVSS 213, setting federal safety standards that specifically govern car seats, including belt-positioning seats like Graco's booster seats.  49 C.F.R. § 571.213.  The rule establishes specific requirements concerning dynamic performance in a crash, force distribution, installation, and labeling, *id.* at S5.1 to S5.8, and requires belt-positioning seats to undergo a dynamic testing protocol that includes frontal sled testing, *id.* at S6.1—requirements with which Graco's booster seats comply and have always complied.

3

Graco further contends that no class should be certified in this case, that Plaintiffs' legal claims are without merit and that they are not entitled to any of the relief sought in the Complaint.

**c)     The legal issues to be decided are as follows:**

Plaintiff identifies the following legal issues to be decided:

- Whether Defendant knew that its representations and/or omissions in advertising, marketing, and labeling were false, deceptive, or misleading.

- Whether Defendant engaged in unlawful, fraudulent, or unfair business practices.

- Whether Defendant breached express and implied warranties to Plaintiffs.

- Whether Defendant was unjustly enriched at the expense of Plaintiffs.

- Whether Defendant's representations and/or omissions in advertising, marketing, and labeling are likely to mislead a reasonable consumer.

- Whether Defendant was negligent or grossly negligent in representing the Booster Seats were side-impact tested and safe for children weighing less than 40 pounds.

- Whether Plaintiffs and the Class are entitled to damages, and in what amount.

Defendant identifies the following legal issues to be decided:

- Whether Plaintiffs' claims satisfy the class certification requirements of Fed. R. Civ. P. 23(a), as well as Rule 23(b)(2) and/or Rule 23(b)(3).

- Whether some or all of the claims asserted by Plaintiffs or the members of the putative classes are barred by the applicable statute of limitations.

- Whether Plaintiffs' or members of the putative classes claims for breach of implied warranty of merchantability were validly disclaimed.

- Whether Plaintiffs' or members of the putative classes claims for breach of warranties are barred by their failure to comply with the terms of any such warranties.

- Whether Plaintiffs have standing to assert some or all of the claims alleged.

- Whether Plaintiffs' claim for unjust enrichment is barred because of an express warranty.

- Whether Plaintiffs and the members of the putative classes members have been damaged as a proximate result of any conduct of Defendant.

- Whether Plaintiffs and the members of the putative classes have established the requirements for the imposition of equitable relief.

- Whether Plaintiffs or any members of the putative classes reasonably relied on any representations made by Defendant.

- Whether the application of multiple states' laws to Plaintiff's claims renders the putative classes unmanageable as a matter of law.

- Whether any of Plaintiffs' claims are barred under the doctrines of waiver or unclean hands.

- Whether any of the Plaintiffs gave adequate pre-suit notice of any of their claims.

- Whether Plaintiffs can demonstrate any conduct on the part of Defendant sufficient to warrant an award of punitive, exemplary or treble damages.

       **d)**      **The cases listed below (include both style and action number) are:**

            **1)**     **Pending Related Cases:** None.

            **2)**     **Previously Adjudicated Related Cases:** None.

**2.**    **This case is complex because it possesses one or more of the features listed below (please check):**

  X  (1) Unusually large number of parties

  X  (2) Unusually large number of claims or defenses

\_\_\_\_\_ (3) Factual issues are exceptionally complex

  X  (4) Greater than normal volume of evidence

  X  (5) Extended discovery period is needed

\_\_\_\_\_ (6) Problems locating or preserving evidence

\_\_\_\_\_ (7) Pending parallel investigations or action by government

  X  (8) Multiple use of experts

\_\_\_\_\_ (9) Need for discovery outside United States boundaries

\_\_\_\_\_ (10) Existence of highly technical issues and proof

\_\_\_\_\_ (11) Unusually complex discovery of electronically stored information

**3.**    **Counsel:**

      The following individually named attorneys are hereby designated as lead counsel for the parties:

For Plaintiffs: Martha A. Geer, Milberg Coleman Bryson Phillips Grossman, PLLC; Melissa R. Emert, Kantrowitz, Goldhamer & Graifman, P.C.

For Defendant: Joseph J. Krasovec III and David C. Scott, Schiff Hardin LLP; Nicholas P. Panayotopoulos and Jennifer A. Adler, Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC.

4.    **Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

For Plaintiffs:        _____ Yes   _X_ No

For Defendant:        _____ Yes   _X*_ No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection.   When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based.   Each objection should be supported by authority.

\* Defendant does not presently contend that there is any question as to the Court's subject matter jurisdiction.   Nor does Defendant contend that there is any question as to personal jurisdiction for the named parties.   Defendant, however, reserves any argument related to standing, subject matter jurisdiction, or personal jurisdiction (e.g., personal jurisdiction with respect to absent putative class

members) that may develop or arise as this case moves forward, including in connection with any motion for class certification.

5.      **Parties to This Action:**

   a)      **The following persons are necessary parties who have not been joined:**

   None known at this time.

   b)      **The following persons are improperly joined as parties:**

   None known at this time.

   c)      **The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

   None.

6.      **Amendments to the Pleadings:**

   Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

   a)      **List separately any amendments to the pleadings that the parties anticipate will be necessary:**

   The parties do not currently anticipate further amendments to the pleadings.

   b)      Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.    Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

a)    ***Motions to Compel***: before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.

b)    ***Summary Judgment Motions***: within thirty days after the close of discovery, unless otherwise permitted by court order.  Local Rule 56.1.

c)    ***Other Limited Motions***: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

d)    ***Motions Objecting to Expert Discovery***: Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.  Refer to Local Rule 7.2F.

**8.    Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26.  If any party objects that initial disclosures are not appropriate, state the

party and basis for the party's objection.  NOTE:  Your initial disclosures should include electronically stored information.  Refer to Fed.R.Civ.P. 26(a)(1)(B).

The parties shall serve initial disclosures by November 18, 2021.

**9.     Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues that could be addressed and the position of each party.

The parties do not request a scheduling conference with the Court at this time.

**10.    Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F.  The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

**Please state below the subjects on which discovery may be needed:**

Each party reserves all rights to object to discovery sought by any other party.

Plaintiffs anticipate taking discovery on the following subjects:

- Defendant's design and manufacture of the Booster Seats.

- Defendant's marketing and advertising of the Booster Seats.

- Defendant's sales data regarding the Booster Seats, both state and nationwide.

- Any testing or analysis of the Booster Seats performed by Defendant or third parties retained by Defendant.

- Defendant's knowledge regarding the Booster Seats' side-impact protection.

- Defendant's knowledge regarding the safe weight limitations for its Booster Seats.

- Graco's communications with third-party authorized retailers related to weight limitations, side-impact testing, and side-impact protection.

- Graco's authorized retailers' records of purchasers of Graco's Booster Seats.

Defendant anticipates taking discovery on the following subjects:

- purchases and use of Graco's booster seats by Plaintiffs and putative class members;

- the compliance of the Booster Seats with applicable standards or regulations;

- compliance with the terms of any warranty by Plaintiffs or members of the putative classes;

- knowledge of and reliance on any representations allegedly made by Defendant to Plaintiffs and members of the putative classes;

- causation of any damages asserted by Plaintiffs or members of the putative classes;

- the nature, source and quantity of any damages claimed by Plaintiffs or members of the putative classes;

- whether Plaintiffs' claims can be asserted on behalf of a nationwide or statewide classes, including whether Plaintiffs are adequate representatives of the putative classes, whether Plaintiffs' claims are common to those of the members of the putative classes, whether Plaintiffs' claims are typical to those of the members of the putative classes, whether any common issues predominate over individualized issues of fact, whether Plaintiffs' can prove damages on a classwide basis and whether injunctive relief is proper with respect to the class as a whole.

The parties reserve their rights to oppose requests for discovery on any of the subjects set forth above on all grounds permitted under the Federal Rules of Civil Procedure.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

The parties jointly propose one year of fact discovery from the date of this Report.   The parties further jointly propose three months of expert discovery following fact discovery.  The parties agree that such additional time will be needed due to the complexity of the issues involved in the case; the unusually large number of parties, claims, and defenses; the anticipated use of multiple experts by each side; and the anticipated number of witnesses, especially those who are out of state and

will require travel by counsel in order to be deposed.  The parties have submitted a jointly proposed scheduling order at the end of this report.  The parties' joint proposal includes a schedule for briefing a motion for class certification following the fact and expert discovery periods.

**11.** **Discovery Limitation and Discovery of Electronically Stored Information.**

    **a)** **What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed:**

The parties agree that each party shall be entitled to depose up to 15 witnesses. The parties further agree that Defendant is entitled to depose each of the named Plaintiffs and each side should be permitted to depose any expert disclosed by the other side, and these depositions of the named Plaintiffs and any experts will not count toward the 15-witness deposition limit.

    **b)** **Is any party seeking discovery of electronically stored information?**

   _X_    Yes       _____ No

**If "yes"**

        **1)** **The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

The parties agree to confer and work together to establish appropriate procedures and reasonable limitations on the source and scope of the production of electronically stored information.   The parties expect to submit to the Court a proposed ESI order that will address these issues.

> **2)   The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows: The parties will file a proposed ESI order.**

The parties expect to submit to the Court a proposed ESI order that will address these issues.

**In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.**

The parties anticipate reaching agreement and submitting a joint proposed order on ESI but will request a scheduling conference if they are unable to reach agreement on their own.

## 12.   Other Orders:

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

The parties anticipate that they will submit a joint Confidentiality Order to govern the production and treatment of confidential information and documents.   If

the parties cannot agree on the scope of such Confidentiality Order, the parties will submit competing orders to the Court with the disputed language highlighted for the Court's ease of consideration.

**13.   Settlement Potential:**

    **a)   Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference on November 9, 2021 and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.**

For Plaintiffs:

Martha A. Geer (signature):  */s/ Martha A. Geer*

Melissa R. Emert (signature):  */s/ Melissa R. Emert*

David J. Worley (signature):  */s/ David J. Worley*

For Defendant:

David C. Scott (signature):  */s/ David C. Scott*

Nicholas P. Panayotopoulos (signature):  */s/ Nicholas P. Panayotopoulos*

Jennifer A. Adler (signature):  */s/ Jennifer A. Adler*

    **b)   All parties were promptly informed of all offers of settlement and following discussion by counsel, it appears that there is now:**

(_____) A possibility of settlement before discovery.

( X ) A possibility of settlement after discovery.

(_____) A possibility of settlement, but a conference with the judge is needed.

(_____) No possibility of settlement.

**c)** **Counsel (__) do or ( X )  do  not  intend  to  hold  additional settlement conferences among themselves prior to the close of discovery.**

**d)** **The following specific problems have created a hindrance to settlement of this case.**

No specific hindrances to potential settlement have been identified at this time. The parties agree that discovery is necessary prior to settlement discussions.

**14.** **Trial by Magistrate Judge:**

**Note:  Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

**a)** The parties (___) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of this court this _____ day of _____, 2021.

**b)** The parties ( X   ) do not consent to having this case tried before a magistrate judge of this Court.

Dated: November 18, 2020

Respectfully submitted,

*/s/ Martha A. Geer*

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
Martha A. Geer (pro hac vice)
Patrick M. Wallace (pro hac vice)
Harper Segui Georgia Bar No. 096540
900 W. Morgan St. Raleigh, NC 27603
T: 919-600-5000
F: 919-600-5035
mgeer@milberg.com
pwallace@milberg.com
hsegui@milberg.com

**KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C**.
Melissa R. Emert (pro hac vice)
Gary S. Graifman (pro hac vice)
747 Chestnut Ridge Road Chestnut Ridge, New York 10977
Telephone: (845) 356-2570
Facsimile: (845) 356-4335
memert@kgglaw.com
ggraifman@kgglaw.com

**EVANGELISTA WORLEY, LLC**
David J. Worley
Ga. Bar No. 776665
500 Sugar Mill Road, Suite 245A
Atlanta, GA  30350
Phone: (404)205-8400
Fax: (404)205-8395
david@ewlawllc.com
jim@ewlawllc.com

**Counsel for Plaintiffs**

*/s/ David C. Scott*

**SCHIFF HARDIN LLP**
Joseph J. Krasovec III (pro hac vice)
David C. Scott (pro hac vice)
233 South Wacker Drive, Suite 7100
Chicago, Illinois 60606
Tel: (312) 258-5500
Fax: (312) 258-5600
jkrasovec@schiffhardin.com
dscott@schiffhardin.com

**WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC**
Nicholas P. Panayotopoulos
Georgia Bar No. 560679
Jennifer A. Adler
Georgia Bar No. 585635
3344 Peachtree Road, NE, Suite 2400
Atlanta, Georgia 30326
Tel: (404) 876-2700
Fax: (404) 875-9433
npanayo@wwhgd.com
jadler@wwhgd.com

**Counsel for Defendant**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### GAINESVILLE DIVISION

| | | |
|---|---|---|
| KELLIE CARDER et al., on behalf of themselves and all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION FILE NO. 2:20-cv-00137-LMM |
| GRACO CHILDREN'S PRODUCTS INC., | ) ) ) | |
| Defendant. | ) | |

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

| Event | Deadline |
|---|---|
| Answer | 10/19/2021 |
| Rule 26(a) Disclosures | 11/18/2021 (30 days after answer) |

| Event | Deadline |
|---|---|
| Discovery begins | 11/18/2021 (30 days after answer) |
| Last day to amend/add parties without leave of Court Day to Amend/Add Parties Without Leave of Court | 30 days after preliminary planning report |
| Close of fact Discovery | 11/18/2022 |
| Opening Expert Reports<br><br>[issues on which party bears burden of proof] | 30 days after the close of fact discovery |
| Responsive Expert Reports<br><br>[issues on which party does not bear burden of proof] | 45 days after Opening Expert Reports |
| Close of Expert Discovery | 30 days after Responsive Expert Reports |
| Motions for Summary Judgment and/or Motions for Class Certification, and Opening Briefs | 30 days after the close of expert discovery |
| Summary Judgment and/or Class Certification Responsive Briefs | 45 days after summary judgment opening briefs. |
| Summary Judgment and/or Class Certification Reply Briefs | 15 days after summary judgment responsive briefs |
| Hearing on Summary Judgment and/or Class Certification Motions | To be scheduled at convenience of the Court |
| Exchange Intended Trial Witnesses, Deposition Designations, Intended Trial Exhibits, and Proposed Jury Instructions | 60 days after last decision on all motions for summary judgment and/or class certification |

| Event | Deadline |
|---|---|
| Exchange Objections to Intended Trial Witnesses, Deposition Designations, and Intended Trial Exhibits, and Proposed Jury Instructions | 90 days after last decision on all motions for summary judgment and/or class certification |
| Joint Final Pretrial Order (including witness list, intended trial exhibits, deposition designations, and proposed jury instructions) | 120 days after last decision on all motions for summary judgment and/or class certification |
| Motions in Limine and Daubert Motions | 130 days after last decision on all motions for summary judgment and/or class certification |
| Oppositions to Motions in Limine and Daubert motions | 160 days after last decision on all motions for summary judgment and/or class certification |
| Final pre-trial conference | To be scheduled at convenience of the Court |
| Trial | To be scheduled at convenience of the Court |

IT IS SO ORDERED, this _____ day of _____, 2021.

_____

LEIGH MARTIN MAY, JUDGE
UNITED STATES DISTRICT COURT

## CERTIFICATE OF SERVICE

I hereby certify that on this day I served the above and foregoing JOINT PRELIMINARY PLANNING REPORT AND DISCOVERY PLAN on all parties by causing a true and correct copy to be filed with the court's electronic filing system, which should automatically send a copy to all counsel of record.

Dated: November 18, 2021    */s/ David J. Worley*
David J. Worley