# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| KELLIE CARDER et al., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GRACO CHILDREN'S PRODUCTS, INC.,<br><br>Defendant. | CIVIL ACTION FILE<br>No. 2:20-cv-00137-LMM |

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO EXCLUDE AND DAUBERT MOTION

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................... i

TABLE OF AUTHORITIES ............................................................................. ii

INTRODUCTION ............................................................................................. 1

ARGUMENT ..................................................................................................... 1

   1.   Dr. Sochor's and Dr. Plancich's irrelevant testimony should be excluded. .... 3

      A.   Dr. Sochor's Findings and Conclusions are Irrelevant and Should be Excluded. ......................................................................................................... 4

      B.   Dr. Plancich's opinions based on supply side factors should be excluded as irrelevant. ............................................................................................... 7

   2.   Dr. Plancich's Opinions with respect to Steven Gaskin's Report Should be Excluded as Dr. Plancich is Not a Conjoint Analysis Expert. ............................... 8

CONCLUSION ................................................................................................ 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Allison v. McGhan Med. Corp.*,
  184 F.3d 1300 (11th Cir. 1999) ......................................................................... 3, 7

*Braggs v. Dunn*,
  317 F.R.D. 634 (M.D. Ala. 2016) ........................................................................ 3

*Corwin v. Walt Disney Co.*,
  475 F.3d 1239 (11th Cir. 2007) .......................................................................... 2, 3

*D. H. Pace Company, Inc. v. Aaron Overhead Door Atlanta LLC*,
  526 F.Supp.3d 1360 (N.D. Ga. 2021) ................................................................. 5, 7

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
  509 U.S. 579 (1993) ....................................................................................... 1, 2, 3, 7

*Fair Fight Action, Inc. v. Raffensperger*,
  No. 1:18-cv-5391, 2020 WL 13561755 (N.D.Ga. Dec. 2, 2020) ......................... 3

*Fowler v. Gracas*,
  No. 1:20-cv-5059, 2022 WL 4596681 (N.D. Ga. Aug. 11, 2022) ....................... 2

*In re FCA US LLC Monostable Electronic Gearshift Litigation*,
  382 F. Supp. 3d 687 (E.D. Mich., 2019) ............................................................. 9, 10

*In re Toyota Motor Corp. Hybrid Brake Mktg., Sales Practices & Prods. Liab. Litig.*,
  2012 WL 4904412 (C.D. Cal. Sep. 20, 2012) ..................................................... 10

*Microsoft Corp. v. Motorola Mobility, Inc.*,
  904 F. Supp. 2d 1109 ........................................................................................... 10

*Quiet Tech. DC-8, Inc. v. Hurel-Dubois UK, Ltd.*,
  326 F.3d 1333 (11th Cir. 2003) .......................................................................... 7, 8

*Rink v. Cheminova, Inc.*,
   400 F.3d 1286 (11th Cir. 2005)................................................................................1

*Sanchez-Knutson v. Ford Motor Co.*,
   310 F.R.D. 529 (S.D. Fla. 2015)..............................................................................10

*U.S. v. Frazier*,
   387 F.3d 1244 (11th Cir. 2004)....................................................................... 2, 3, 8

*U.S. v. Rouco*,
   765 F.2d 983 (11th Cir. 1985)..................................................................................3

**Rules**

Fed. R. Evid. 403 ...........................................................................................................1, 4

Fed. R. Evid. 702 ................................................................................................ 1, 2, 8, 10

## INTRODUCTION

Plaintiffs move this Court, pursuant to Federal Rules of Evidence 403 and 702, to exclude the findings and conclusions of Defendant's expert Dr. Mark Sochor and testimony about same, and the opinions of Dr. Stephanie Plancich as to the use of "supply side" factors in conjoint analyses as irrelevant.

Plaintiffs further move to exclude pursuant to Federal Rules of Evidence 702 and *Daubert v. Merrel Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), the expert report and testimony of Dr. Stephanie Plancich related to Plaintiffs' expert Mr. Steven Gaskin's report, as Dr. Plancich is unqualified to render opinions and testimony regarding Plaintiffs' conjoint analysis and damages model. In support, Plaintiffs rely upon their Memorandum of Law in Support of this Motion and Exhibits and such other and further material as the Court may request and consider, including oral argument of counsel.

## ARGUMENT

The admissibility of expert testimony is governed by Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). *See Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1291–92 (11th Cir. 2005). The Rule states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's

> scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. The district court has the task of ensuring that an expert's proffered testimony "both rests on a reliable foundation and is relevant to the task at hand." *Daubert*, 509 U.S. at 597.

"Because Rule 702 permits a broader range of testimony, the Supreme Court has made clear that district courts must perform a critical 'gatekeeping' function concerning the admissibility of all expert testimony to ensure that an expert witness's testimony is not only relevant, but reliable." *Fowler v. Gracas*, No. 1:20-cv-5059, 2022 WL 4596681, at *3 (N.D. Ga. Aug. 11, 2022) (quoting *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004)). District courts are "charged with screening out experts . . . whose expertise is irrelevant to the issue at hand." *Id.* (quoting *Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1250 (11th Cir. 2007)).

The Eleventh Circuit "has developed 'a rigorous three part inquiry' to determine the admissibility of expert testimony under Rule 702, that considers whether":

> (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in

> Daubert; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

*Id.* (quoting *Frazier*, 387 F.3d at 1260).

### 1. Dr. Sochor's and Dr. Plancich's irrelevant testimony should be excluded.

For the third prong of the 702 inquiry, "helpfulness, 'the court must ensure that the proposed expert testimony is relevant to the task at hand, . . . i.e., that it logically advances a material aspect of the proposing party's case.'" *Braggs v. Dunn*, 317 F.R.D. 634, 644 (M.D. Ala. 2016) (quoting *Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1312 (11th Cir. 1999)). "Additionally, for expert evidence to be helpful to the finder of fact, it must offer insight 'beyond the understanding and experience of the average citizen.' " *Id.* (quoting *United States v. Rouco*, 765 F.2d 983, 995 (11th Cir. 1985)). *See also Fair Fight Action, Inc. v. Raffensperger*, No. 1:18-cv-5391, 2020 WL 13561755, at *4 (N.D.Ga. Dec. 2, 2020) (citing *Daubert*, 509 U.S. at 591) ("The expert may be qualified and the basis for the opinion may be reliable, but if the opinion is not necessary for resolving the issues in the case, then the opinion is not relevant and should not be admitted."). "The judge's role is to keep unreliable and irrelevant information from the jury because of its inability to assist in factual determinations, its potential to create confusion, and its lack of probative value." *Allison*, 184 F.3d at 1311–12.

If the Court finds that information proffered by an expert is indeed relevant, that information may still be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

**A. Dr. Sochor's Findings and Conclusions are Irrelevant and Should be Excluded.**

Dr. Sochor's findings and conclusions, and testimony related to those, should be excluded because they are irrelevant, will not assist the fact finder in making factual determinations, and will likely confuse the fact finder.

Dr. Sochor's findings and conclusions are as follows:



Ex. 77 at 13.

Graco's highback belt-positioning booster seats—and what they may or may not do—is not the issue in this case. While Graco's ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ is relevant, there is also no dispute that Graco did perform side-impact testing on its highback belt-positioning booster seats. However, the questions at the heart of this case are not addressed in any of Dr. Sochor's three findings and conclusions. The issues are: What was Graco actually testing when it side-impact tested its Booster Seats and did it conceal from consumers the fact that the testing conducted did *not* include testing the safety of children in Graco's booster seats in all side-impact collisions.

When "conclusory opinions" do not "directly address" the actual issue, the opinion "will not help the trier of fact assess" the actual issue. *D. H. Pace Company, Inc. v. Aaron Overhead Door Atlanta LLC*, 526 F.Supp.3d 1360, 1373-74 (N.D. Ga. 2021) (excluding testimony that did "not directly address the [issue of the] genericism of 'overhead door.' Accordingly, the Court f[ound] that [the expert]'s opinion will not help the trier of fact assess whether 'overhead door' is generic.").

Here, Dr. Sochor's first finding addresses ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ but does not tie that feature to the side-impact testing or, more importantly, to Graco's failure to disclose that its side-impact testing was not testing to determine whether its booster seats were providing side-impact protection in all

5

side-impact collisions. A fact finder could easily assume that if Dr. Sochor testified ████████████████████████████████████████████████████████████████ ████████████████████████████████████ A conclusion that the public also likely made from the advertising and a conclusion that would not be true.

Dr. Sochor's second finding ██████████████████████████████ which again misses the mark. Plaintiffs do not allege that ████████████ ████████████████, but that the marketing about the side-impact testing omitted material information, thus misleading consumers into believing that the testing showed that the booster seats did protect children from injury in side-impact collisions. Further, ██████████████████████████████████ ██████, as they do not address Graco's marketing choices. Graco is not required to advertise side-impact testing.

Lastly, Dr. Sochor's third finding ██████████████████████████ ████████████████████████████████████████████████████████ ██████████████████████████████████████. Ex. 77 at 13. Again, this conclusion is irrelevant—it has nothing to do with the marketing choices made by Graco in advertising "side-impact testing" while omitting that the testing did not test to ensure *the safety* of children in *all side-impact collisions*. He does not address the fact that Graco's testing was not assessing whether its booster seats were

6

providing children in Graco's booster seats ▮▮▮▮▮▮▮▮▮▮ in even just the most common side-impact collisions.

None of Dr. Sochor's findings and conclusions from the expert report directly address the issue of the omitted information in "side-impact tested" marketing, and so will not help the factfinder assess that issue. Therefore, his findings and conclusions are properly excluded. *See D. H. Pace Company, Inc.*, 526 F.Supp.3d at 1374; *Quiet Tech. DC-8, Inc. v. Hurel-Dubois UK, Ltd.*, 326 F.3d 1333, 1347 (11th Cir. 2003) (quoting *Daubert*, 509 U.S. at 591) ("Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful.").

Additionally, it should also be noted that Dr. Sochor's list of purported studies supporting his report include scores of studies having nothing to do with any subject involved in this case (or even his findings and conclusions), including, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Ex. 77 at 14-23.

### B. Dr. Plancich's opinions based on supply side factors should be excluded as irrelevant.

To be admissible, expert testimony must be helpful; irrelevant testimony is "non-helpful." *Quiet Tech.*, 326 F.3d at 1347 (quoting *Daubert*, 509 U.S. at 591); *Allison*, 184 F.3d at 1311-12 (court's gatekeeping role includes excluding irrelevant information). Dr. Plancich relied substantially on supply side factors both in her report and her testimony in arguing that Mr. Steven Gaskin's and Mr. Colin Weir's

7

analysis was flawed. Defendant, however, had objected to producing documents in response to Plaintiffs' Second Set of Requests for Production of Documents related to "supply side" factors on the grounds that they were "totally irrelevant to the claims or defenses in this action." Ex. 70 at 11-23. Therefore, as Defendant deemed information regarding "supply side" factors irrelevant and refused to produce any documents relating to supply side factors, Dr. Plancich's opinions based on supply side factors should be excluded.

## 2. Dr. Plancich's Opinions with respect to Steven Gaskin's Report Should be Excluded as Dr. Plancich is Not a Conjoint Analysis Expert.

As for the first prong of the Rule 702 inquiry, "the plain language of Rule 702 makes . . . clear: expert status may be based on 'knowledge, skill, *experience*, training, or education.'" *Frazier*, 387 F.3d at 1261 (quoting Fed. R. Evid. 702). That is not to say that "experience, standing alone, is a sufficient foundation rendering reliable *any* conceivable opinion the expert may express." *Id.* Indeed, "while an expert's overwhelming qualifications may bear on the reliability of his proffered testimony, they are by no means a guarantor of reliability. . . . [O]ur caselaw plainly establishes that one may be considered an expert but still offer unreliable testimony." *Quiet Tech.*, 326 F.3d at 1341-42.

To effectively gatekeep, the district court examines more deeply than "simply 'taking the expert's word for it.'" *Frazier*, 387 F.3d at 1261 (quoting Fed. R. Evid. 702 Advisory Committee's Note (2000 amends.)). If the experience held by the

8

expert does not match the subject on which they testify, then gatekeeping requires the exclusion of that testimony. *See In re FCA US LLC Monostable Electronic Gearshift Litigation*, 382 F. Supp. 3d 687, 694-96 (E.D. Mich., 2019) ("In this case, however, Dr. Strombom admits that he is not an expert in conjoint analysis and never has performed such a task . . . . Nothing in Dr. Strombom's report is pertinent to the task presented to Dr Hastings . . . . [and so] the Court will . . . exclude all testimony by Dr. Strombom that concerns criticisms of Dr. Hastings's conjoint analysis method or any of the assumptions employed by her for the purpose of postulating her survey design.").

Here, Dr. Plancich likewise should not be allowed to proffer an opinion on Steven Gaskin's conjoint analysis and damages model because she repeatedly testified, ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Ex. 62 at 26:8-20, 37:17-25, 38:19-39:7, 85:4-16, 91:3-19, 94:3-12.

Dr. Plancich does acknowledge ███████████████████████████, Ex. 62 at 29:18-30:13, and she █████████████████, Ex. 62 at 36:13-16. Still, despite having admittedly no expertise with conjoint analyses, Dr. Plancich testified ████████████████████████

9

████████████████████████████████. Ex. 62 at 54:8-55:23, 72:2-22, 101:1-103:22. This opinion contravenes decisions in numerous courts which have approved the conjoint analysis method for calculating class-wide damages. *See, e.g., Sanchez-Knutson v. Ford Motor Co.*, 310 F.R.D. 529, 539 (S.D. Fla. 2015); *In re Toyota Motor Corp. Hybrid Brake Mktg., Sales Practices & Prods. Liab. Litig.*, 2012 WL 4904412, at *3-4 (C.D. Cal. Sep. 20, 2012); *Microsoft Corp. v. Motorola Mobility, Inc.*, 904 F. Supp. 2d 1109. 1120 (W.D. Wash. 2012).

It is fundamental that any expert proffering an opinion on conjoint analysis must have experience designing, implementing, and studying conjoint analyses. Dr. Plancich wholly lacks such experience or training, ████████████████████████ ████████████████. Ex. 62 at 54:8-25, 55:24-57:13, 72:2-22, 80:7-80:22, 110:17-22, 125:1-126:18. As such, Dr. Plancich lacks the knowledge, skill, experience, and training required under Rule 702 to critique Steven Gaskin's conjoint analysis and damages model. Exclusion based on her admissions alone is proper. *See In re FCA US LLC*, 382 F.Supp.3d at 694-96.

Accordingly, Dr. Plancich's opinion in her report, and related testimony, criticizing the conjoint analysis proposed by Plaintiffs' expert, Steven Gaskin, should be excluded.

## **CONCLUSION**

Plaintiffs respectfully request that the Court grant their motion to exclude Dr. Sochor's irrelevant findings and conclusions and related testimony, Dr. Plancich's irrelevant supply side factor opinions in both her report and testimony, and Dr. Plancich's opinions regarding Plaintiffs' expert Steven Gaskin's conjoint analysis.

Dated: January 17, 2025  Respectfully Submitted,

*/s/ Martha A. Geer*
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
Martha A. Geer (pro hac vice)
Katharine R. Batchelor (pro hac vice)
900 West Morgan Street
Raleigh, North Carolina 27603
Tel.: 919-600-5000
mgeer@milberg.com
kbatchelor@milberg.com

**KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.**
Melissa R. Emert (pro hac vice)
Gary S. Graifman (pro hac vice)
747 Chestnut Ridge Road
Chestnut Ridge, New York 10977
Tel.: 845-356-2570
memert@kgglaw.com
ggraifman@kgglaw.com

**EVANGELISTA WORLEY, LLC**
*/s/ James M. Evangelista*
James M. Evangelista
Georgia Bar No. 707807
10 Glenlake Parkway
South Tower, Suite 130
Atlanta, Georgia 30328
Tel.: 404-205-8400
Jim@ewlawllc.com

**Attorneys for Plaintiffs and the Proposed Class**

## **CERTIFICATE OF COMPLIANCE**

I hereby certify, in compliance with Local Rule 5.1(C), that the foregoing has been prepared using 14 point Times New Roman font.

Dated:    January 17, 2025                By: */s/ James Evangelista*
                                                                James Evangelista

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which automatically sends email notification of filing to any attorneys of record.

Dated:    January 17, 2025                By: */s/ James Evangelista*
                                                                James Evangelista