# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| KELLIE CARDER, et al. individually, and on behalf of all others similarly situated,<br><br>                  Plaintiff,<br><br>v.<br><br>GRACO CHILDREN'S PRODUCTS, INC.,<br><br>                  Defendant. | Civil Action File No.:<br><br>2:20-CV-00137-LMM |

## DEFENDANT GRACO'S REPLY IN SUPPORT OF MOTION TO EXCLUDE TESTIMONY AND EXPERT REPORT OF LARRY SICHER

# TABLE OF CONTENTS

**Page**

INTRODUCTION ..................................................................................................... 1

ARGUMENT ............................................................................................................ 2

I.   Sicher's Opinions Are Irrelevant Because They Are Nothing More Than His Own Subjective Beliefs ...................................................... 2

II.   Sicher's Opinions are *Ipse Dixit* and Unreliable .............................. 5

III.   Sicher's Opinions are Unduly Prejudicial. ....................................... 12

CONCLUSION ....................................................................................................... 13

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Bostick v. State Farm Mut. Auto. Ins. Co.*,
   321 F.R.D. 414 (M.D. Fla. 2017) .................................................................................. 6

*Bostick v. State Farm Mut. Auto. Ins. Co.*,
   No. 8:16-cv-1400-T-33UAM, Pl.'s Resp. in Opp'n to Def.'s Mot. to
   Strike Pl.'s Expert, Steven Koontz', Ops. & Test., ECF No. 61
   (M.D. Fla. June 5, 2017) .............................................................................................. 7

*Diviero v. Uniroyal Goodrich Tire Co.*,
   114 F.3d 851 (9th Cir. 1997) ...................................................................................... 11

*Dominguez v. Lubbock*,
   No. CIV-11-1347-R, 2012 WL 9431886 (W.D. Okla. Sept. 21, 2012) ....................... 3

*FTC v. Fleetcor Techs., Inc.*,
   No. 1:19-CV-5727-AT, 2022 WL 3350066 (N.D. Ga. Aug. 9, 2022) ...................... 10

*Gen. Elec. Co. v. Joiner*,
   522 U.S. 136 (1997) ............................................................................................. 5, 10

*Hackett v. Procter & Gamble Co.*,
   No. 06cv2272, 2008 WL 4646049 (S.D. Cal. Oct. 17, 2008) ................................ 4, 5

*Kilgore v. Reckitt Benckiser, Inc.*,
   917 F. Supp. 2d 1288 (N.D. Ga. 2013) .................................................................. 8, 9

*LG Elecs., U.S.A., Inc., v. Whirlpool Corp.*,
   661 F. Supp. 2d 940 (N.D. Ill. 2009) .......................................................................... 4

*MidAmerica C2L Inc. v. Siemens Energy Inc.*,
   No. 20-11266, 2023 WL 2733512 (11th Cir. Mar. 31, 2023) .................................... 6

*Miller v. Gorski Wladyslaw Est.*,
   No. 05-189, 2006 WL 3533113 (W.D. La. Dec. 6, 2006) .......................................... 3

*In re Mirena IUD Prods. Liab. Litig.*,
   169 F. Supp. 3d 396 (S.D.N.Y. 2016) ................................................................. 8

*Moore v. P & G-Clairol, Inc.*,
   781 F. Supp. 2d 694 (N.D. Ill. 2011) .................................................................. 4

*O'Neal v. Norfolk S. R.R. Co.*,
   No. 5:16-CV-519 (MTT), 2018 WL 3341188 (M.D. Ga. July 6, 2018) ..................... 4

*Ollier v. Sweetwater Union High Sch. Dist.*,
   768 F.3d 843 (9th Cir. 2014) ............................................................................ 9

*Padula v. Carnival Corp.*,
   No. 16-23862-CIV, 2017 WL 7792714 (S.D. Fla. Oct. 13, 2017) ......................... 13

*Pro-Service Automative, LLC v. Lenan Corp.*,
   469 F.3d 1210 (8th Cir. 2006) ......................................................................... 11

*Smith v. Nexus RVs, LLC*,
   472 F. Supp. 3d 470 (N.D. Ind. 2020) ........................................................ 10, 11

*United States v. Frazier*,
   387 F.3d 1244 (11th Cir. 2004) ......................................................................... 6

**Other Authorities**

Federal Rule of Evidence 702 ................................................................................ 1

Federal Rule of Evidence 403 ................................................................................ 1

## **INTRODUCTION**

Plaintiffs' attempt to justify the relevance and reliability of Larry Sicher's testimony only highlights the fundamental shortcomings of his opinions. They concede his opinions are irrelevant because they do not address any issue relevant to Plaintiffs' claims. Plaintiffs further concede Sicher will not opine on consumer perception, so his opinion is irrelevant to any claim based on the Booster Seat label being misleading or deceptive. And Sicher does not opine that the Booster Seats were defective or unsafe, so his opinion is irrelevant to any omission claim, which requires a duty to disclose a hidden defect or unreasonable safety hazard. Plaintiffs' shifting, contradictory attempts to salvage their expert fail in the face of these fatal flaws.

Sicher's testimony fails the reliability standard mandated by Rule 702 and *Daubert*. Plaintiffs repeatedly invoke Sicher's engineering credentials, yet never identify any recognized methodology or scientific principles he employed to support his conclusions. Sicher's vague references to "safety" and "laws of physics" and superficial comparisons to studies that have nothing to do with the Booster Seats or the issues in this case offer no scientific rigor or objective foundation, rendering his testimony unreliable and inadmissible. Sicher's opinions therefore should be excluded under Rule 702 and Rule 403 of the Federal Rules of Evidence.

**ARGUMENT**

I. **Sicher's Opinions Are Irrelevant Because They Are Nothing More Than His Own Subjective Beliefs.**

Plaintiffs concede that Sicher "will not be testifying to a consumer's understanding of the 'Side Impact Tested' label" (Pls.' Opp. to Graco's Mot. to Exclude Sicher, ECF No. 217 ("Opp'n") at 10), thereby admitting that Sicher's opinions have no bearing on the core issue in this case.

Apparently recognizing this fatal flaw, Plaintiffs claim Sicher's testimony is necessary for the jury to understand what Graco "was actually testing, and what they were not testing." (Opp'n at 1.) However, this ignores the plain meaning of the label Graco put on its Booster Seats, which explicitly stated the product was "side impact tested for occupant retention with a standard vehicle lap/shoulder belt in high back booster mode." (Graco's Mot. to Exclude Sicher, ECF No. 172-1 at 9.) Sicher himself acknowledges that Graco conducted the tests it claimed to perform and that the Booster Seats uniformly passed those tests. (ECF No. 172-6, Sicher Tr. at 123:1-5.) And Plaintiffs identify no statement by Graco suggesting that its testing assessed the Booster Seats' performance against some "safety" criteria beyond occupant retention.

Instead, Sicher improperly injects his subjective views on testing he apparently thinks Graco should have performed, but then offers no testing methodology or means of assessing the results of that testing to determine whether

2

Graco's Booster Seats met his undefined "safety" standard. Sicher also assumes that the things he identifies as measuring safety (injury values and impact angles) are the exclusive determiners of "safety." This is wrong. Occupant retention, for example, is a crucial measure of safety. Stated differently, the Booster Seat is "safe" because the child is not ejected from the Booster Seat and is able to utilize the vehicle's seatbelt system to ride down the forces of the collision with the distribution of those forces over the bony structure of their body. (ECF No. 177-4, Sochor Rep. at 5-6, 9.) Sicher's expert testimony, disconnected from any verifiable, objective methodology, is precisely the type that Courts regularly throw out. *See, e.g.*, *Dominguez v. Lubbock*, No. CIV-11-1347-R, 2012 WL 9431886, at *2 (W.D. Okla. Sept. 21, 2012) ("Mr. Huff does not cite any specific facts or data on which his opinion that Plaintiff will have lost or has lost thirty percent (30%) of her work life expectancy if she does not receive retraining, nor does he explain the methodology or principles employed to reach that conclusion."); *Miller v. Gorski Wladyslaw Est.*, No. 05-189, 2006 WL 3533113, at *4 (W.D. La. Dec. 6, 2006) ("[A]ll that has been offered to the court in support of the reliability of these estimates is Dr. Henderson's own assurance that based on his experience with other patients, the estimates made … are reliable.")

In trying to manufacture some relevance of their expert's opinions, Plaintiffs offer conflicting statements about the purpose for which they offer Sicher. On one

3

hand, Plaintiffs claim Sicher's opinions are "offered as an evaluation of [Graco's testing protocols]." (Opp'n at 10.) Yet Plaintiffs also contend that Sicher "is not opining on the adequacy of Graco's testing." (Opp'n at 19.) This nonsensical approach is akin to claiming to evaluate a restaurant while insisting you are not judging the quality of its food. Of course, when "the proponent cannot articulate the relevancy of the expert's opinion, it certainly could not assist the jury and, therefore, is inadmissible." *O'Neal v. Norfolk S. R.R. Co.*, No. 5:16-CV-519 (MTT), 2018 WL 3341188, at *6 (M.D. Ga. July 6, 2018).

Plaintiffs then claim that Sicher "sets out to determine the meaning behind Graco's 'Side Impact Tested' statements." (Opp'n at 21.) But Sicher's own subjective interpretation of the "meaning behind" Graco's label is irrelevant. *See Moore v. P & G-Clairol, Inc.*, 781 F. Supp. 2d 694, 704 (N.D. Ill. 2011) (holding chemist could not opine as to consumers' perceptions of warning label because he had no background or training in psychology or consumer behavior); *LG Elecs., U.S.A., Inc., v. Whirlpool Corp.*, 661 F. Supp. 2d 940, 957 (N.D. Ill. 2009) (barring testimony of expert as to "the most compelling lay definition" of a scientific term because he had no experience in marketing or consumer behavior); *Hackett v. Procter & Gamble Co.*, No. 06cv2272, 2008 WL 4646049, at *2 (S.D. Cal. Oct. 17, 2008) (excluding proposed testimony of expert in research and development of hair dyes on consumer perception of advertising claims). By his own admission, Sicher has

4

no expertise in consumer perception and "expressly disclaims offering any opinions regarding a reasonable consumer's understanding of the 'side-impact tested' label." (ECF No. 172-6, Sicher Tr. at 19:19-25).

The central question in this case is whether Graco's labeling was misleading to a reasonable consumer—a question Sicher explicitly admits that he does not and cannot address. *Id.* Plaintiffs cannot salvage Sicher's testimony by now recasting it as something it is not. These shifting, contradictory justifications confirm that Sicher's opinions are irrelevant to the actual issues before this Court.

## II.     Sicher's Opinions are *Ipse Dixit* and Unreliable.

Sicher's opinions are not based on any reliable principles or methods; they are based only upon his own say-so. The Supreme Court is crystal-clear, however, that "[n]othing in *Daubert* or the Rules of Evidence requires a court to admit opinion evidence connected to existing data only by the *ipse dixit* of the expert." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997). Plaintiffs' opposition fails to identify any reliable basis for Sicher's opinions.

Plaintiffs assert Sicher "applie[d] his knowledge as a mechanical engineer" and "expertise of engineering methodologies" when evaluating Graco's specifications. (Opp'n at 13.) But what methodologies exactly? Sicher never identifies a single methodology he employed, nor does he ever explain how he applied any recognized engineering principle to reach his conclusions.  Of course,

5

"[w]hile experience may qualify a person as an expert," the Eleventh Circuit expressly warns that "the ipse dixit of an expert is simply not enough to establish reliability." *United States v. Frazier*, 387 F.3d 1244, 1284 (11th Cir. 2004).

Plaintiffs argue that Sicher's opinions are not *ipse dixit* because Sicher relies on the "laws of physics." Which laws of physics? How did Sicher apply them? What calculations did he perform? Those and other questions are left conspicuously unanswered. Sicher uses the word "physics" one time in his report; that lone reference states that "the movement of a child in a side-impact collision follows the Laws of Physics." (ECF No. 177-5, Sicher Rep. at 20; Opp'n at 14.) The Eleventh Circuit stresses that, just like Sicher here, "one may be considered an expert but still offer unreliable testimony." *MidAmerica C2L Inc. v. Siemens Energy Inc.*, No. 20-11266, 2023 WL 2733512, at *8 (11th Cir. Mar. 31, 2023). Sicher's vague invocation of the "laws of physics," devoid of any specific principles or scientific rigor, epitomizes *ipse dixit* testimony because it asks the Court to accept Sicher's conclusions merely because he claims engineering expertise.

Plaintiffs' citation to *Bostick v. State Farm Mut. Auto. Ins. Co.*, 321 F.R.D. 414 (M.D. Fla. 2017), further exposes the shortcomings in Sicher's testimony. That court accepted an engineering expert who "calculated values of impact speed, velocity, acceleration, transverse force, vertical force and external forces to show amount of forces and load acceleration" applicable to the plaintiff in a car crash.

6

*Bostick v. State Farm Mut. Auto. Ins. Co.*, Case No. 8:16-cv-1400-T-33UAM, Pl.'s Opp'n in Opp'n to Def.'s Mot. To Strike Pl.'s Expert, Steven Koontz', Ops. & Test., ECF No. 61 at 8 (M.D. Fla. June 5, 2017). The challenged expert applied these precise calculations to "help the jury understand the plaintiff's movements in accordance with the laws of physics." *Id.*

Sicher does nothing of the sort here. For example, regarding Specification No. 20.5.8-20, Sicher claims without any explanation that Graco's side-impact test at a 90-degree angle (as opposed to any other angle) did not test for safety because "a child's movement in a collision follows the laws of physics." (ECF No. 177-5, Sicher Rep. at 24.) As Sicher's argument goes, there will be more forward head movement in an 80-degree side-impact collision than in a 90-degree side-impact collision. But Sicher never opines how much more, what standard of "safety" the head excursion should be compared to, or whether the difference makes a material difference to that hypothetical standard. He cites no data or study that establishes that there is a material difference between side-impact testing run at 90 degrees versus any other angle. In fact, Sicher admits he has "not seen data as far as a HIC (head injury criteria) value to whether [head contact from an 80-degree test is] an injurious issue or not." (ECF No. 172-6, Sicher Tr. at 125:14-126:3.) The contrast between *Bostick's* expert (who employed verifiable scientific methods to generate

7

testable conclusions) and Sicher (who offers conclusory pronouncements without a hint of the scientific rigor) is stark.

Plaintiffs also misstate Graco's point that Sicher did not perform any independent testing in this case. (ECF No. 172-6, Sicher Tr. at 122:16-21.) Graco does not argue that this failure by itself renders Sicher's opinions unreliable (Opp'n at 13); rather, Graco demonstrates that Sicher's failure to conduct independent testing *combined with* his failure to identify or use any "objective" performance criteria renders his opinions unreliable. This distinction is critical. The issue is not merely the absence of independent testing, but rather the complete absence of any objective methodology to substantiate Sicher's opinions. When an expert criticizes testing protocols without providing an objective framework for that criticism, courts do not hesitate to exclude their opinions as unreliable under *Daubert*. *See, e.g., In re Mirena IUD Prods. Liab. Litig.*, 169 F. Supp. 3d 396, 440 (S.D.N.Y. 2016) expert's opinions "devoid of objective standards that can be tested by others").

Plaintiffs' citation to *Kilgore v. Reckitt Benckiser, Inc.*, 917 F. Supp. 2d 1288 (N.D. Ga. 2013) similarly backfires. That court found three articles established a reliable scientific basis for the challenged expert's claim that contamination in an electrical receptacle can cause a fire. *Id.* at 1295. Here, in contrast, Sicher cites no data or studies to substantiate his conclusions that Graco's testing protocols do not

8

test the Booster Seats for "safety" in side-impact collisions. Even if Sicher had cited some scientific evidence or data to support his opinion about Graco's side-impact testing, *Kilgore* still would be unhelpful because that court actually concluded that the three articles on their own "do not reliably establish the conditions necessary for [a fire] to occur," so "the Court must look closer at how [the expert] determined that it occurred." *Id.*

Moreover, Plaintiffs' reliance on Sicher's comparison of Sullivan's tests to Graco's tests borders on misleading. (Opp'n at 16-17.) The Sullivan paper involved a car seat with an internal five-point harness system—which is *not* utilized by the Booster Seats—that provides a meaningfully different restraint profile than a belt-positioning booster. (*See, e.g.*, ECF No. 177-3, Van Arsdell Rep. at ¶¶ 23-24.) Comparing these inherently different designs without clear criteria or metrics constitutes just the kind of subjective, unreliable testimony that courts consistently reject. *See, e.g., Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 861 (9th Cir. 2014) (holding evidence based on "personal opinions and speculation rather than on a systematic assessment" of the facts at hand is "inherently unreliable" and therefore inadmissible).

Finally, Plaintiffs' attempts to distinguish Graco's case law not only fail, they highlight Sicher's fatal methodological deficiencies. The experts in Graco's cases were excluded despite having some methodological foundation. Sicher has none.

9

Instead, Sicher opines that Graco's testing is inadequate based only on his own subjective, undefined standard of "safety," without any comparison to objective data.

Take *General Electric Co. v. Joiner*, 522 U.S. 136 (1997), for example. The Supreme Court affirmed the exclusion of the challenged experts in that case because their opinions were "connected to existing data only by the ipse dixit of the expert." *Id.* at 146. Likewise, in *FTC v. Fleetcor Technologies, Inc.*, No. 1:19-CV-5727-AT, 2022 WL 3350066 (N.D. Ga. Aug. 9, 2022), the expert actually conducted a survey, but the district court found that the expert's methodology was unreliable because the survey used underinclusive sample groups and outside facts. *Id.* at *8. Sicher does not even attempt this bare minimum. He offers no data, no standards, no benchmarks—just his say-so based on his purported experience that Graco's testing "did not test to determine whether a child would be safe in a side-impact collision." (ECF No. 177-5, Sicher Rep. at 24.) Notably, the court in *Fleetcor* rejected the same argument that Plaintiffs make here, holding an expert's reliance on "generalized past academic experience does not provide a link in the evidence to demonstrate how he came to his conclusion … in this case." 2022 WL 3350066 at *10. The same flaw plagues Sicher's opinions.

Sicher's opinions are more like those of the expert in *Smith v. Nexus RVs, LLC*, 472 F. Supp. 3d 470 (N.D. Ind. 2020). That expert opined the recreational

vehicle at issue was safe and there was adequate carrying capacity based on a cantilevering theory. *Id.* at 478. The court, however, found that the expert's method "isn't really a method at all; it is his say-so divorced from any factual basis or any validation that mirrors the method one, experienced as he may be in the field, would employ and has employed to measure the so-called cantilever effect in other recreational vehicles (just not this one)." *Id.* at 478-79. As Sicher did here, the expert in *Smith* "performed no testing, though he could, that would substantiate his opinion or assist the jury. That leaves the error rate to his theory unreliably high and fundamentally speculative." *Id.* at 479.

Plaintiffs try to distinguish the other case law cited by Graco because those cases involved "causation experts" while Sicher is not opining on causation. That argument misses the mark. In *Pro-Service Automative, LLC v. Lenan Corp.*, 469 F.3d 1210 (8th Cir. 2006), the court affirmed the exclusion of an engineering expert's opinion that, like here, was based merely on his subjective expertise when the expert "provided no testing or other engineering analysis to support his causation opinion." *Id.* at 1215. Likewise, in *Diviero v. Uniroyal Goodrich Tire Co.*, 114 F.3d 851 (9th Cir. 1997), the court agreed that the expert's opinions about alleged tire failure were "unsubstantiated and subjective and therefore unreliable and inadmissible." *Id.* at 853. These are exactly the same flaws that render Sicher's opinions "unreliable and inadmissible" here.

11

**III.   Sicher's Opinions are Unduly Prejudicial.**

To the extent Sicher's opinions have any probative value, it is outweighed by the significant prejudice Graco will face if his *ipse dixit* testimony is not excluded. Plaintiffs intend to have Sicher pronounce to the jury that Graco did not determine whether the Booster Seats were "safe" in a side-impact collision, despite the fact that Sicher can offer no definition of what "safe" even means in this context. Indeed, "safe" is an undefined, subjective threshold that Sicher imposes upon Graco's testing without defining the term in any objective way, so there is no meaningful way to evaluate his opinions to test if they are a reliable critique of Graco's testing. This is particularly prejudicial to Graco because Sicher does not—and cannot—opine that the Booster Seats are unsafe in a side-impact collision; he admits he "do[es not] have any data" on this and further concedes that opining on whether the Booster Seats were actually safe or not was "outside the scope" of what he was asked to do in this case. (ECF No. 172-6, Sicher Tr. at 143:23-144:8.)

Plaintiffs also attempt to impermissibly expand Sicher's opinions in their opposition when they claim Sicher opines that the asterisk on the side-impact logo headrest "was hidden on the backside of a Booster Seat wing, an area unlikely to be seen by customers." (Opp'n at 24.) But Sicher never offered any such opinion in his report. All Sicher says is the factual statement that the asterisk referred "the consumer to a label elsewhere on the Booster Seat referencing that the Booster Seat

12

had been 'side impact tested for occupant retention.'" (ECF No. 177-5, Sicher Rep. at 19.) Regardless, to the extent that Sicher does opine on the impact of the label's location, he is unqualified to do so. Sicher is an engineering expert, not a labeling, warnings, or human factors expert. He has no training or specialized knowledge in any area that might qualify him to opine whether label placement makes information "unlikely to be seen by customers." Plaintiffs should not be permitted to expand their purported expert's opinions to areas so clearly beyond his expertise. *See e.g.*, *Padula v. Carnival Corp.*, No. 16-23862-CIV, 2017 WL 7792714, at *5 (S.D. Fla. Oct. 13, 2017) (finding engineer was not "qualified to offer expert opinions regarding what Plaintiff, or some other reasonable person, would have seen and how they would have reacted to it.").

## CONCLUSION

For the foregoing reasons, Graco respectfully requests that Sicher's report and opinions be stricken, and that Sicher be excluded as an expert in this matter.

Dated: March 14, 2025         /s/ *Joseph J. Krasovec, III*

ARENTFOX SCHIFF LLP
Joseph J. Krasovec, III (pro hac vice)
Mir Y. Ali (pro hac vice)
Jeffrey Skinner (pro hac vice)
J. Maxwell Heckendorn (pro hac vice)
233 S. Wacker Drive, Suite 7100
Chicago, Illinois 60606
Telephone: (312) 258-5500

13

        joseph.krasovec@afslaw.com
        mir.ali@afslaw.com
        jeffrey.skinner@afslaw.com
        max.heckendorn@afslaw.com


        WEINBERG, WHEELER,
        HUDGINS, GUNN & DIAL, LLC
        Nicholas P. Panayotopoulos
        Georgia Bar No. 560679
        Jennifer A. Adler
        Georgia Bar No. 585635
        3344 Peachtree Road, NE, Suite 2400
        Atlanta, Georgia 30326
        Tel: (404) 876-2700
        Fax: (404) 875-9433
        npanayo@wwhgd.com
        jadler@wwhgd.com

        *Counsel for Defendant Graco Children's Products, Inc.*

## LOCAL RULE 7.1(D) CERTIFICATION

In compliance with Local Rule 7.1(D), the undersigned certifies that the foregoing submission to the Court is computer-processed, double-spaced between lines, and prepared with 13-point Book Antiqua font.

Respectfully submitted this 14th day of March 2025.

ARENTFOX SCHIFF LLP

*/s/ Mir Y. Ali*
Mir Y Ali

## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2025, I filed on the CM/ECF system the foregoing, and thereby served such filing via the Court's ECF Notification system to all attorneys of record in this matter.

*/s/ J. Maxwell Heckendorn*
J. Maxwell Heckendorn
One of Graco's Attorneys