UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| KELLIE CARDER, et al. individually, and on behalf of all others similarly situated,<br><br>                  Plaintiff,<br><br>  v.<br><br>GRACO CHILDREN'S PRODUCTS, INC.,<br><br>                  Defendant. | Civil Action File No.:<br><br>2:20-CV-00137-LMM |

**DEFENDANT GRACO'S REPLY IN SUPPORT OF
MOTION TO STRIKE REPLY REPORTS OF
PLAINTIFFS' EXPERTS COLIN WEIR AND STEVEN P. GASKIN**

## INTRODUCTION

Rule 26(e) is clear: supplemental expert reports are permitted *only* when the expert's initial report "is incomplete or incorrect" due to information that was not "made known … during the discovery process." The Rule also emphasizes that any supplemental report must be "timely." As explained in Graco's opening brief, Plaintiffs' tardy reply reports from their experts Colin Weir and Steven Gaskin plainly are replies to the opinions of Graco's experts, and so are barred under the Court's scheduling order. (ECF No. 144.) Nothing in Plaintiffs' opposition suggests otherwise.

First, the only "new" information Plaintiffs identify is the testimony of Dr. Melissa Pittaoulis and Dr. Stephanie Plancich at their depositions. Tellingly, however, Plaintiffs do not identify anything in that testimony that actually was new—nor could they have done so, as both of them testified based on the same discovery record available to Weir and Gaskin when they prepared their initial reports. The mere fact that Graco's experts were deposed cannot be the predicate to supplemental expert reports under Rule 26(e); to conclude otherwise would be to hold that reply reports are *always* permitted in any case where an expert gives a deposition, regardless of any scheduling order entered by the court.

Second, the reply reports are untimely because they were served at such a late date that Graco could not cross-examine Weir and Gaskin about the new

matters set forth in their reply reports. Plaintiffs do not and cannot dispute that Graco was substantially prejudiced by this dilatory conduct. Accordingly, the Weir and Gaskin reply reports should be stricken under Rule 37(c)(1).

Simply put, Plaintiffs cannot circumvent the Court's clear order disallowing reply expert reports merely by labeling the Weir and Gaskin reply reports as "supplemental" reports under Rule 26(e). For the reasons stated below and in Graco's opening brief, then, the Court should strike those reply reports.

## ARGUMENT

### I. The Weir And Gaskin Reply Reports Are Not "Supplemental" Reports Under Rule 26(e).

Plaintiffs' arguments boil down to the nonsensical claim that they should be free to disregard the Court's order rejecting their request for reply expert reports because they want to reply to the opinions that Graco's experts presented in their depositions. Plaintiffs admit that, "*after reviewing Dr. Pittaoulis' deposition transcript*, [Gaskin] prepared a Supplemental Report," while "Weir prepared a supplemental report *addressing primarily Dr. Plancich's deposition*." (Opp'n at 6 (emphasis added).) Tellingly, however, Plaintiffs do not identify a single opinion offered by Drs. Pittaoulis or Plancich that differ in the slightest from the opinions set forth in the four corners of their reports. Nor could they have done so, as both experts testified squarely within the confines of their written reports. Plaintiffs'

2

confessions about the purpose of Weir's and Gaskin's "supplemental" reports thus give up the game: they are reply reports, pure and simple.

Plaintiffs' eleventh-hour attempt to recast their reply expert reports as "supplemental" reports should be rejected out-of-hand. By its express terms, Rule 26(e)(1)(A) allows supplementation of expert reports *only* when the original report "is incomplete or correct" due to "additional or corrective information" that was not "made known … during the discovery process." Plaintiffs' reply expert reports here are based on no such newly discovered information. Indeed, Drs. Pittaoulis and Plancich issued their reports, and testified at deposition, based upon the exact same discovery record available when Weir and Gaskin issued their original reports. Tellingly, Plaintiffs fail to point to any fact unavailable when their experts issued their reports that might permit supplementation at this late date.

Plaintiffs' sudden complaint about Graco's objections to discovery seeking supply-side information is a red herring. (Opp'n at 11.) If Plaintiffs really believed those objections were improper, the time to challenge them was while discovery still was open. Plaintiffs' counsel, however, candidly admits that she concluded at the time "that no motion to compel was necessary." (ECF No. 224-1 at ¶ 4.) In any event, Dr. Plancich's opinions regarding Gaskin and Weir's failure to account for supply-side issues were based on her experience and the economic literature and documents relating to the car seat market that were produced by Graco. (*See*

3

ECF No. 212-4, Plancich Rep. ¶¶ 4(d), 15, 45, 50.) Her supply-side opinions therefore were based on the same discovery record available to Weir and Gaskin. (*See* Opp'n at 4.)

Plaintiffs also quibble with Graco's decision not to depose Weir because they apparently feel deprived of the opportunity for Weir to expand his opinions at deposition. (Opp'n at 6, 16.) This, too, is a *non sequitur*. Rule 26 requires experts to include all of their opinions in their written report. Fed. R. Civ. P. 26(a)(2)(B)(i); *Crawford v. ITW Food Equip. Group, LLC*, 977 F.3d 1331, 1341 (11th Cir. 2020). Graco thus was entitled to rely on Weir's original report as written, and there was nothing untoward in Graco's conclusion that deposing Weir on his opinions in that report was unnecessary. *Cf. Hubble v. Cnty. of Macomb*, No. 2:16-CV-13504, 2019 WL 1783043, at *6 (E.D. Mich. Apr. 23, 2019) ("The whole purpose of Rule 26's expert report requirement is to alleviate a party's need to depose an expert witness prior to trial.")

Lacking even one new fact uncovered after the close of fact discovery that might support Weir's and Gaskin's reply reports, Plaintiffs are left only with the deposition transcripts of Drs. Pittaoulis and Plancich. While Plaintiffs colorfully argue that "[i]t would be news to most lawyers that 'opinions' in an expert report and in a deposition do not constitute 'evidence'" permitting supplementation (Opp'n at 12-13), none of the cases Plaintiffs cite holds anything of the sort.

4

The only case upon which Plaintiffs rely that permits a supplemental report to respond to an opposing expert's deposition testimony is *Boyden v. Conlin*, 341 F. Supp. 3d 979 (W.D. Wis. 2018). That court declined to strike two supplemental expert reports with new opinions because they responded to "expansive deposition testimony" of a defense expert whose "report is quite thin and presents his opinions in a general manner without much detail," and because the defendants "rel[ied] heavily on this testimony" in their motion for summary judgment. *Id.* at 984-85. Here, in contrast, Drs. Pittaoulis and Plancich issued detailed reports setting forth all of their opinions and testified at deposition within the confines of those reports. (*See generally* Ex. 1, Plancich Dep. Tr. 20:1-12; Ex. 2, Pittaoulis Tr. 35:8-36:1.) Moreover, as Plaintiffs repeatedly concede, Graco did not rely on the opinions of Drs. Pittaoulis or Plancich in any of the briefing currently before the Court. (Opp'n at 15-16; Plfs.' Opp'n to Mot. To Exclude Gaskin at 4-9.) Plainly, then, this case is nothing like the situation in *Boyden*.[1]

The other cases that Plaintiffs cite are totally inapposite. *Deere & Co. v. FIMCO Inc.*, 260 F. Supp. 3d 830 (W.D. Ky. 2017) simply held that an expert may

---

[1] *Boyden* also declined to strike several other supplemental reports because "it is questionable whether supplementation was required at all" as to the issues in those reports, "[n]one of the[] opinions" in those reports "are new," and most of the opinions in those reports were "not material to the issues before the court" anyway. 341 F. Supp. 3d at 984.

supplement his report under Rule 26(e) by offering further *documentary* support for the opinions stated in the original report. *Id.* at 836-37 (700 pages from books and advertisements "which mostly contain pictures[] reflecting Deere's consistent use of green and yellow over many decades … does not … change [the expert's] earlier opinions or theories"). Similarly, the supplemental expert reports at issue in *Walker v. Yamaha Motor Co., Ltd.*, No. 6:13-cv-1546-Orl-37GJK, 2016 WL 7325525 (M.D. Fla. Jan. 20, 2016) did not offer any new opinions, but instead presented further citations and explanation supporting the experts' opinions in response to the other party's *Daubert* arguments based on the experts' deposition testimony. *Id.* at *2-4. *Roland Corp. v. inMusic Brands, Inc.*, No. 17-CV-22405-MORENO/LOUIS, 2022 WL 3154812 (S.D. Fla. Aug. 1, 2022), in turn, held that the challenged expert report was permissible under Rule 26(e) because it was issued "for the 'narrow purpose of correcting inaccuracies or adding information that was not available at the time of the initial reports'" due to the court's subsequent determination on a key matter in the case. *Id.* at *4. And *Miner v. Ogemaw County Road Commission*, 594 F. Supp. 3d 912 (E.D. Mich. 2022) did not involve Rule 26(e)(1)(A) at all; rather, the court in that case explicitly ordered the plaintiff "to supplement his disclosure of [his expert's] report," thereby permitting the untimely supplemental report under a different sub-part of Rule 26(e).

**II.     Graco Is Substantially Prejudiced By Weir's And Gaskin's Untimely Reply Reports.**

Tacitly admitting that their "supplemental" expert reports are in fact reply reports by another name, Plaintiffs also argue (Opp'n at 15-16, 18-19) that those reports should be permitted under Rule 37(c)(1).  That Rule "gives teeth to Rule 26(a) and (e)" and "provides that '[i]f a party fails to provide information … as required by Rule 26(a) or (e), the party is not allowed to use that information or evidence to supply evidence on a motion ..., unless the failure was substantially justified or is harmless.'"  *Hammonds v. Jackson*, No. 1:13-CV-711-MHS-WEJ, 2015 WL12867065, at *3 (N.D. Ga. Mar. 16, 2015) (quoting Rule 37(c)(1).  A "substantial justification" is one "'that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request,'" while a "failure to disclose is harmless 'when there is no prejudice to the party entitled to receive the disclosure.'"  *Id.* (quoting *Hewitt v. Liberty Mut. Group, Inc.*, 268 F.R.D. 681, 682, 683 (M.D. Fla. 2010)).  Plaintiffs make neither showing.

First, there is no "substantial justification."  The Court expressly rejected Plaintiffs' request for reply expert reports when it entered its scheduling order in this case.  (ECF Nos. 142, 144.)  Indeed, Plaintiffs concede as much.  (Opp'n at 8.)  The mere fact that Plaintiffs elected to depose Drs. Pittaoulis and Plancich did not somehow open the door to reply reports, especially given Plaintiffs' failure to identify *anything* in their deposition testimony that materially expanded the

7

opinions set forth in the four corners of their reports. Simply put, those depositions provide no justification, let alone "substantial justification," for Plaintiffs' attempt to circumvent the Court's order that the parties shall not be entitled to reply expert reports.

Second, Graco plainly faces significant prejudice if Plaintiffs' untimely reply expert reports are permitted. Weir's reply report drastically expands the scope of his opinions, containing entirely new opinions about Gaskin's conjoint survey and replies to Dr. Plancich's opinions by opining about how Plaintiffs supposedly accounted for supply-side considerations. Gaskin's reply report contains entirely new "expert opinions" about how he believes his survey is consistent with Plaintiffs' theory of liability and also responds to Dr. Pittaoulis's critiques of his conjoint survey.

There can be no genuine dispute that Graco had no opportunity to cross-examine Weir and Gaskin on the new matters set forth in their new reports. Gaskin's reply report was served after the close of business on the discovery cutoff (Opp'n at 17) but was *less untimely* than Weir's reply report, which was served after Graco filed its motion for summary judgment and *Daubert* motions. Nor did Plaintiffs offer any explanation for why they waited weeks (in the case of Gaskin) or months (in the case of Weir) after the depositions of Graco's experts before issuing reply expert reports. Plaintiffs' dilatory conduct in withholding those

8

reports until after the close of expert discovery exacerbated the prejudice to Graco. *See Metal Conversion Techs., LLC v. Environmental Integrity Co., LLC*, No. 4:14-CV-0163-HLM, 2016 WL 11409555, at *13 (N.D. Ga. Aug. 25, 2016) (permitting supplemental expert reports that "cover nothing that Defendants did not have an opportunity to discuss with [the expert] during his deposition").

In short, Rule 37 cannot save Plaintiffs here. None of the cases they cite is to the contrary. *Travelers Property Casualty Co. of America v. All-South Subcontractors, Inc.*, No. 17-0041-WS-B, 2018 WL 1787883 (S.D. Ala. Apr. 13, 2018), for instance, is inapposite. In support of its motion for summary judgment, the plaintiff in that case "magnifie[d] a sliver of [the defense expert's] deposition in which he was asked about a hypothetical." *Id.* at *9. In response, the defendant submitted an affidavit from its expert to "clarif[y] that in testifying" to the hypothetical, he "was assuming" certain things, and to explain that, since "those assumptions do not align with the facts" established by the discovery record, his original opinion remained unchanged by his deposition testimony. *Id.* Accordingly, the court declined to strike the affidavit under Rule 37(c). *Id.* at *10.

Similarly, in *Tampa Bay Water v. HDR Engineering, Inc.*, No. 8:08-cv-2446-T-27TBM, 2011 WL 3475548 (M.D. Fla. Aug. 9, 2011), the court declined to strike an untimely rebuttal expert report because it "was in substance merely a restatement of [the expert's] observations and opinions … timely expressed either by report or

9

at deposition." *Id.* at *3. Further, the challenging party failed to "demonstrate significant harm or any real surprise to merit" striking the report. *Id.* That situation obviously is far afield from what Graco faces here.

Strangely, despite spending many pages arguing that their reply expert reports should be permitted notwithstanding the Court's clear scheduling order, Plaintiffs all but concede that Weir's reply report is not even relevant to the determination of the parties' motions currently pending before the Court. (Opp'n at 15-16.) That improper reply report should be stricken for this independent reason, as well.

## CONCLUSION

For the foregoing reasons, Graco respectfully requests that the Court strike Weir's and Gaskin's reply reports.

Dated: March 19, 2025    /s/ *Jeffrey D. Skinner*

ARENTFOX SCHIFF LLP
Joseph J. Krasovec, III (pro hac vice)
Mir Y. Ali (pro hac vice)
Jeffrey D. Skinner (pro hac vice)
J. Maxwell Heckendorn (pro hac vice)
233 S. Wacker Drive, Suite 7100
Chicago, Illinois 60606
Telephone: (312) 258-5500
joseph.krasovec@afslaw.com
mir.ali@afslaw.com
jeffrey.skinner@afslaw.com
max.heckendorn@afslaw.com

WEINBERG, WHEELER,
HUDGINS, GUNN & DIAL, LLC
Nicholas P. Panayotopoulos
Georgia Bar No. 560679
Jennifer A. Adler
Georgia Bar No. 585635
3344 Peachtree Road, NE, Suite 2400
Atlanta, Georgia 30326
Tel: (404) 876-2700
Fax: (404) 875-9433
npanayo@wwhgd.com
jadler@wwhgd.com

*Counsel for Defendant Graco Children's Products, Inc.*

## **LOCAL RULE 7.1(D) CERTIFICATION**

In compliance with Local Rule 7.1(D), the undersigned certifies that the foregoing submission to the Court is computer-processed, double-spaced between lines, and prepared with 13-point Book Antiqua font.

Respectfully submitted this 19th day of March 2025.

                                              ARENTFOX SCHIFF LLP

                                              */s/ Jeffrey D. Skinner*
                                              Jeffrey D. Skinner

## CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2025, I filed on the CM/ECF system the foregoing, and thereby served such filing via the Court's ECF Notification system to all attorneys of record in this matter.

*/s/ J. Maxwell Heckendorn*
J. Maxwell Heckendorn
One of Graco's Attorneys
